UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2021 OCT -5 AM 11: 34

EON THOMPSON,

           Plaintiff,

-against-

CITY OF NEW YORK, BILL DE BLASIO, Individually and in his Official
Capacity as Mayor of New York City, CYNTHIA BRANN, Individually
and in her Official Capacity as Commissioner of Correction, VINCENT
SCHIRALDI, in his Official Capacity as Commissioner of Correction,
SERENA TOWNSEND, Individually and in her Official Capacity as
Deputy Commissioner of Investigations, CYNTHIA LINDBLOM,
Individually and in her Official Capacity as Deputy General Counsel,
PATRICIA LEGOFF, Individually and in her Official Capacity as Agency
Supervising Attorney, SHULAMIT NEUMAN, Individually and in her
Official Capacity as Agency Attorney, CLARENCE SMITH, JR.,
Individually and in his Official Capacity as Agency Attorney, DAMON R.
STORER, Individually and in his Official Capacity as Investigator,
AMAURYS URENA, Individually and in his Official Capacity as
Investigator, SHON BROWN, Individually and in his Official Capacity as
Assistant Deputy Warden,  KEVIN F. CASEY, Individually and in his
Official Capacity as City Administrative Law Judge, KARA J. MILLER,
Individually and in her Official Capacity as City Administrative Law Judge,
JOYCELYN MCGEACHY-KULS, Individually and in her Official
Capacity as City Administrative Law Judge, JONI KLETTER, Individually
and in her Official Capacity as Commissioner and Chief Administrative
Law Judge, OLGA STATZ, Individually and in her Official Capacity as
General Counsel, FRANK NG, Individually and in his Official Capacity as
Acting Deputy General Counsel, ANDREW ROWE, Union Attorney,
COREY GARCIA, Union Attorney, KOEHLER & ISAACS LLP, Union
Law Firm, ISAACS DEVASIA CASTRO & WEIN LLP, Union Law Firm,
and CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, INC.,
Union,

           Defendants.

21 CV 8202

**COMPLAINT**

Civil Action No.:
21-CV-
(   )(   )

**JURY TRIAL
DEMANDED**

Plaintiff, EON THOMPSON ("Plaintiff"), proceeding pro se in this action, alleges the following upon personal knowledge, except as to those allegations concerning Plaintiff which are alleged upon information and belief. The sources of Plaintiff's information and belief is based upon, among other things, Plaintiff's own investigation relating to his causes of action, his pursuit of the claims in question, and Plaintiff's personal experience of the claims in question. Plaintiff believes that further substantial evidentiary support will exist for the allegations after a reasonable opportunity for discovery.

**PRELIMINARY STATEMENT**

1.      This action arises out of the City of New York's policy, practice, and custom, of disciplining and imposing disciplinary penalties against its permanently appointed Competitive class Civil Service employees in violation of New York State Civil Service Law Section 75; depriving such employees of their federal constitutional right to procedural due process of law. Plaintiff is such an employee; and the City of New York, by said policy, practice, and custom, has deprived Plaintiff of his Fourteenth Amendment right to procedural due process of law.

2.      As stated, Plaintiff is such an employee and with property interest in continued employment holding his position as a New York City Correction Officer for the last fifteen years, with an employment record that is, and remains, clean as a whistle since his appointment to that position on June 29, 2006.

3.      Since his appointment and prior to the September 17, 2017 on-duty incident that led to Plaintiff's wrongful 55-day suspension from duty without pay, Plaintiff had not been accused of, nor had he committed any wrongdoing; and, he had not been charged with, or disciplined for, any misconduct —minor or serious, on or off duty, in 11 years of service with the New York City Department of Correction. And Plaintiff did not commit the misconduct of excessive use of force alleged against him in this action.

4.      Public employees enjoy constitutional protections in the workplace that private sector employees do not. The Fifth Amendment of the Federal Constitution provides protections against compelled self-incrimination, and against denials of due process in connection with discipline and discharge. As is well-settled, such protections are enforceable against

state and local governments by operation of the Fourteenth Amendment. As fully stated herein, Plaintiff did not have the benefit of those constitutional protections while employed by the City of New York, in its Department of Correction.

## NATURE OF THE CASE

5.     This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution.

## JURISDICTION AND VENUE

6.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction is invoked over state and local causes of action pursuant to 28 U.S.C. § 1367.

7.     Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action, occurred in this judicial district.

## PARTIES

8.     Plaintiff, EON THOMPSON (hereinafter, "Plaintiff" or "Mr. Thompson"), at all times relevant herein, was, and is, a New York City Correction Officer holding his position by permanent appointment in the competitive class of the classified Civil Service.

9.     Defendant, CITY OF NEW YORK ("City"), is a municipal corporation duly organized and doing business under the laws of the State of New York, with its principal office located at City Hall, New York, New York 10007.

10.    Defendant, BILL DE BLASIO ("de Blasio"), was, and is, the Mayor of New York City, and, as such, had the powers, responsibilities and duties of that office. He is sued in his individual and official capacity.

11.    Defendant, CYNTHIA BRANN ("Brann"), was the Commissioner of Correction, and, as such, had the powers, responsibilities and duties of that office. She is sued in her individual and official capacity.

12.    Defendant, VINCENT SCHIRALDI ("Schiraldi"), was, and is, the Commissioner of Correction, and, as such, had the powers, responsibilities and duties of that office. He is sued in his official capacity.[1]

13.    Defendant, SERENA TOWNSEND ("Townsend"), was, and is, Deputy Commissioner of Investigations of Defendant City's Department of Correction, and, as such, had the powers, responsibilities and duties of that office. She is sued in her individual and official capacity.

14.    Defendant, CYNTHIA LINDBLOM ("Lindblom"), was the Deputy General Counsel of Defendant City's Department of Correction, and, as such, had the responsibilities and duties of that position. She is sued in her individual and official capacity.

15.    Defendant, PATRICIA LEGOFF ("LeGoff"), was, and is, an Agency Supervising Attorney of Defendant City's Department of Correction, Trials and Litigation Division, and, as such, had the responsibilities and duties of that position. She is sued in her individual and official capacity.

---

[1] Upon information and belief, Schiraldi is successor to Brann, and he was appointed Commissioner of Correction by de Blasio on June 1, 2021; two weeks before the effective date (June 15, 2021) of Plaintiff's wrongful 55-day suspension from duty without pay.

16.     Defendant, SHULAMIT NEUMAN ("Neuman"), was, and is, an Agency Attorney of Defendant City's Department of Correction, and, as such, had the responsibilities and duties of that position. She is sued in her individual and official capacity.

17.     Defendant, CLARENCE SMITH, JR. ("Smith"), was an Agency Attorney of Defendant City's Department of Correction, and, as such, had the responsibilities and duties of that position. He is sued in his individual and official capacity.

18.     Defendant, DAMON R. STORER ("Storer"), was, and is, an Investigator of Defendant City's Department of Correction, and, as such, had the responsibilities and duties of that position. He is sued in his individual and official capacity.

19.     Defendant, AMAURYS URENA ("Urena"), was, and is, a Civilian Investigator of Defendant City's Department of Correction, and, as such, had the responsibilities and duties of that position. He is sued in his individual and official capacity.

20.     Defendant, SHON BROWN ("Brown"), was, and is, an Assistant Deputy Warden of Defendant City's Department of Correction, and, as such, had the responsibilities and duties of that position. He is sued in his individual and official capacity.

21.     Defendant, KEVIN F. CASEY ("Casey"), was, and is, an Administrative Law Judge with Defendant City's Office of Administrative Trials and Hearings, and, as such, had the powers, responsibilities and duties of that position. He is sued in his individual and official capacity.

22.     Defendant, KARA J. MILLER ("Miller"), was, and is, an Administrative Law Judge with Defendant City's Office of Administrative Trials and Hearings, and, as such, had the

powers, responsibilities and duties of that position. She is sued in her individual and official capacity.

23. Defendant, JOYCELYN MCGEACHY-KULS ("McGeachy-Kuls"), was, and is, an Administrative Law Judge with Defendant City's Office of Administrative Trials and Hearings, and, as such, had the powers, responsibilities and duties of that position. She is sued in her individual and official capacity.

24. Defendant, JONI KLETTER ("Kletter"), was, and is, the Commissioner and Chief Administrative Law Judge of Defendant City's Office of Administrative Trials and Hearings ("OATH"), and, as such, had the powers, responsibilities and duties of that office. She is sued in her individual and official capacity.

25. Defendant, OLGA STATZ ("Statz"), was the General Counsel of OATH, and, as such, had the responsibilities and duties of that position. She is sued in her individual and official capacity.

26. Defendant, FRANK NG ("Ng"), was the Acting Deputy General Counsel of OATH, and, as such, had the responsibilities and duties of that position. He is sued in his individual and official capacity.

27. Defendant, ANDREW ROWE ("Rowe"), was a union-retained lawyer assigned to represent Plaintiff, and, as such, had the responsibilities and duties to represent Plaintiff fairly and legally in the subject Civil Service Law Section 75 disciplinary hearing.

28. Defendant, COREY GARCIA ("Garcia"), was a union-retained lawyer assigned to represent Plaintiff, and, as such, had the responsibilities and duties to represent Plaintiff fairly and legally in the subject Civil Service Law Section 75 disciplinary hearing.

29.     Defendant, KOEHLER & ISAACS LLP ("Koehler & Isaacs"), was the union-retained law firm, and, as such, had the responsibilities and duties to represent Plaintiff fairly and legally in the subject Civil Service Law Section 75 disciplinary hearing.

30.     Defendant, ISAACS DEVASIA CASTRO & WEIN LLP ("IDCW"), is the successor to Koehler & Isaacs LLP, and, as such, had the responsibilities and duties to continue representing Plaintiff fairly and legally in the subject Civil Service Law Section 75 disciplinary hearing.

31.     Defendant, CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, INC. ("COBA"), was, and is, the employee labor organization certified to represent Plaintiff in Civil Service Law Section 75 disciplinary proceedings, and, as such, had the responsibilities and duties to represent Plaintiff fairly and legally in the subject Civil Service Law Section 75 disciplinary hearing.

## FACTUAL ALLEGATIONS

32.     Prior to June 2006, Plaintiff took and passed a New York City Civil Service Competitive class written examination to become a correction officer in the City's Department of Correction.

33.     Subsequently, and on June 29, 2006, the City appointed Plaintiff to the position of Correction Officer, in its Department of Correction (hereinafter, "DOC").

34.     Plaintiff's first assignment in DOC was to its Correction Academy. Where he successfully completed all of the City and State courses, certifications, and training requirements to become a correction officer and to obtain peace officer status.

35.     Plaintiff's training involved, *inter alia*, interpersonal communication skills for use in confrontational situations with an inmate or inmates on the job, to deescalate any threat or potential use-of-force incident before any physical force became necessary.

36.     After his assignment at the academy, Plaintiff was assigned from 10/15/06 - 12/20/09 to DOCs George Motchan Detention Center ("GMDC"), located on Rikers Island.

37.     From 12/21/09 to present, Plaintiff was, and is, assigned to the DOCs Manhattan Detention Complex (or, "MDC").

38.     Throughout his career, Plaintiff has always conducted himself with dignity and pride in his position, obeying all of the department's rules and policies to the best of his ability. As well as maintaining a very minimum use of the DOCs unlimited sick-leave policy for correction officers. *See* Plaintiff's Employee Performance Service Report, annexed hereto as Exhibit "A".

39.     Plaintiff took special care to monitor his work performance and to faithfully adhere to his professional responsibilities throughout his entire career, as is his character; and, in anticipation of advancing to the position and rank of correction captain one day.

40.     However, about one month after Plaintiff was wrongfully charged, the City announced a promotion exam for Correction Captain (Exam No. 9521); with applications being accepted from April 3, 2019 to April 23, 2019. But the false administrative charges and pending disposition rendered Plaintiff ineligible to take the promotion exam.

**The Use of Force (U3583/17) Incident**

41.     On September 17, 2017, Plaintiff was working the 1500 to 2331hrs. tour of duty in the Receiving Room (also known as the "Intake") of MDC. At approximately 8:25pm,

Plaintiff was instructed by the Intake Supervisor, Captain E. Cottman #1747, to move (or, escort) the inmate that is the subject of the DOC administrative disciplinary charges made against Plaintiff, inmate Niles (hereinafter, the "inmate"), from Intake Holding Pen #8 to Pen #7, because said inmate had moments earlier bent the iron plate cover that leads to the pipe chase (*see* PDF Images #1 and #2, annexed hereto as Exhibit "B"); and thereby created a dangerous and hazardous condition in holding Pen #8.

42. Additionally, the inmate tampered with the plumbing inside the pipe chase behind the iron plate covering and caused a flooding condition in holding Pen #8. (*Ref.* Ex. B, #2).

43. Correction Officer Williams #13621, observed the inmate committing the above noted infractions (¶¶ 41,42); and prepared a DOC Report and Notice of Infraction against the inmate, based on her observations. See Exhibit "C".

44. Captain Cottman observed the inmate as well, actually committing these infractions and wrote as much in her *use-of-force witness report*. See Exhibit "D".

45. On the order and direction of Captain Cottman, Plaintiff entered holding Pen #8 to escort the inmate out of that pen and into Pen #7 for the inmates own safety and, to secure the holding pen for maintenance staff to address and repair the damage to the pipe chase and water pipes that the inmate had caused.

46. Captain Cottman was Plaintiff's immediate supervisor on the scene of the incident, and her directions given to Plaintiff was in line with DOC's Use-of-Force policy: Directive #5006R-C; specifically, when the inmate refused her orders to exit Pen #8, Captain Cottman directed that Plaintiff and other correction officers escort the inmate from Pen #8 into Pen #7.

47.     This direction was squarely in line with Section IV (C) (1) of the directive, which reads in relevant part, "Whenever the use of force is anticipated and the inmate does not pose an immediate threat, a supervisor shall be notified. All actions shall be under his/her direction … ." *Id.* at pg. 2.

48.     Upon entering Pen #8, Officer Brown was already inside telling the inmate that he was being infracted for destruction of city property; while simultaneously placing the notice of infraction on the bench for the inmate to sign. Plaintiff immediately told the inmate that he had to move to Pen #7 because of the sharp point on the iron plate now protruding from the wall (*see* Ex. B #1), and because of the flooding condition in Pen #8 that he had caused.

49.     But the inmate would not comply with Officer Brown or Plaintiff and remained in a suspicious position on top of the bench, having his right hand (all the time while Plaintiff was giving him verbal orders) tucked partly away in his pants at the small of his back.

50.     It was not clear to Plaintiff if the inmate was concealing a razor blade or any other instrument that he could use as a weapon in his pants at the small of his back. But Plaintiff was alarmed that the inmate would not take his right hand out of his pants.

51.     Initially, Plaintiff hoped that the inmate would simply comply with the move instructions on the fact that there were now approximately six correction officers and two captains present at the scene, patiently waiting and conversing with him in an attempt to afford him the opportunity to leave Pen #8 on his own accord and volition.

52.     But things quickly changed when after the inmate was given even more time to comply with Plaintiff's verbal direction and instructions, he revolted and became violent

and assaultive against Plaintiff; just as Plaintiff and Officer Brown approached the inmate while he was still standing on *top of the bench* in Pen #8 (*Ref.* Ex. B #1).[2]

53.    As Plaintiff was mounting the bench, and with the inmate's back facing plaintiff and the inmate's right hand still partially tucked away in his pants at the small of his back, Plaintiff  placed his right hand on the right hand of the inmate in an attempt to secure the inmate's right hand.

54.    At the same time, Officer Brown was attempting to secure the inmates right hand. And so Plaintiff then placed his right hand on the inmates right shoulder from the back, while still mounting the bench with his left foot on the bench and his right foot still on the floor, and trying to maintain his balance climbing the bench but also maintaining readiness should the inmate become violent.

55.    The inmate did in fact revolt and become violent and would not yield his right hand to Officer Brown; instead, he turned abruptly against and now facing Plaintiff just as plaintiff was trying to grab the inmate's left hand, which was elevated above the inmate's head and on the plexiglass window, the inmate drew back his left hand with a closed fist to strike Plaintiff. But Officer Laguerre #12775 simultaneously grabbed the inmate's left arm by the forearm preventing his strike at Plaintiff. Plaintiff was at this same time in the struggle trying with his right hand to grab the inmate by the shirt near the inmate's collar, and for a spilt-second during the struggle at this point Plaintiff's open hand made contact with the inmate's neck area but at no time did Plaintiff compress the inmate's neck area.

---

[2] The entire use-of-force incident was captured on DOCs "Genetec" video surveillance system.

56.     The struggle continued on the bench with the inmate grabbing Plaintiff's right wrist with his left hand holding it tightly and violently pushing Plaintiff backward toward the sharp point of the iron plate cover that was protruding from the wall (*see* Ex. B #1) and onto the floor; as Officers Brown, Laguerre, Rutherford, and Gibbons wrestled with the inmate to subdue him.

57.     During this point in the struggle the inmate would not let go of Plaintiff's right wrist, even while the other officers were trying to gain control over him.

58.     All of the officers were thrust forward by the inmates violent push of Plaintiff off the bench, and all of the officers, along with the inmate, came alarmingly close to the sharp point of the iron plate cover that was protruding from the wall.

59.     Plaintiff was regaining his footing just as the inmate's grip of Plaintiff's right wrist was broken by the help of the other officers in the struggle who were pulling the inmate by the body and legs. But the inmate then immediately grabbed Plaintiff's left hand and tried to bring Plaintiff down. That's when Plaintiff motioned an elbow strike to the inmate in an attempt to break the inmate's hold of him, but Plaintiff withdrew his strike midway because the inmate's grip had broke as the other officers were gaining control in taking the inmate down to the floor.

60.     The inmate continued to resist while being taken down to the floor, writhing his body and legs, avoiding being hand cuffed and trying to prevent leg restraints from being applied to him.

61.     The inmate still would not produce his hands while on the floor facing down, tucking them under his body, and began threatening to bite Plaintiff as the officers were struggling to secure the inmates legs and hands.

62.     Plaintiff then momentarily held the inmates head to the floor of Pen #8 as the other officers struggled to apply the necessary mechanical restraints. At no time did the inmate exhibit any difficulty or distress in his breathing.

63.     Once the mechanical restraints were applied to the inmate, Plaintiff stopped holding the inmate's head to the floor.

64.     The inmate was brought to his feet by the other officers and immediately began yelling obscenities, and exhibited no distress in his breathing, as he was escorted into Pen #7, which is directly adjacent to Pen #8, terminating the incident.

65.     Once the inmate was secured in Pen #7, Plaintiff, the other officers, and Captain Cottman entered Pen #8 and examined the damage done to the iron plate and pipe chase, as well as the surrounding areas inside of Pen #8.

66.     Officer Brown removed the dangling iron plate completely from the wall with his hands, having no tools to assist him.[3]

67.     After the staff's brief inspection of the inside of Pen #8, we all exited the pen and Officer Brown closed the door to the pen securing it and ensuring that it was secured.

68.     But for Captain Cottman's prompt lawful order and directions to Plaintiff and the other officers to move the inmate from Pen #8 to Pen #7, the inmate could have

---

[3] This shows that the inmate could also have easily taken the iron plate cover off the wall and used it as a weapon against staff or another inmate.

completely removed the iron plate cover from the wall and used it as a weapon, or even injured himself on the sharp point of the iron plate that he had bent outward.

69.    After this incident, Plaintiff had no further contact with the inmate.

**The Investigation of the Use of Force Incident (U3583/17) by Captain A. Arias #790**

70.    But in accord with the DOCs Use of Force policy, Plaintiff was interviewed by the investigating supervisor, Captain A. Arias #790, on the day of the incident. And Plaintiff gave the captain his account of the details of the incident; and, Plaintiff also submitted a use-of-force report detailing his involvement in the use-of-force incident.

71.    Upon information and belief, Captain Arias also interviewed the other correction officers and captains that were involved in the incident.

72.    In addition, upon information and belief, Captain Arias #790 reviewed the DOCs Genetec video footage of the entire use-of-force incident. (*See infra,* Ex. F).

73.    And he also attempted to interview the inmate the same day of the incident but, upon information and belief, the inmate refused to give any statement, written or verbal. *See* DOC Inmate Voluntary Statement form, annexed hereto as Exhibit "E".

74.    The Genetec video is the DOCs 24-hour surveillance system which captured all activity inside of Pen #8, as well as all activity inside the whole of the Receiving Room; around the clock.

75.    In his Investigating Supervisor's Report, dated 9/30/2017, Captain Arias #790 concluded his investigation and wrote:

> Conclusion: Based on staff reports, medical report, and video footage (Intake-Group-Hold8-2 9/17/2017 20:30:53) a use of force did occur with inmate Niles, […]. Said inmate did not sustain any serious

injuries from the Use of Force. The UOF was in accordance with the Department of Correction (Use of force Directives 5006 R-C). I Captain Arias find force used was necessary to promote good order and safety of this institution while enforcing departmental rules. All staff reports are consistent. Subject inmate was infracted for refusing a direct order (120.11) and Destruction of DOC Property (107.12). Disposition- pending. This writer reviewed the video footage of the incident which is consistent with what was reported. Inmate has been transfered [*sic*] to BKDC.
Staff injuries: C.O. Thompson claims pain in his right shoulder.

*See* <u>Investigating Supervisor's Report</u>, annexed hereto as Exhibit "F".

76.     At this stage in the facility investigation of DOCs Use of Force incident (#U3583/17), Captain A. Arias #790 found that Plaintiff <u>did</u> <u>not</u> use excessive or impermissible force against the inmate.

77.     In accord with the Use of Force policy, Directive 5006R-C, the Tour Commander (who's rank is Assistant Deputy Warden) on duty the night of the use-of-force incident (A. Ruggiero #187) reviewed the Genetec video footage and Captain Arias's investigating supervisor's report of the use-of-force incident; and wrote in his "Tour Commander's Report, dated 10/2/2017, that he "concurs" with Captain Arias' findings and conclusions. *See* <u>Tour Commander's Report</u>, annexed hereto as Exhibit "G".

78.     At this stage in the investigation of DOCs Use of Force incident (#U3583/17), Assistant Deputy Warden and Tour Commander, A. Ruggiero #187, found that Plaintiff <u>did</u> <u>not</u> use excessive or impermissible force against the inmate. (Ex. G).

79.     In accord with DOCs Use of Force policy, David Dueno, the Facility Deputy Warden of Security, reviewed the Genetec video footage of the use-of-force incident, as well as

the Tour Commander's Report of the incident; and on 10/24/2017 he concurred with the Tour Commander's findings. (*See infra*, ¶ 81, Ex. H).

80.     At this stage in the investigation of DOC's Use of Force incident (#U3583/17), Deputy Warden of Security, David Dueno, found that Plaintiff <u>did</u> <u>not</u> use excessive or impermissible force against the inmate.

81.     In accord with DOCs Use of Force policy, Plaintiff's Warden and Commanding Officer, "Tony Durante," reviewed the entire use-of-force incident package, which included all associated reports, documents, physical evidence, medical reports and the Genetec video footage; and concluded in his <u>Intradepartmental Letter</u> to the DOC's Bureau Chief of Security, Brian Sullivan, dated 10/24/2017, that he concurred with *Deputy Warden Dueno* (¶ 79). *See* <u>Warden's Intradepartmental Letter</u>, annexed hereto as Exhibit "H".

82.     At this stage in the investigation of DOCs Use of Force incident (#U3583/17), the Warden and Plaintiff's Commanding Officer, Tony Durante, found that Plaintiff <u>did</u> <u>not</u> use excessive or impermissible force against the inmate.

83.     On September 17, 2017, Plaintiff did not use excessive or impermissible force against the inmate; this fact was established by Captain Arias' investigation (¶ 75) and, the multiple *reviews* by the higher ranking DOC Uniform supervisory members of service (which reviews concluded lest than 40 days) of the subject use-of-force incident; (*Ref.* ¶¶ 75-80).

**DOCs Disciplinary Policy (Directive #4257R-A) Requires Disciplinary Action be Initiated by a Uniform Supervisor Within 30 Days of the Incident Involved**

84.     According to DOC Directive #4257R-A, entitled "Command Discipline," any charges

of misconduct made against Plaintiff were required to be initiated within "thirty (30) days

of the incident involved." This was a duty owed to Plaintiff. *See* DOC Directive #4257R-

A, § VI (A) (1) (at pg. 10), annexed hereto as Exhibit "I".

**90 Days (or about 3 months) From the Use of Force Incident, Plaintiff had not been Charged by a Uniform Supervisor with any Misconduct pursuant to Directive #4257R-A**

85.     On December 17, 2017, approximately three months from the September 17, 2017

incident, DOC had not initiated any disciplinary action pursuant to Directive #4257R-A

against Plaintiff, for any alleged misconduct following the use-of-force incident that is

the subject of this action.

**180 Days (or about 6 months) From the Use of Force Incident, Plaintiff had not been Charged by a Uniform Supervisor with any Misconduct pursuant to Directive #4257R-A**

86.     On March 17, 2018, approximately six months from the September 17, 2017 incident,

DOC had not initiated any disciplinary action pursuant to Directive #4257R-A against

Plaintiff, for any alleged misconduct following the use-of-force incident that is the

subject of this action.

**270 Days (or about 9 months) From the Use of Force Incident, Plaintiff had not been Charged by a Uniform Supervisor with any Misconduct pursuant to Directive #4257R-A**

87.     On June 17, 2018, approximately nine months from the September 17, 2017 incident,

DOC had not initiated any disciplinary action pursuant to Directive #4257R-A against

Plaintiff, for any alleged misconduct following the use-of-force incident that is the

subject of this action.

**360 Days (or about 12 months) From the Use of Force Incident, Plaintiff had not been Charged by a Uniform Supervisor with any Misconduct pursuant to Directive #4257R-A**

88.     On September 17, 2018, approximately twelve months from the September 17, 2017 incident, DOC had not initiated any disciplinary action pursuant to Directive #4257R-A against Plaintiff, for any alleged misconduct following the use-of-force incident that is the subject of this action.

**450 Days (or about 15 months) From the Use of Force Incident, Plaintiff had not been Charged by a Uniform Supervisor with any Misconduct pursuant to Directive #4257R-A**

89.     On December 17, 2018, approximately fifteen months from the September 17, 2017 incident, DOC had not initiated any disciplinary action pursuant to Directive #4257R-A against Plaintiff, for any alleged misconduct following the use-of-force incident that is the subject of this action.

**510 Days (or about 17 months) From the Use of Force Incident, Plaintiff had not been Charged by a Uniform Supervisor with any Misconduct pursuant to Directive #4257R-A**

90.     On February 17, 2019, approximately seventeen months from the September 17, 2017 incident, DOC had not initiated any disciplinary action pursuant to Directive #4257R-A against Plaintiff, for any alleged misconduct following the use-of-force incident that is the subject of this action.

91.     The DOC had a duty to initiate any disciplinary action against Plaintiff in the manner prescribed in its directive #4257R-A; and DOC owed that duty to Plaintiff.

92.     For the whole seventeen months since the September 17, 2017 use-of-force incident, Plaintiff's employment record had been perfect. Plaintiff had no minor or serious administrative charges made against him by any DOC supervisor on the performance of

his duties, no complaints or accusations were made against him by any DOC inmate, in

or out of his charge; and Plaintiff only used three (3) sick days in that span of time; also,

Plaintiff was punctual and never late to duty or any assignment and, he had perfect

attendance. (*See* Ex. A)

**The Charges of Misconduct Preferred Against Plaintiff were Made by a Non-Managerial, Non-Uniform, Civilian DOC employee, in violation of DOC Policy, and with no other Legal Authorization to Prefer Charges against Plaintiff**

93.     On or about March 5, 2019, Plaintiff was administratively charged with misconduct

from the September 17, 2017 use-of-force incident.

94.     But the administrative disciplinary charges were not made by a supervisory Uniform

Member of Service as is required, pursuant to DOC Directive #4257R-A.

95.     Defendant Urena (¶ 19) wrongfully and fraudulently made the determination that

disciplinary charges be brought against Plaintiff; and, in fact, did wrongfully and

fraudulently draft and prefer the disciplinary charges against Plaintiff.[4]

96.     Afterward, Plaintiff was ordered to appear at OATH (*Ref.* ¶ 24) on May 1, 2019 for a

pre-trial conference in relation to the charges of misconduct.

97.     On May 1, 2019, upon information and belief, Defendant COBA (¶ 31) had assigned

Defendant Rowe (¶ 27) to represent Plaintiff at OATH.

98.     Plaintiff had never met Defendant Rowe before this meeting.

99.     During Defendant Rowe's interview of Plaintiff at OATH on May 1, 2019, Def. Rowe

did not seem interested in Plaintiff's defense statements about the incident, wherein

---

[4] This fact was discovered during the unauthorized Civil Service Law Section 75 disciplinary hearing at OATH on October 1, 2020, while Def. Urena was giving his testimony and, by documents made a part of the discovery package sent to Plaintiff's Representative at OATH.

Plaintiff exclaimed that he did nothing wrong in the incident. Nor did Def. Rowe answer Plaintiff's question on why was it that Plaintiff was charged with misconduct so far away from the incident.

100.    Defendant Rowe ignored Plaintiff's questions and concerns regarding the propriety in which DOC was processing the charges of misconduct against him.

101.    But Plaintiff pressed on and questioned Def. Rowe anyway about the written charges; telling Rowe that he never, "wrapped his hands around" the inmate's neck, and that he did not "drag the inmate to the ground"; as stated in the charges.

102.    Rowe's response was, "they have the video".

103.    But when Plaintiff asked if Rowe saw the "video," Rowe's response was, no.

104.    Defendant Rowe told Plaintiff that DOC's settlement offer of the disciplinary charges was for Plaintiff to forfeit forty (40) vacation days in lieu of a full Civil Service Law Section 75 disciplinary hearing.

105.    Or, forfeit some of Plaintiff's Compensation days (also called, "Comp. time") to satisfy the forty day offer; that is, if Plaintiff had any Comp. time on the books that could have been added with any balance of vacation days that Plaintiff may have had at the time.

106.    Moreover, correction officers only receive twenty-seven (27) vacation days per year, and then two of those days are automatically lost (or taken) for administrative reasons.

107.    So Plaintiff was dead set against this offer, and told Def. Rowe the same.

108.    At no time during the May 1, 2019 interview at OATH did Defendant Rowe afford Plaintiff an opportunity to view the DOC's video of the incident.

109.    At no time during the May 1, 2019 interview at OATH did Defendant Rowe show
        Plaintiff or go over with Plaintiff any discovery items that Rowe received from DOC.

110.    At no time during the May 1, 2019 interview at OATH did Defendant Rowe inform
        Plaintiff of Plaintiff's employment rights or any administrative or legal defenses to the
        DOC disciplinary charges.

111.    Defendant Rowe only advanced DOC's case during the interview, and advised
        Plaintiff to take the DOC settlement offer instead of having a full Civil Service Law
        Section 75 disciplinary hearing. Telling Plaintiff that if he goes to a hearing then he will
        likely be terminated based on the charges.

112.    Plaintiff refused Rowe's advances and advice, and insisted on having a full hearing.

113.    Rowe then left Plaintiff in the interview room and went to the back of the area on the
        12th Floor of 100 Church Street, at OATH's offices, into a large conference room with
        Defendants Smith and LeGoff, and other lawyers and an administrative law judge.

114.    After awhile, Rowe came back to Plaintiff and said that DOC would only accept
        thirty-five (35) vacation days to settle the disciplinary charges.

115.    Plaintiff rejected that offer as well.

116.    Rowe then presented Plaintiff with a written order, on Defendant Townsend's
        letterhead, to appear at OATH on 10-17-19, 10-21-19, and 10-24-19, 2019; for the Civil
        Service Law Section 75 disciplinary hearing to be conducted by OATH. *See* Notice,
        annexed hereto as Exhibit "J".

117.    Despite the written order to appear at OATH in October 2019, and on multiple days, Plaintiff was ordered in writing to appear at OATH on July 25, 2019 to a second *pre-trial conference*.[5]

118.    At the second pre-trial conference on July 25, 2019, Defendant COBA assigned Defendant Garcia (¶ 28) to represent Plaintiff in the Civil Service Law Section 75 disciplinary proceeding.

119.    However, Defendant Garcia was no different than Defendant Rowe in his approach to Plaintiff's case, as he did mostly the same things as Rowe.

120.    Plaintiff had never met Defendant Garcia before this day.

121.    Defendant Garcia did not inform Plaintiff of Plaintiff's employment rights in the disciplinary action.

122.    Defendant Garcia did not go over the DOC's disciplinary case against Plaintiff with Plaintiff, or examine any discovery items he had in his possession.

123.    And Defendant Garcia did not show Plaintiff the DOC video of the use-of-force incident.

124.    Defendant Garcia did not inform Plaintiff of any strategy that he intended to use in addressing the DOC's disciplinary case against Plaintiff. Or offer Plaintiff any reasonable options. And he did not go over the charges made against Plaintiff with Plaintiff.

---

[5] Some of the other officers involved in the use of force incident and Captain Cottman were present at each of the pre-trial conferences (May 1, 2019 and July 25, 2019). And they too were presented with settlement offers.

125.   Like Defendant Rowe, Defendant Garcia only discussed DOC's settlement offer. Which was now a forfeiture of twenty (20) vacation days in lieu of having a full Civil Service Law Section 75 disciplinary hearing.

126.   Plaintiff rejected this offer; and Defendant Garcia went out of the small interview room and into the *large conference room* in the back (¶ 113).

127.   After awhile, Garcia came back and told Plaintiff the interview was over and that Plaintiff could leave but just keep the original October dates (¶ 116) for the hearing.

128.   Plaintiff left out of OATH that day, July 25, 2019, bewildered at the way he was just treated by Defendant Garcia, and at the fact that he was even being charged with any policy violation more than thirty (30) days from the date of the incident, also at the fact Defendant COBA did nothing to intervene on his behalf or to enforce the collective bargaining agreement against DOC, and Plaintiff was just totally and utterly confused about the overall handling by the DOC attorneys of the whole pre-trial conference.

129.   It was clear to Plaintiff that Defs. Rowe and Garcia, and Def. COBA were working with Defendant City, Defendants Smith, LeGoff, and DOC against him, and not for him.

130.   There came a time after Plaintiff left the last pre-trial conference that a co-worker told him that he knew of someone that could help him in Plaintiff's disciplinary case.

131.   The co-worker explained how he and some of his colleagues used the services of Wayne & Angela Tatum, Sr., and that they were consultants in disciplinary cases.

132.   That co-worker then provided Plaintiff with the Tatum's business phone number.

133.   And on or about August 26, 2019, Plaintiff called the business number and spoke with Mr. Wayne Tatum, Sr.

134.     Mr. Tatum arranged a conference call for the following day.

135.     And on Aug. 27, 2019, Plaintiff called in to the conference call and was interviewed by Mr. & Mrs. Tatum. On that call, Plaintiff agreed to meet with the Tatum's that same day and make a partial payment toward the retainership fee agreed to over the phone; as well as to provide them with documentation relating to Plaintiff's disciplinary case.

136.     Subsequently, and on or about Monday, September 9, 2019, Plaintiff made his second and final payment for their services.

137.     And on Friday, September 13, 2019, Mr. Tatum filed a Notice of Appearance with OATH on Plaintiff's behalf, as Representative for Respondent;[6] in accordance with OATH's rules of practice. *See* Affidavit of Wayne Tatum, Sr. In Support of the Complaint (hereinafter, the "Tatum Affidavit"), annexed hereto as Exhibit "K".

**FOR A CONTINUATION OF THE STATEMENT OF FACTUAL ALLEGATIONS SEE THE TATUM AFFIDAVIT ANNEXED HERETO AS EXHIBIT "K"**

138.     OATH and DOC followed the City's policy, practice, and custom, as set forth in Mayoral Executive Order ("MEO") 32 of 1979. *See* MEO 32 of 1979 (available at https://www1.nyc.gov/assets/records/pdf/executive_orders/1979EO032.PDF. Last visited: October 4, 2021).

139.     On December 2, 2020, Defendant Casey released his Report and Recommendation; and then published the same on the world wide web without consent from Plaintiff. *See* Report and Recommendation; available at: http://archive.citylaw.org/wp-content/uploads/sites/17/oath/19_cases/19-2232.pdf. Last visited: October 4, 2021.

---

[6] Plaintiff in this action was "Respondent" in the Civil Service Law Section 75 disciplinary proceeding conducted by OATH.

140.   On June 15, 2021, Defendants Townsend, Lindblom, and Brown imposed the wrongful

penalty of suspension from duty without pay for a total of 55-days on Plaintiff. *See* <u>Notice of</u>

<u>Summary Suspension from Duty form</u>, annexed to the Compl. as Exhibit "JJ".

## CLAIM FOR RELIEF
### (Violation of Procedural Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. § 1983

141.   Plaintiff realleges and incorporates as though fully set forth herein, each and every

allegation contained above.

142.   By following MEO 32 of 1979 instead of Civil Service Law Section 75 in conducting a

Civil Service Law Section 75 disciplinary hearing in Plaintiff's wrongful disciplinary matter,

Defendants violated Plaintiff's right to procedural due process of law, secured by the

Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

143.   Defendants defamed Plaintiff's character by unlawfully publishing Defendant Casey's

illegal Report and Recommendation on the internet.

144.   Defendants engaged in such conduct intentionally, willfully, and in disregard of the rights

of Plaintiff.

145.   Plaintiff has suffered injury as a result of Defendants' illegal conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and that this Court:

a)   Enter judgment directing Defendant City cease and desist its policy, practice, and custom

of permitting OATH and its administrative law judges to conduct New York State Civil

Service Law Section 75 disciplinary hearings in direct violation of the procedural

provisions set forth in subdivision 2 of that law; and,

b) Enter judgment directing Defendant City cease and desist its policy, practice, and custom of permitting OATH and its administrative law judges to conduct New York State Civil Service Law Section 75 disciplinary hearings in direct violation of OATH's enabling legislation: City Charter Section 1048(1); and,

c) Enter judgment directing Defendant City cease and desist keeping persons appointed as OATH administrative law judges on the City payroll in that title beyond the legally fixed five-year term limit set forth in NYC Charter § 1049(1)(a); and,

d) Enter judgment declaring Mayor's Executive Order No. 32 of 1979 illegal, inoperable, *ultra vires,* insofar as the provisions (§ 2 (a), (b)) therein which directs, *inter alia,* city agencies, such as DOC, to delegate their authority to the Chief Administrative Law Judge, the authority to conduct Civil Service Law Section 75 disciplinary hearings, encroach upon the procedures set forth in subdivision 2 of Civil Service Law Section 75, and its procedural safeguards and protections; and violates New York City Charter Section 1048(1): (OATH's enabling legislation); and,

e) Enter judgment declaring OATH and Defendant Casey's conduct of Plaintiff's New York State Civil Service Law Section 75 disciplinary hearing illegal, *ultra vires*, null and void; and,

f) Enter judgment declaring each defendant attorney should be disciplined appropriately or disbarred from the practice of law if found by this Court to have committed the offenses alleged herein; and,

g) Enter a permanent injunction to prevent future violations of New York State Civil Service Law Section 75 by the Defendants; and,

h)  Enter a permanent injunction to prevent future violations of New York City Charter Section 1048(1): (OATH's enabling legislation); and,

i)  Enter a permanent injunction to prevent future violations of New York City Charter Section 1049(1)(a): (The City's Charter provision on OATH's fixed five-year term limit mandated on each and every appointment of an administrative law judge assigned to OATH); and,

j)  Award Plaintiff backpay and benefits; and,

k)  Award Plaintiff compensatory damages in the amount of one hundred thousand dollars ($100,000.00) for pain and suffering, lost wages, and lost of future salary; and

l)  Award Plaintiff exemplary damages in the amount of forty million dollars ($40,000.000.00); and,

m)  Award such relief against the Defendants as the Court finds necessary to redress injury to Plaintiff resulting from violations of law described above; and,

n)  Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 5, 2021
New York, New York

Respectfully submitted,

Eon Thompson

Eon Thompson
1811 Albany Ave
Brooklyn, New York 11210
(347) 825-8344
E-Mail: loveslave1551@yahoo.com

**TO:**   **DEFENDANT CITY OF NEW YORK**
**GEORGIA M. PESTANA**
Corporation Counsel
City of New York
100 Church Street -4th FLOOR
New York, New York 10007-2601
(212) 356-1000

**DEFENDANT CYNTHIA BRANN**
Commissioner of Correction
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT VINCENT SCHIRALDI**
Commissioner of Correction
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT SERENA TOWNSEND**
Deputy Commissioner of Investigations
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT CYNTHIA LINDBLOM**
Deputy General Counsel
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT PATRICIA LEGOFF**
Agency Supervising Attorney
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT SHULAMIT NEUMAN**
Agency Attorney
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT CLARENCE SMITH, JR.**
Agency Attorney
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT DAMON R. STORER**
Investigator
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT AMAURYS URENA**
Investigator
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT SHON BROWN**
Assistant Deputy Warden
New York City Department of Correction
Bulova Corporate Center
75-20 Astoria Blvd
East Elmhurst, NY 11370

**DEFENDANT KEVIN F. CASEY**
Administrative Law Judge
NYC Office of Administrative Trials and Hearings
100 Church Street, 12th FLOOR
New York, New York 10007

**DEFENDANT KARA J. MILLER**
Administrative Law Judge
NYC Office of Administrative Trials and Hearings
100 Church Street, 12th FLOOR
New York, New York 10007

**DEFENDANT JOYCELYN MCGEACHY-KULS**
Administrative Law Judge
NYC Office of Administrative Trials and Hearings
100 Church Street, 12th FLOOR
New York, New York 10007

**DEFENDANT JONI KLETTER**
Commissioner and Chief Administrative Law Judge
NYC Office of Administrative Trials and Hearings
100 Church Street, 12th FLOOR
New York, New York 10007

**DEFENDANT OLGA STATZ**
General Counsel
NYC Office of Administrative Trials and Hearings
100 Church Street, 12th FLOOR
New York, New York 10007

**DEFENDANT FRANK NG**
Acting Deputy General Counsel
NYC Office of Administrative Trials and Hearings
100 Church Street, 12th FLOOR
New York, New York 10007

**DEFENDANT ANDREW ROWE**
Koehler & Isaacs LLP
80 Broad Street, 5TH Floor
New York, New York 10004

**DEFENDANT COREY GARCIA**
Koehler & Isaacs LLP
80 Broad Street, 5TH Floor
New York, New York 10004

**DEFENDANT KOEHLER & ISAACS LLP**
Koehler & Isaacs LLP
80 Broad Street, 5TH Floor
New York, New York 10004

**DEFENDANT ISAACS DEVASIA CASTRO & WEIN LLP**
Isaacs Devasia Castro & Wein LLP
80 Broad Street, 5TH Floor
New York, New York 10004

**DEFENDANT CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, INC.**
Correction Officers' Benevolent Association, Inc.
77-10 21st Avenue
East Elmhurst, NY 11370

# Exhibit "A"

| EMPLOYEE PERFORMANCE SERVICE REPORT | | INSTRUCTIONS: Place an X in the box indicating reason for report. If any additional space is required to provide information, use an additional form and complete proper section. | |
|---|---|---|---|
| Form No. 22R | **Report Date** | ☐ Probation Evaluation | ☐ Chief of Department Request |
| Rev.: 06/01/05 | | ☐ Promotion Evaluation | ☐ Inspector General's Request |
| Ref: O/O #02/05 | **03/21/19** | ☐ Health Mgt. Division | ☒ OTHER: ADMINISTRATION |

**GENERAL INFORMATION**

**EMPLOYEE PERSONAL PROFILE INFORMATION**

| Last Name **THOMPSON** | First Name **EON** | M.I. ☒ | Rank/Title **C.O.** | Shield/I.D. No. **17852** |
|---|---|---|---|---|

| Provisional ☐ | Modified Duty ☐ | Present Assignment **MDC** | REFERENCE # ☒ |
|---|---|---|---|
| Probationary ☐ | MMR ☐ | | |
| Permanent ☒ | NPA ☐ | Date of Appointment **06/29/06** | Sex: ☒ MALE   ☐ FEMALE |

| Home Address · | Telephone No. |
|---|---|

**FIRM (S) INFORMATION** | **DEPARTMENTAL RECOGNITION**

| Make | Model | Serial No. | Type of Award | Date |
|---|---|---|---|---|
| | | | UNIT CITATION | 10/2/08 |

**LAST DATE OF QUALIFICATION: 7/28/15 VERIFIED**

**DEPARTMENTAL ASSIGNMENTS**

| Command | From | To | Command | From | To |
|---|---|---|---|---|---|
| ACADEMY | 06/29/06 | 10/14/06 | | | |
| GMDC | 10/15/06 | 12/20/09 | | | |
| MDC | 12/21/09 | PRESENT | | | |

**EDUCATIONAL HISTORY** | **SUPPLEMENTAL EDUCATION, TRAINING, SPECIAL SKILLS**

High School          Years | STANDARD ACADEMY TRAINING
College          4YRS          Credits
Major          Degree          BS
Post Graduate          Credits
POST GRADUATE
Major          Degree

**CORRECTIVE INTERVIEW**

**LIST ALL CORRECTIVE INTERVIEWS WITHIN THE LAST TWELVE (12) MONTHS OF THIS REPORT**

| Date of Interview | Reason for Interview |
|---|---|
| NONE | |

**COMMAND DISCIPLINE**

**LIST ALL COMMAND DISCIPLINES WITHIN THE LAST TWELVE (12) MONTHS OF THIS REPORT**

| Date | Violation | Date of Hearing | Disposition |
|---|---|---|---|
| NONE | | | |

**MEMORANDUM OF COMPLAINT**

**LIST ALL MEMORANDA OF COMPLAINT SINCE APPOINTMENT TO DEPARTMENT**

| Date | Violation | DISPOSITION |
|---|---|---|
| 09/17/17 | MOC #168/19  UOF EXCESSIVE | PENDING |
| 3/21/19 | VERIFIED WITH TRIALS & LITIGATIONS: N. COHEN, C.A. IV #48792 | |

**RECOMMENDATIONS / REMARKS**

| CHECK APPROPRIATE BOX IF REQUIRED | ☐ Do Not Recommend Promotion | ☐ Do Not Recommend Permanent Status |
|---|---|---|
| | ☐ Recommend Promotion | Recommend Permanent Status |

NONE

PREPARED BY: P. OLLEN, C.A. II #49156
REVIEWED BY: J. SCOTT #43099, PERSONNEL SUPERVISOR

Commanding Officer's Signature

Print Name
SHERMA DUNBAR, ACTING WARDEN, MANHATTAN DETENTION COMPLEX

| Employee's Name<br>THOMPSON, EON | | Rank/Title<br>C.O. | EMPLOYEE PERFORMANCE REPORT<br>PART B | | |
|---|---|---|---|---|---|

**CHRONIC ABSENT INFORMATION**

| Chronic Absent | ☐ Yes<br>☑ No | Date Placed in Chronic | | Steady Post ☐ Yes ☑ No | |
|---|---|---|---|---|---|
| | | Date Chronic Status Ends | | Steady Tour ☑ Yes ☐ No | 1500 X 2331 |
| Note any Sanctions | | | | Date of Assignment | . |

**SICK REPORT INFORMATION - List all absences due to illness within one (1) year of report**

| From | To | Total No. of Work Days | Reason | Type | Compensation |
|---|---|---|---|---|---|
| 06/24/18 | 06/25/18 | 01 | CODE #03 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**SICK REPORT- PROVIDE INFORMATION FOR EACH CALENDAR YEAR SINCE APPOINTMENT TO DEPARTMENT**

| CALENDAR YEAR | TOTAL NO. OF WORK DAYS | CALENDAR YEAR | TOTAL NO. OF WORK DAYS | CALENDAR YEAR | TOTAL NO. OF WORK DAYS |
|---|---|---|---|---|---|
| 2006 | 00 | 2015 | 00 | | |
| 2007 | 00 | 2016 | 01 | | |
| 2008 | 00 | 2017 | 03 | | |
| 2009 | 69 | 2018 | 03 | | |
| 2010 | 00 | 2019 | 00 YTD | | |
| 2011 | 00 | | | | |
| 2012 | 01 | | | | |
| 2013 | 00 | | | | |
| 2014 | 00 | | | | |

**ABSENT WITHOUT AUTHORIZATION - List all entire tour AWOLS for the past three (3) years**

| Date From | Date To | Date To | Date From | Date To | Date From |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |
| | | | | | |

**LATENESS REPORT - List all latenesses for the past three (3) years from the report date**

| Date | Total No. of Hours and Minutes | Date | Total No. of Hours and Minutes | Date | Total No. of Hours and Minutes |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*(Left margin vertical labels: ATTENDANCE RECORD / LATENESS RECORD)*

# Exhibit "B"



-INTAKE-GROUP-HOLD8-2 09/17/2017 20:30:53

Plaintiff's Exhibit - B
#1



| CITY OF NEW YORK CORRECTION DEPARTMENT |
|---|
| Manhattan Detention Complex |
| **Incident Photo** |

| Type of Incident: | UOF ☒  COD ☐  Other ☐ | Date & Time of Incident: 09/17/2017 20:32 |
|---|---|---|
| UOF #: 3583/17 - B | Incident Status: <u>Actual</u> | NYSID #: ▨ |
| First Name: ▨ | | Book & Case #: ▨ |
| Last Name: NILES | | Inmate ☒  Staff ☐  Other ☐ |



Photo Date:              09/17/2017
Photo Taken By:          Capt Alex Arias #790
Investigating Supervisor: Capt Alex Arias #790
Photo Description:       Other-Refusal



Photo Date:              09/17/2017
Photo Taken By:          Capt Alex Arias #790
Investigating Supervisor: Capt Alex Arias #790
Photo Description:       Other-Damaged Wall



Photo Date:              09/17/2017
Photo Taken By:          Capt Alex Arias #790
Investigating Supervisor: Capt Alex Arias #790
Photo Description:       Other-Damaged Wall



Photo Date:              09/17/2017
Photo Taken By:          Capt Alex Arias #790
Investigating Supervisor: Capt Alex Arias #790
Photo Description:       Other-Flood Floor



PRIVILEGED AND CONFIDENTIAL

Page 1 of 1

Plaintiff's Exhibit - B
#2

Exhibit "C"

5583/17

# CORRECTION DEPARTMENT
## CITY OF NEW YORK

### REPORT AND NOTICE OF INFRACTION

Form: 6500A
Rev. : 03/04/15
Ref. : Dir. #6500R-C

| Infraction #: | Institution: MDC | Date of Incident: 9/17/17 | Time Infraction Written: | Date of Report: 9/17/17 |
|---|---|---|---|---|

| Inmate Name (Last, First): Niles | B&C/ Sentence #: | NYSID #: |
|---|---|---|

| Location of Incident (be specific): Intake Pen 8 | Housing Area Location: Intake | Approximate Time of Incident: 2030 Hrs. |
|---|---|---|

| Charge # 107.12  100.11 | Offense Destruction of Property  Refusal to Obey a  Direct Order | Charge # 101-10 | Offense Assault and Fighting |
|---|---|---|---|

| Reporting Official (Print Name, Rank and Shield #): CO Williams # 13621 | Reporting Official (Signature): |
|---|---|

Details of Incident (include details as to How, When and Where Infraction was Committed):
On September 17, 2017 at approx. 2030 hrs, I CO ☒ Williams #13621
assigned to the Intake on the 1500x2331 tour overheard Capt. Cottman
#1747 give inmate Niles, ☒ 131096141M several verbal
commands to step out of Pen 8 because he was destroying DOC property
Inmate refuses all commands and refuses to comply and be handcuff
As CO Thompson goes to apply mechanical restraints to his hands, he
swung his arms making contact to Officer Thompson facial area.

You are entitled to a hearing for this infraction no sooner than twenty-four (24) hours after you are served with this notice. If you are a sentenced inmate and you commit an infraction within twenty-four (24) hours prior to your discharge, and have not reached your maximum sentence expiration date, you may be served with charges and held for a hearing. The Department will make every effort to hold this hearing within three (3) business days of the service of this notice. This three (3) business day period excludes the day you are served, weekends, holidays, days you go to court (whether in person or via teleconference), days you are hospitalized or at a hospital attending a clinic, days you leave the facility for an attorney interview, days you are unavailable because you are transferred to another facility and days you are unavailable due to your absence from the facility for any purpose. The three (3) business day period is automatically extended by one (1) business day if you are transferred to another facility prior to your hearing (unless you are a Pre-Hearing Detention Inmate). Commencement of a hearing after three (3) business days is at the discretion of the Adjudication Captain and is not barred by Department rules.

At your hearing you have the following rights:
1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.
2. Right to make statements. If you choose to remain silent, your silence cannot be used against you. If you make a statement, such statement cannot be used in a subsequent criminal trial unless you have been given a Miranda Warning and then voluntarily testify.
3. Right to present material evidence.
4. Right to present witnesses.
5. Right to the assistance of a Hearing Facilitator.
6. Right to an interpreter if you cannot communicate well enough in English.
7. Right to appeal.

Within twenty-four hours of the Adjudication Captain reaching a decision of guilty, you will receive a copy of the "NOTICE OF DISCIPLINARY HEARING DISPOSITION" form informing you of the violation(s) you are found guilty of, the basis for that finding, the evidence relied upon and the penalty to be imposed. The following penalties are the maximum which may be imposed individually or in any combination:
1. Reprimand.
2. Loss of privileges.
3. Loss of good time if you are a sentenced inmate.
4. Punitive segregation for up to thirty (30) days per each applicable individual charge.
5. Restitution for intentionally damaging or destroying City property.

A twenty five ($25) dollar disciplinary surcharge will be imposed on all inmates found guilty of a Grade I or Grade II offense.
You have the right to appeal an adverse decision rendered by the Adjudication Captain.

| Interpreter Requested: | ☐ Yes, include what language | ☒ No |
|---|---|---|
| Hearing Facilitator Requested: | ☐ Yes | ☒ No |
| Witness(es) Requested: | ☐ Yes (if yes, include witness(es) Name, Book and Case Number (if inmate) or Shield/ID (if staff) and Location (if inmate) or Post (if staff). | ☒ No |

| Witness (Print Name): | B&C Number: | Location: |
|---|---|---|
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | Shield/ID Number: | Post: |

| I certify that I received a copy of this notice: | Signature of Inmate: U.T.O. | Date: / / | Time: |
|---|---|---|---|

| Served by (Print Name, Rank and Shield #): | Signature of Server: |
|---|---|

| Refused to Sign for Notice: | ☐ Yes | ☐ No | Witnessed By: |
|---|---|---|---|

FACILITY COPY

3583/17

| CORRECTION DEPARTMENT CITY OF NEW YORK | ATTACHMENT A |
|---|---|
| REPORT AND NOTICE OF INFRACTION | Form: 6500A<br>Rev.: 0500APE<br>Ref.: Dir. #6500R-C |

| Infraction #: | Institution: M.D.C. | Date of Incident: 09/17/17 | Time Infraction Written: | Date of Report: 09/18/17 |
|---|---|---|---|---|
| Inmate Name (Last, First): Niles, ▮ | | B&C/ Sentence #: ▮ | NYSID #: ▮ | |
| Location of Incident (Be Specific): Intake Pen #8 | | Housing Area Location: Intake | Attendance Time In: ▮ Time Out: ▮ Hrs. | |

| Charge # | Offense | Charge # | Offense |
|---|---|---|---|
| 107.12 | Destruction of property | | |
| 120.11 | Refusal to obey direct orders | | |
| 109.10 | Physically resist staff members | | |

| Reporting Official (Print Name, Rank and Shield #): De. Williams #13621 | Reporting Official (Signature): |
|---|---|

**Details of Incident (Include details as to How, When and Where Infraction was Committed):**

On September 17, 2017 at approximately 2030 hours, I C.O. ▮ Williams #13621 assigned to the intake on the 1500x2331 hour tour observed inmate Niles, ▮ ▮ breaking the plumbing panel in intake pen #8 creating a flood. Captain Cottman #1747 gave inmate Niles, ▮ sever verbal direct commands to step out of that pen. The inmate did not comply, and stood on the bench. Inmate Niles, ▮ was ordered to place his hands behind his back to be handcuffed. Said inmate did not comply with handcuffing procedures. As. C.O. Thompson attempted to apply mechanical restraints, inmate Niles, ▮ swung his arms making contact with C.O. Thompson's facial area.

You are entitled to a hearing for this infraction no sooner than twenty-four (24) hours after you are served with this notice. If you are a sentenced inmate and you commit an infraction within twenty-four (24) hours prior to your discharge, and have not reached your maximum sentence expiration date, you may be served with charges and held for a hearing. The Department will make every effort to hold this hearing within three (3) business days of the service of this notice. This three (3) business day period excludes the day you are served, weekends, holidays, days you go to court (whether in person or via teleconference), days you are hospitalized or at a hospital attending a clinic, days you leave the facility for any purpose. The three (3) business day period is automatically extended the day if you are transferred to another facility prior to your hearing (unless you are a Pre-Hearing Detention inmate). Commencement of a hearing after three (3) business days is at the discretion of the Adjudication Captain and is not barred by Department rules.

At your hearing you have the following rights:

1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.
2. Right to make statements. If you choose to remain silent, your silence cannot be used against you. If you make a statement, such statement cannot be used in a subsequent criminal trial unless you have been given a Miranda Warning and then voluntarily testify.
3. Right to present material evidence.
4. Right to present witnesses.
5. Right to the assistance of a Hearing Facilitator.
6. Right to an interpreter if you cannot communicate well enough in English.
7. Right to appeal.

Within twenty-four hours of the Adjudication Captain reaching a decision of guilty, you will receive a copy of the "NOTICE OF DISCIPLINARY HEARING DISPOSITION" form informing you of the violation(s) you are found guilty of, the basis for that finding, the evidence relied upon and the penalty to be imposed. The following penalties are the maximum which may be imposed individually or in any combination:

1. Reprimand.
2. Loss of privileges.
3. Loss of good time if you are a sentenced inmate.
4. Punitive segregation for up to thirty (30) days per each applicable individual charge.
5. Restitution for intentionally damaging or destroying City property.

A twenty five ($25) dollar disciplinary surcharge will be imposed on all inmates found guilty of a Grade I or Grade II offense.
You have the right to appeal an adverse decision rendered by the Adjudication Captain.

| Interpreter Requested: | ☐ Yes (if yes, include what language) | ☑ No |
|---|---|---|
| Hearing Facilitator Requested: | ☐ Yes ☑ No | |
| Witness(es) Requested: | ☐ Yes (if yes, include witness(es) Name, Book and Case Number (if Inmate) or Shield/ID (if staff) and Location (if Inmate) or Post (if staff). | ☑ No |

| Witness (Print Name): | B&C Number: | Location: |
|---|---|---|
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | Shield/ID Number: | Post: |

| I certify that I received a copy of this notice: | Signature of Inmate: | Date: | Time: |
|---|---|---|---|
| Served By (Print Name, Rank and Shield #): | | Signature of Server: | |
| Refused to Sign for Notice: | ☐ Yes | ☐ No | Witnessed By: |

DISTRIBUTION:   (SINGLE SIDED) COPY - NOTICE TO INMATE        (DOUBLE SIDED WITH FORM 6500D) COPY TO FACILITY

3583/17

**CORRECTION DEPARTMENT
CITY OF NEW YORK**

ATTACHMENT
B

**INVESTIGATION REPORT**

Form: 6600B
Rev. 03/04/15
Ref.: Dir. #6600R-C

Please indicate which of the following items are part of the investigation:

| | |
|---|---|
| ☐ Injury to Inmate | ☐ Photos |
| ☑ UOF Reports | ☐ Drug Test Results |
| ☐ Red ID/Enhanced Restraints Placement | ☐ NIK Reports (IU) |
| ☐ PHD (Specify where below) | ☐ Witness Statements |
| ☐ Property Damage Report | ☐ Confidential Informant |
| ☐ Mental Health Clearances | |
| ☐ Other _____ | |

| Date Investigation Started: 09/22/17 | Date Investigation Concluded: 9/22/2017 | Infraction #: |
|---|---|---|

**INVESTIGATING OFFICIAL'S REPORT**

Investigating official's report shall include observations and conclusions of the physical and documentary evidence. Identify each item and/or document evaluated. If inmate was served more than three (3) business days after incident, state why. Attach 600AR if necessary. If results of investigation indicate that no disciplinary action is warranted, specify the reason(s) for not pursuing disciplinary action.

Based on eyewitness accounts of Captain Cottman #1747, Captain James #1827, Officer Williams #13621, Officer Brown #15505, Officer Laguerre #12755, Officer Rutherford #11048, and Officer Gibbons #4110 this investigation has revealed that on September 17, 2017 at approximately 2030 hours, in the main intake, Inmate Niles, ▮▮▮▮▮▮ was breaking the plumbing panel creating a flood in pen #8. Inmate Niles, ▮▮▮▮ was given a direct order to exit Intake pen #8. Inmate Niles ▮▮▮▮ refused to comply with the order given to him by Captain Cottman by moving back into the pen and standing on the bench.

As a result of subject inmate's actions a Use of Force occurred with DOC staff, Inmate Niles, ▮▮▮▮ has been transferred to BKDC.

In conclusion the charges pending are warranted for inmate Niles, ▮▮▮▮ and this writer recommends a hearing.

Statement of Inmate Charged:




Statement of Witness(es) - (if more witnesses, attach additional sheets)

| Witness Name (Last, First): | Rank/Title, Shield/ID (if staff) B&C#/Sentence# (if inmate): |
|---|---|

Statement (if none, state such):




| Witness Name (Last, First): | Rank/Title, Shield/ID (if staff) B&C#/Sentence# (if inmate): |
|---|---|

Statement (if none, state such):




| Was Inmate Mirandized in connection with this infraction? ☑ Yes ☐ No | Hearing Recommended? ☑ Yes ☐ No |
|---|---|
| Inmate transferred pending hearing? ☑ Yes ☐ No If Yes, Where? BKDC | If PHD, check ☐ Date: Time: |

| Investigating Official's Signature: ▮▮▮▮▮▮ | Investigating Official (Print Name, Rank and Shield #): ARSAN, Captain # 790 |
|---|---|

Exhibit "D"

CITY OF NEW YORK - CORRECTION DEPARTMENT   FORM #5006-A-1   Eff. : 01/31/2008

## USE OF FORCE WITNESS REPORT   PART A-1

INSTRUCTIONS:   PRINT ALL INFORMATION
To be completed by any member witnessing a use of force incident or personally in view of a use of force. Use attachments if additional space is needed and indicate Part and Information Section from each attached page.

**DID YOU USE FORCE AGAINST AN INMATE OR WERE YOU A WITNESS/PRESENT AT THE SCENE?**

☐ USED FORCE   ☑ WITNESS/PRESENT AT THE SCENE

If you used force, complete PART A, NOT this report.

| Facility: MDC | Report Date: 09/17/2017 | Incident Date: 09/17/2017 | Incident Time: 2030 | Facility Incident #: | COD Use of Force #: 358317 | COD Unusual # if any: |
|---|---|---|---|---|---|---|

| Location Where Incident Occurred: Intake | Post Assigned at Time of Incident: Intake Supervisor | Tour: 1500x2331 |
|---|---|---|

**1** Did any other inmates witness the incident?   ☐ YES  ☑ NO   If YES, list #:

| | Last Name | First Name | Book and Case or Sentence Number |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |

**2** Did you see force used against an inmate(s)?   ☑ YES  ☐ NO   If YES, state name(s) of inmate(s) against whom force was used:

| | Last Name | First Name | Book and Case or Sentence Number |
|---|---|---|---|
| 1 | Niles | ✖ | |
| 2 | | | |

**3** State the name(s) of any other staff involved in or present at the time of the incident:

| | Last Name | First Name | Rank | Shield Number | |
|---|---|---|---|---|---|
| 1 | | | | | ☐ Used Force  ☐ Was a Witness/Present |
| 2 | | | | | ☐ Used Force  ☐ Was a Witness/Present |
| 3 | | | | | ☐ Used Force  ☐ Was a Witness/Present |

**4** If you were present before the incident began, explain in detail the sequence of events leading up to the incident:

I Captain Cottman #1747 was doing a tour of area when I saw inmate Niles ▓▓▓ breaking the medal plate of the wall in pen #8. I Captain Cottman #1747 give a direct order for said inmate to stop damaging DOC property. When said inmate refused the direct orders I instructed Intake staff to move said inmate from pen #8 to pen # 7.

**5** Did you hear or see alternatives, such as verbal commands, attempted before force was used?   ☑ YES  ☐ NO   If YES, describe:

I Captain Cottman #1747 give several verbal commands to inmate Nile ▓▓▓ to come out of the pen # 8and move to pen #7.Inmate begin cursing and stating "I don't give a fuck  I not coming out of this pen,I Captain Cottman #1747 continue to give verbal commands for said inmate to come out of the pen.

**6** Describe the incident and the specific force used (including the actions of any staff involved in or present during the incident, including yourself):

On Sunday September 17,2017 at approximately 2030 hours I Captain Cottman#1747 assigned as Intake Supervisor on the 1500x2331 tour. I Captain Cottman # 1747 give numerous orders to inmate Niles ▓▓ to step out of the pen due to him destroying DOC property. Said inmate refused to step out of the pen and when C.O. E Thompson #17852 entered the pen to handcuff inmate Niles he became very aggressive and assaulted C.O. E Thompson#17852 by throwing several punches. This writer then give instructs to C.O Brown #15505 and C.O E Thompson #17852 to apply mechanical restraints when said inmate continue to become more aggressive at which time this writer order C.O Gibbons #4110 to assist with the take down of said inmate by applying control holds to said inmates legs with the assists of C.O Laguerre #12755,once control was gained and mechanical restraints was placed on legs and hands said inmate was assisted to his feet and escorted to pen # 7 without further incident.

Continued on Reverse Side



**8** [Continued]

**7** Identify the part(s) of the Inmate's body/bodies to which force was applied:

Force was applied to said inmate hands and feet.

| Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #) | Signature: |
|---|---|
| Cottman ☒ Captain #1747 | ☒ |

Exhibit "E"

**New York City Department of Correction**
**DEPARTMENT OF CORRECTIONS**
**Manhattan Detention Complex**
**125 White Street**
**New York, New York 10013**

## INMATE VOLUNTARY STATEMENT

Inmate's Name : _____ Niles, ✕✕✕  Date: 09 / 17 / 17

Book & Case #: ✕✕✕✕ _____

Date of Birth: ████████  Age: _____ ████████  Housing Area: intake

**I hereby acknowledge that the following written statement issued was made voluntarily of my own free will, without the promise or hope of reward, and without threat or fear of physical harm.**
Refused to give written or verbal statement.

Inmate's Signature : _____ Did not sign  Date: September 17, 2017

Witnessed by : _____ /Rias _____  _____ _____  Copen. C-290
Print Name                    Signature                    Rank

Exhibit "F"

3583/17

| CITY OF NEW YORK - CORRECTION DEPARTMENT | | FORM: #5006-B | Eff. : 01/31/2008 |
|---|---|---|---|
| **INVESTIGATING SUPERVISOR'S REPORT** | | | **PART B** |

INSTRUCTIONS: To be completed by the supervisor investigating the incident. Use attachments if additional space is needed and indicate Part and Information Section number on each additional page.  PRINT ALL INFORMATION

| Facility: | Report Date: | Incident Date: | Facility Incident #: | COD Use of Force #: | COD Unusual # if Any: |
|---|---|---|---|---|---|
| MDC | 9/30/2017 | 9/17/2017 | | 3583/17 | |

**1** List the inmates you interviewed and summarize their statements:

| Last Name | First Name | Book & Case/ Sentence Number | NYSID # | Housing Area |
|---|---|---|---|---|
| Niles | ✕ | ✕ | ✕ | Intake |

Summary  Inmate refused to give any statement.

| Last Name | First Name | Book & Case/ Sentence Number | NYSID # | Housing Area |
|---|---|---|---|---|
| | | | | |

Summary

| Last Name | First Name | Book & Case/ Sentence Number | NYSID # | Housing Area |
|---|---|---|---|---|
| | | | | |

Summary

**2** Were there any other inmate witnesses who were NOT interviewed : ☐ YES  ☑ NO    If YES, explain:

**3** List staff and other witnesses/participants other than the inmates who you interviewed and summarize their statements:

| Last Name | First Name | RANK | SHIELD # |
|---|---|---|---|
| Cottman | ✕ | Captain | 1747 |

Summary  Captain Cottman #1747 stated that inmate Niles, ✕✕✕ was destroying the plumbing panel and pipe in intake pen#8. She ordered him to stop, and exit the pen, but he refused.

| Last Name | First Name | RANK | SHIELD # |
|---|---|---|---|
| James | ✕ | Captain | 1827 |

Summary  Captain James #1827 stated inmate Niles refused direct orders to exit the pen, and staff had to use upper body control holds to secure inmate Niles.

| Last Name | First Name | RANK | SHIELD # |
|---|---|---|---|
| Thompson | Son | C.O. | 17852 |

Summary  C.O. Thompson #17852 stated he used upper body control holds to place handcuffs on the inmate and place him in a different pen for his safety.

**4** FINDINGS OF INVESTIGATION. State your conclusion as to the facts of the incident. State your conclusion as to the force used, including your review of medical data. State any alternatives which were used prior to the use of force. State your conclusion as to alternatives which should have been used, if any. State your findings as to the reason force was used. State and resolve, if possible, factual disputes between different versions of the incident given by different witnesses or participants:

Submitted herein is an investigative report detailing the Use of force which occurred in intake pen #8 in MDC on September 17, 2017 at approximately 2030 hours. This investigation was assigned to this writer, Captain ✕✕ Arias #790 by Assistant Deputy Warden ✕✕ Ruggiero #187.
The  information contained in this report including any findings or recommendations are based on the information given or made known to me when this report was written. I take no responsibility for any information either not known to me, falsely or incompletely reported at the time this report was written.

On September 17, 2017 at approx. 2030 hours in 0605 hours in MDC intake pen #3 Inmate Niles, ✕✕ ___ Adult Male, Non-Vop, Non-Red ID, Non-ICR, Class11) was observed damaging the metal plumbing panel door, and adjacent water pipes, creating a flood. Inmate Niles, ✕✕ was given several direct verbal commands from Captain Cottman #1747 to exit out of the pen. Inmate Niles did not comply. C.O. Thompson #1782, and C.O. Brown #15505 attempted to use escort holds on inmate Nile upper torso, but inmate Niles physically resisted by twisting his body and flailing his arms. C.O. Gibbons #4110, C.O. Rutherford #11040, C.O. Laguerre #12755, and C.O.D. Williams #13621 entered pen #8 to render assistance. Inmate Niles, ✕✕ was guided to the floor. Mechanical restraints were placed on said inmates hands and feet, while C.O. Thompson secured the inmates head on the floor. Inmate Niles was than escorted to pen #7 terminating the incident.

Continued on Reverse Side

**4** (Continued)

Inmate was seen in the main clinic by R.P.A. McCready who noted inmate had neck tenderness, swelling, to the side of the face temple area and left cheek. No bleeding, skin intact. No loss of consciousness. Follow up as needed.

Conclusion: Based on staff reports, medical report, and video footage (Intake-Group-Hold8-2 9/17/2017 20:30:53) a use of force did occur with inmate Niles, ✖ Said inmate did not sustain any serious injuries from the Use of Force. The UOF was in accordance with the Department of Correction (Use of force Directives 5006 R-C). I Captain Arias find force used was necessary to promote good order and safety of this institution while enforcing departmental rules. All staff reports are consistent.
Subject inmate was infracted for refusing a direct order (120.11) and Destruction of DOC Property (107.12). Disposition- pending.
This writer reviewed the video footage of the incident which is consistent with what was reported. Inmate has been transferred to BKDC.
Staff injuries: C.O. Thompson claims pain in his right shoulder.

| 5 | Do you find that the force used was necessary? ☑ YES ☐ NO   If YES, Force was: ☑ Appropriate ☐ Excessive |
|---|---|
| | Explain your findings |
| | To promote the good order and safety of the institution while enforcing departmental rules. |

| 6 | Do you find that the force was avoidable?   ☐ YES ☑ NO   Explain your reason: |
|---|---|
| | The inmate refused to leave a pen that he flooded, and damaged exposing sharp metal. |

| 7 | If applicable, recommendations: (Check One or More)   Explain: |
|---|---|
| | ☐ Commendation |
| | ☑ Discipline (i.e., M.O.C.) Supervisors complaint report written for C.O. Thompson. |

| 8 | Based on this incident, do you recommend any changes in Departmental policy and/or procedures?   ☐ YES ☑ NO   If Yes, explain: |
|---|---|

| 9 | Are injury to inmate reports attached? ☑ YES ☐ NO   If No, state the reason: |
|---|---|

| 10 | If staff/visitor claim injury, are medical reports attached? ☑ YES ☐ NO |
|---|---|

| Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #) | Signature: |
|---|---|
| Arias, ✖ Captain #790 | Captain # 790 |

Exhibit "G"

| CITY OF NEW YORK - DEPARTMENT OF CORRECTION | FORM #9008-C&D | Effective: 01/31/2008 |
|---|---|---|

## TOUR COMMANDER'S REPORT — PART C

| Facility: M.D.C. | Date of this Report: 10/02/17 | Incident Date: 09/17/17 | Facility Incident #: | COD Use of Force #: 3583/17 | COD Unusual # if any: N/A |
|---|---|---|---|---|---|

INSTRUCTIONS: This review shall be based on a full review of all underlying documentation in addition to the investigator's report. PRINT ALL INFORMATION

**1**  Was force necessary? ☒ YES ☐ NO   If YES, force was ☒ APPROPRIATE ☐ EXCESSIVE

**2**  Conclusion based on review:

Based on the data submitted this writer concurs with the investigative findings of Captain ▨ Arias #790. The force used by staff was necessary, appropriate and minimal. Hand held chemical agent (O.C.) – Oleoresin Capsicum – was not deployed because upper body holds were used to terminate this incident and prevented a potentially violent inmate from escalating this incident. The force is necessary and consistent with verbal and written reports and medical documentation. This incident is under video surveillance and reviewed by this writer.

**3**  Recommendation, if any:

To deter future physical resisting of staff in the lawful performance of their duties I recommend this inmate be given the appropriate penalty and he serve the punitive segregation days received due to this incident consecutively (not concurrent). To maintain the integrity of the Punitive Segregation system I further recommend this inmate serve his punitive segregation days without a time out.

Submitted By: (Print LAST NAME, FIRST NAME, RANK and SHIELD #)
Assistant Deputy Warden ▨ Ruggiero #187           Signature:

## FACILITY COMMANDER'S REPORT — PART D

INSTRUCTIONS: This review shall be based on a full review of all underlying documentation in addition to the investigator's report.

Conclusion and recommendation:

Signature of Commanding Officer:                           Date:

372

3583/17

Date: September 17 2017
To: Warden Tony Durante, MDC
From: ADW ████ Ruggero #187
Subject: UOF / control holds   Video: 210.2558 211.11
CC: ADW Enjoli Muncie at 2114 hours

Niles, ████████████ w/NovSRG NonICR,
Non Rel: D, NonVO, Classification 11, unhoused, NonE.RS.

Staff: Officer S: ████ Brown #15505 (8/8/07)
EON Thompson #17852 (6/29/06)
I ████ LaGuerre #12755 (1/4/16)
C ████ Rutherford #11048 (5/14/13)
████ Gibbons #4110 (8/8/15)
████ Williams #13621 (14/16)

On September 17 2017 at 2032 hours in
Main Intake Pen #8 inmate Niles was
instructed to leave the pen because he
pulled a metal plate from the wall causing cell
to flooding. Inmate refused to depart. Officers
Brown, Thompson and LaGuerre used upper body
holds and Officers Rutherford, Gibbons and
Williams used lower body holds to escort the
inmate from pen Eight to pen SEVEN. Terminating
the incident.   Investigator: Captain Abrahale 140.
Due: 10/2/17.

Injuries - Staff - None
Inmate - Swell to left
Side of face; sprain left knee.

**Exhibit "H"**



I. Martinez
Apolion

**NEW YORK CITY DEPARTMENT OF CORRECTION**
**Cynthia Brann, Commissioner**
**Tony Durante, Warden**
Manhattan Detention Complex
125 White Street
New York, NY 10013
212 • 225 •1400
Fax 718 • 225 •1315

**DATE:**    October 24, 2017

**TO:**      Brian Sullivan, Bureau Chief of Security

**FROM:**    Tony Durante, Warden, Manhattan Detention Complex

**SUBJECT:   UOF #3583/17**

The Deputy Warden has reviewed the subject unusual incident submitted by the Tour Commander and the following determination has been made.

(✓) Concurs with Tour Commander's findings.
(X) Videotape reviewed for this incident.
( ) No videotape for this incident.
( ) Concurs with Tour Commander's findings, but additional reports have been
    requested and will be forwarded to I.D.
( ) Does not concur with Tour Commander's finding.

**Remarks:**

David Dueno
Deputy Warden, Security

I have reviewed the attached unusual incident and;

(X) Concur with the Deputy Warden.
(X) Videotape reviewed for this incident.
( ) No videotape for this incident.
( ) Do not concur with the Deputy Warden.

Tony Durante
Warden, MDC

*Visit NEW YORK"S BOLDEST on the Web at: www.nyc.gov/boldest*

K1

# Exhibit "I"

416R



| EFFECTIVE DATE **12/22/05** | SUBJECT |  |
|---|---|---|
| CLASSIFICATION # **4257R-A** | **COMMAND DISCIPLINE** | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **10** OF **17** PAGES |

## VI. PROCEDURE (cont.)

A. Investigation

   1. Upon receiving Form #454 concerning a member of his or her command, which must be filed within thirty (30) days of the incident involved, the Hearing Officer shall:

   a. Determine if the alleged violation(s) is/are appropriate for Command Discipline according to the guidelines established in Section IV.

   1. If Command Discipline is inappropriate, the Hearing Officer shall prepare and sign a Memorandum of Complaint (Form #7502-AR), in accordance with the provisions of Directive #7502, "Disciplinary Process for Uniformed Personnel," dated 02/14/83.

   NOTE: If formal charges are to be preferred, Form #7502-AR, must be completed. Do not use Form #454 for this purpose. On Form #454, in Section #2, "Disposition by Hearing Officer," the Hearing Officer shall check the "NO" box under "Appropriate for CD?" and the "Referred M.O.C." box under "Determination."

   2. If Command Discipline is determined to be appropriate, the Hearing Officer shall:

   a. Cause the appropriate entries to be recorded in the Command Discipline log in accordance with Section VIII of this Directive.

   b. Investigate to determine if the allegation warrants a hearing.

   c. If the allegation does not warrant a hearing, the Hearing Officer's findings shall be entered in Section #2, "Disposition by Hearing Officer," of Form #454 and returned to the Supervisor who completed the form, with a copy to the member. The Command Discipline shall be entered into the Command Discipline log in accordance with Section VIII of this Directive. No record of the charges shall be maintained by the Department, except in the Command Discipline log as noted above.

Exhibit "J"



NEW YORK CITY DEPARTMENT OF CORRECTION
Cynthia Brann, Commissioner

Sarena Townsend, Deputy Commissioner
Investigation & Trials Division
75-20 Astoria Boulevard – Suite 310
East Elmhurst, NY 11370

718-546-0305
Fax 718-278-6526

**RESPONDENT OATH TRIAL NOTICE**

Date: 5-1-2019

Name of Designee
at Facility Responsible            SHERMAN DUNBAR
Facility:

The following member of the Department of Correction EON THOMPSON , is hereby ordered to appear at the Office of Administrative Trials and Hearings (OATH), located at **100 Church Street – 12ᵗʰ Floor, New York, New York 10007** as Respondent in the Matter of the New York City Department of Correction -v Correction _____ on (date) 10/17/19 + 10/21/19 +   at (time) __9:30 AM.__
10/24/19

As per Directive #2270, III (F):  Members of the uniformed force, except when on suspension or on authorized leave, shall wear the regulation class "A" uniform or <u>appropriate civilian business attire</u> when reporting as respondents at official Departmental disciplinary hearings, either at the Central Office or the Office of Administrative Trials and Hearings (OATH).

**RESPONDENTS ARE NOT PERMITTED TO BE ARMED AT OATH.  ALL FIREARMS MUST BE SECURED AT YOUR HOME OR FACILITY PRIOR TO ATTENDING ANY PROCEEDING AT OATH.**

You have the right to be represented by counsel at the formal hearing.  (Please Note: Union Legal Representation is available for Correction Officers by Koehler & Isaacs, L.L.P. at (917) 551-1300. Union Legal Representation is available for Captains by Frankie & Gentile at (516) 742-6590. Union Legal Representation is available for Deputy Wardens in Command, Deputy Wardens, and Assistant Deputy Wardens by George Okada Law Office at (917) 453-0405. If you intend to be represented, your attorney must file a notice of appearance with OATH and this office.  You must contact your union immediately to make arrangements for representation.  Please give your union and your attorney a copy of this letter. **(Please note that you are responsible for obtaining counsel sufficiently in advance of the hearing date so that the trial may proceed as scheduled.)**  Your failure to take the necessary steps to timely obtain counsel may result in you being required to represent yourself.

*Visit NEW YORK'S BOLDEST on the Web at: www.nyc.gov/boldest*

-2-                                                          **NOTICE TO RESPONDENT**

Adjournment requests must be made in advance of the hearings and only under extraordinary circumstances will they be granted. Under no circumstances will any adjournment be considered unless a notice of appearance has been filed by your attorney with OATH and the Office of Trials and Litigation.   Once the hearing begins it will continue on consecutive days until completed.   No intervening adjournments will be allowed except for weekends and legal holidays.  Please plan your schedules accordingly.

Please inform your attorney that any motions should be consolidated and addressed in writing to the Office of Administrative Trials and Hearings, located at **100 Church Street -12th Floor, New York, New York 10007** no less than one week prior to the date of the hearing.  The Office of Trials and Litigation should be served with one copy of all such motions.  Your attorney should contact the Office of Trials and Litigation if you wish to obtain discovery materials that may be available.

Failure to appear and/or failure to obtain counsel sufficiently in advance of the hearing date, so that the trial may proceed as scheduled, will result in further disciplinary action for a violation of Section #3.20.070 of the Rules and Regulations.

Attorney, Office of Investigation & Trials

Received By: _EON THOMPSON_____

Date Served: __5-1-19_____

Served By: __Graham Horn_____

Telephone Notification: _____ (Check if Applicable)

Date & Time Notified: _____ (If Telephone Notification)

------------------------------------------------------------------------------------------

Upon service of the notification, the Deputy Warden of Administration (or designee) shall fax the complete notification form to Administrative Manager Lisa Hawkins of the Office of Investigation & Trials at (718) 278-6526.

In the event that a timely notification is impossible, the Deputy Warden of Administration **SHALL IMMEDIATELY** notify Administrative Manager Lisa Hawkins of the Office of Investigation & Trials at (718) 546-0325.

cc:     Scheduling Unit, OATH

**Exhibit "K"**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

EON THOMPSON,

                Plaintiff,

    -against-

CITY OF NEW YORK, BILL DE BLASIO, Individually and in his
Official Capacity as Mayor of New York City, CYNTHIA BRANN,
Individually and in her Official Capacity as Commissioner of Correction,
VINCENT SCHIRALDI, in his Official Capacity as Commissioner of
Correction, SERENA TOWNSEND, Individually and in her Official
Capacity as Deputy Commissioner of Investigations, CYNTHIA
LINDBLOM, Individually and in her Official Capacity as Deputy General
Counsel, PATRICIA LEGOFF, Individually and in her Official Capacity
as Agency Supervising Attorney, SHULAMIT NEUMAN, Individually
and in her Official Capacity as Agency Attorney, CLARENCE SMITH,
JR., Individually and in his Official Capacity as Agency Attorney,
DAMON R. STORER, Individually and in his Official Capacity as
Investigator, AMAURYS URENA, Individually and in his Official
Capacity as Investigator, SHON BROWN, Individually and in his Official
Capacity as Assistant Deputy Warden,  KEVIN F. CASEY, Individually
and in his Official Capacity as City Administrative Law Judge, KARA J.
MILLER, Individually and in her Official Capacity as City Administrative
Law Judge, JOYCELYN MCGEACHY-KULS, Individually and in her
Official Capacity as City Administrative Law Judge, JONI KLETTER,
Individually and in her Official Capacity as Commissioner and Chief
Administrative Law Judge, OLGA STATZ, Individually and in her
Official Capacity as General Counsel, FRANK NG, Individually and in
his Official Capacity as Acting Deputy General Counsel, ANDREW
ROWE, Union Attorney, COREY GARCIA, Union Attorney, KOEHLER
& ISAACS LLP, Union Law Firm, ISAACS DEVASIA CASTRO &
WEIN LLP, Union Law Firm, and CORRECTION OFFICERS'
BENEVOLENT ASSOCIATION, INC., Union,

                Defendants.

**AFFIDAVIT OF
WAYNE TATUM,
SR. IN SUPPORT
OF THE
COMPLAINT**

Civil Action No.:
21-CV-
(    )(    )

STATE OF NEW YORK   )
                            )     SS.:
COUNTY OF NEW YORK)

      **WAYNE TATUM, SR.,** declare and say, under penalty of perjury that the foregoing is true and correct:

1.     On August 26, 2019, Mr. Thompson contacted me and my wife and represented on that phone call that he had been referred to us by his co-worker, and that he wanted to hire us to represent him in his then, upcoming, Civil Service Law Section 75 disciplinary hearing.

2.     On September 9, 2019, I, along with my wife Angela Tatum, was hired by the Plaintiff to represent him in a Civil Service Law Section 75 disciplinary hearing that was scheduled to be conducted at the City's Office of Administrative Trials and Hearings; (hereinafter, "OATH"). Mr. Thompson and I then signed a retainership to that effect.

3.     From the above date of signing the retainership to the end of the Civil Service Law Section 75 disciplinary hearing involving Mr. Thompson, and the serving by Mr. Thompson of the 55-day suspension from duty without pay penalty that was imposed on him by DOC, our handling of Mr. Thompson's disciplinary case lasted twenty-three (23) months.

4.     On Friday, September 13, 2019, and after gathering additional information from Mr. Thompson, I filed a <u>Notice of Appearance</u> with OATH. *See* <u>Notice of Appearance</u>, annexed to the Complaint as Exhibit "L".

5.     I then telephoned Plaintiff's employer, the New York City Department of Correction, (hereinafter, "DOC"), and was connected with DOC's Lead Attorney, Defendant Smith, who was then handling Mr. Thompson's case. I informed Defendant Smith that I would be representing Mr. Thompson and that I had filed the <u>notice of appearance</u> (Ex. L) with OATH.

6.      I also asked Defendant Smith to adjourn the disciplinary hearing which was then
scheduled to take place in October 2019, so that I can obtain any relevant discovery material
in the case and to further interview and consult with Mr. Thompson.

7.      Defendant Smith informed me that DOC had already provided discovery items to Mr.
Thompson's previous union attorneys: Defs. Rowe and Garcia. He then inquired of me if the
previous union attorney's had provided me with the discovery material for Mr. Thompson's
case. My response was in the negative because Defendant Garcia did not provide to me any
of the discovery items that he, reportedly, received from DOC, and I never met Rowe.

8.      On October 11, 2019, I received an e-mail from Defendant Smith with the October 2019
"OATH Trial Cancellation Notice" and relevant discovery items. *See* Copy of E-mail and
OATH Trial Cancelation Notice, annexed to the Complaint as Exhibit "M".

9.      The "Discovery" items attached to that e-mail (Ex. M) totaled 73 pages of documents and
some photos, in PDF format.

10.     On October 21, 2019, I emailed Defendant Smith and requested production of the
department's Genetec[1] video footage relative to the incident described in the administrative
disciplinary charges made against Mr. Thompson.

11.     Subsequently, Defendant Smith emailed me saying that he would send the Genetec video
to my Post Office box.

12.     However, by mid-November 2019, I did not receive the Genetec video and so I informed
Def. Smith that I would subpoena the same in accordance with OATH's Rules of Practice.

---

[1] Upon information and belief, "Genetec" is the name of the video surveillance system used by
the DOC in or at the location of the use-of-force incident that is the subject of Plaintiff's
complaint.

13.     On November 18, 2019, I received an e-mail from Defendant Smith informing me that a pre-trial conference had been scheduled for December 18, 2019. In that same e-mail, Defendant Smith also asked that I contact him before the pre-trial conference date once I receive the Genetec video. *See* E-mail and Notice, annexed to the Complaint as Exhibit "N".

14.     Then on or about November 27, 2019, I received an e-mail from Defendant Smith stating that DOC was "re-sending" the Genetec video to me.[2] *See* Smith E-mail, dated November 27, 2019, annexed to the Complaint as Exhibit "O".

15.     By the December 18, 2019 pre-trial conference, we still had not received the Genetec video footage from DOC.

16.     At the December 18, 2020 pre-trial conference, I sat in the large conference room at OATH with the DOC attorneys (Defs. Smith and LeGoff), and the attorneys representing Captain Cottman and Captain James,[3] also attorneys for assistant deputy wardens.

17.     Additionally, OATH's administrative law judge Alessandra F. Zorgniotti, and other attorneys were present in that room.

18.     There was no discussions of any meaningful alternative resolutions except the DOC's offer and how many days Plaintiff was willing to forfeit.

19.     All of the attorneys in that room appeared to be working together as in contrast to being opposing counsel; specifically, the attorneys representing captains Cottman and James did not raise any procedural questions on any of the discovery documents or items.

---

[2] The United States Postal Service ("USPS") delayed (by 30 days) putting notice in my Post Office box that it had received the Genetec video from DOC. This postal error led to confusion between myself and Def. Smith prior to my filing a motion with OATH for a subpoena to compel DOC to produce the Genetec video.

[3] Captain Cottman and Captain James were the two supervisors on the scene of the use-of-force incident on September 17, 2017. Both were witnesses to the use of force incident.

20.     They, like Defs. Rowe and Garcia, did not dispute the fact that DOC initiated the disciplinary action in excess of thirty days, in violation of Directive #4257R-A; nor did they raise any jurisdictional questions relative to who may conduct the Civil Service Law Section 75 disciplinary hearing. They simply acted like everything was normal and in order.

21.     None of the attorneys present in the large conference room seemed interested in anything other than how many vacation or compensation days Plaintiff, the other officers and captains were willing to forfeit in lieu of a full Civil Service Law Section 75 disciplinary hearing.

22.     I maintained Mr. Thompson's position, that he was not willing to forfeit any days and that Plaintiff preferred to have a full Civil Service Law Section 75 disciplinary hearing.

23.     I then left the large conference room and joined my wife in the smaller conference room to wait for Def. Smith to bring in the new hearing dates. Also present was Mr. Thompson.

24.     Defendant Smith came to the small conference room and notified us that the hearing would take place on March 19, 2020. The conference was over. We then left the OATH facility along with Mr. Thompson.

25.     Several days after the December 18, 2019 pre-trial conference, I checked the post office and our P.O. box for the Genetec video that Def. Smith promised he would send to me. But each time we checked the post office box, there was no Genetec video. And Def. Smith did not arrange for us to come to DOC headquarters to pick it up.

26.     So I contacted OATH and asked the assistant whom answered the phone who the person was that would be conducting Mr. Thompson's Civil Service Law Section 75 disciplinary hearing. The assistant informed me that Defendant McGeachy-Kuls (*see* Compl. ¶ 23) was the person <u>assigned</u> to conduct Mr. Thompson's hearing.

27.     And so, on January 7, 2020, I made an e-mail application[4] to Defendant McGeachy-Kuls, and requested that a subpoena for the Genetec video be issued. *See* Application for Subpoena, annexed to the Complaint as Exhibit "P".

28.     The next day, January 8, 2020, I received a response e-mail from Ms. Kristina Kashtan, an OATH Administrative Assistant, with the subpoena that I requested be issued, signed by Defendant McGeachy-Kuls, attached to it. *See* E-Mail and Signed Subpoena, annexed to the Complaint as Exhibit "Q".

29.     In his reply e-mail, Def. Smith acknowledged receipt of the same e-mail and the attached subpoena; and stated that he would make arrangements with me to pick up a "re-formatted Genetec Video." (*See* Ex. Q).

30.     And on January 10, 2020, through a series of e-mails, Def. Smith and myself confirmed to meet on January 16, 2020, for me to pick up the re-formatted Genetec Video. *See* Relevant E-mails, annexed to the Complaint as Exhibit "R".

31.     On January 16, 2020, I appeared at the DOC Headquarters located in the Bulova building in Elmhurst Queens, and met with Def. Smith. He took me to his office where I waited for the technician from DOC's Information Technology ("IT") Unit to bring out the re-formatted Genetec video.

32.     Once the IT guy brought the flash drive out, I put it into my MacBook and played the video. The re-formatted video on the flash drive now played properly on my laptop, unlike the two previously received DVDs. While watching the video, I asked Def. Smith to show me the "excessive" force that Plaintiff was charged with in the video footage.

---

[4] The application was made in the form of a Motion.

33.    Aside from the video showing the inmate trying to shove Plaintiff directly into the sharp

edge of the iron plate protruding from the wall and striking Plaintiff in the face, the entire

use-of-force lasted approximately three (3) minutes and consisted mostly of Plaintiff and the

other officers grappling with the resisting inmate about the body struggling to place

handcuffs and leg restraints on him (*see* Compl., ¶¶ 41-69).

34.    Def. Smith pointed out that Plaintiff's right hand was at the inmate's neck area.

35.    I looked at Def. Smith in utter disbelief and asked him was he kidding me; because the

disciplinary charges alleged that Plaintiff, "wrapped his hands around" the inmate's neck.

And of the four angles of video footage which captured the entire incident, I saw nothing of

Plaintiff's actions to be an excessive use of force or to be consistent with the DOCs

disciplinary charges and specifications that were made against him.

36.    I expressed my observations of the video footage to Def. Smith and told him that there is

absolutely nothing showing in the video of an act of excessive use of force by the Plaintiff.

37.    But Def. Smith passively dismissed my objections expressed to him and asked again if

Plaintiff would be interested in accepting a *negotiated plea* offer of the lost of twenty

vacation days in lieu of going to trial at OATH.[5]

38.    I then repeated to Def. Smith Mr. Thompson's objections to any DOC negotiated plea

offer, and conveyed to Def. Smith that Plaintiff was only interested in an outright dismissal

of the frivolous disciplinary charges.

39.    Def. Smith did not accept my counter-offer and we ended the meeting. I left DOC

Headquarters with the now properly reformatted Genetec Video in hand.

---

[5] The DOCs "Negotiated Plea Agreement" policy can be found in its Directive #7505, entitled "Resolution of Disciplinary Charges in the Conference Unit of the Legal Division."

40.    Next, on January 23, 2020, I received an e-mail from OATH with the set date for Plaintiff's Civil Service Law Section 75 disciplinary hearing to take place. That date was now March 24, 2020. There was an option in the e-mail to download to my calendar the scheduled date for trial. Also, I noticed in the e-mail that there was now a different person "assigned" to conduct Plaintiff's disciplinary hearing: Defendant Miller (*see* Compl., ¶ 22). *See* OATH E-mail Invitation, annexed to the Complaint as Exhibit "S".

41.    Seeing Defendant Miller in the e-mail as the person now *assigned* to conduct Plaintiff's Civil Service Law Section 75 disciplinary hearing was confusing to me; first, because this was a change from Defendant McGeachy-Kuls who I was told would be the person to conduct Plaintiff's disciplinary hearing (*see* ¶ 26 here), and secondly, because the term "assigned" is not a term used in Civil Service Law Section 75 when referring to the conduct of the Section 75 disciplinary hearing.

42.    Confused by this change, and in an attempt to ensure that Plaintiff's Civil Service Law Section 75 disciplinary hearing was going to be conducted in the manner prescribed by law, I sent an e-mail to Defendant Smith the next day (Friday, January 24, 2020, 3:44pm) and asked him to "advise who the person is that will conduct my client's disciplinary hearing?" *See* E-mail Conversation Thread, annexed to the Complaint as Exhibit "T": (#1).

43.    On Monday, January 27, 2020, I waited all day for a response from Defendant Smith to my e-mail but he did not send any response back to me, by nearly close of business that day. So I sent a "Second Request" by e-mail to him at 4:26pm (*see* Ex. T, #2).

44.    Two days went by before I decided to send an e-mail to the DOC Supervising Attorney, Defendant LeGoff, seeking intervention for Def. Smith's failure to respond to my e-mail request for information.

45.    And on January 29, 2020, I forwarded both my initial e-mail request and, my <u>second request</u> for information on the identity of the hearing officer, to Defendant LeGoff (*see* Ex. T, ##3,4).

46.    But Defendant LeGoff did not respond to my e-mails at all.

47.    Instead, on January 29, 2020, at approximately 9:43am, Defendant LeGoff, according to the e-mail string, forwarded my e-mails to another DOC attorney, Mr. Ian Oliveros-Nikol, with a simple message of, "Fyi";[6] and cc'd the same to Defendant Smith (*see* Ex. T, #5).

48.    Then at approximately 10:13am, Defendant Smith responded by e-mail to Defendant LeGoff, with the answer to my question; writing, in relevant part, "The OATH Judge is Kara Miller.[7] But he only cc'd me in that response (*see also,* Ex. T, #5).

49.    Therefore, on February 5, 2020, out of an abundance of caution,[8] I sent an e-mail to OATH making the same inquiry of the identity of the Hearing Officer that will conduct Plaintiff's Civil Service Law Section 75 disciplinary hearing.

50.    OATH's administrative assistant replied to my e-mail inquiry and wrote, in relevant part, "Currently Hon. Kara J. Miller ... is the <u>assigned</u> ALJ for this trial, <u>but it is subject to change</u>." (*see* Ex. T, #7) (Emphasis added).

---

[6] "Fyi" is commonly used to express - For Your Information.

[7] "Kara Miller" is Defendant Miller (*see* Compl., ¶ 22).

[8] Because Defendant Smith and LeGoff were not forthright with me in the e-mail exchanges, and because they were Plaintiff's opposition, I was compelled to seek an answer directly from OATH to my inquiry.

51.   However, OATH did not provide to me documented proof that Defendant Miller had received written authority from Defendant Brann, in accordance with Civil Service Law Section 75, to conduct Mr. Thompson's disciplinary hearing.

52.   Therefore, in or about March 10, 2020, through another e-mail conversation with Defendant Smith, I asked, in the interest of procedural due process, if the written delegation of authority from Defendant Brann, required by Civil Service Law Section 75 subdivision 2, was a part of the voluminous PDF files that he sent to me in four separate emails. *See* E-Mail Conversation, annexed to the Complaint as Exhibit "U".

53.   Defendant Smith did not provide to me any written authority from Defendant Brann authorizing a "deputy or other person" (*see* CSL § 75(2)) to conduct Mr. Thompson's disciplinary hearing.

54.   Consequently, and on March 11, 2020, at approximately 3:33 p.m., I made a DEMAND to Defendant Brann, on Mr. Thompson's behalf, that she comply with Civil Service Law Section 75's procedures. And sent the e-mail to Defendants Smith and LeGoff. *See* E-Mail Demand, annexed to the Complaint as Exhibit "V" (#1).[9]

55.   Only after I made the written demand did Defendant Smith respond.

56.   And at approximately 5:27 p.m. the same day, he wrote in his e-mail to me, "Mr. Tatum: The Department is in possession of the Commissioner's Letter designating OATH as the proper tribunal to hear this matter. Any issues that you would like to raise concerning this matter, should be argued before the OATH Judge on March 19, 2020." (*See* Ex. V, #2).

---

[9] I also encouraged Mr. Thompson that at this point in his employment controversy he should consider going to the Supreme Court and ask that court, through a CPLR Article 78 proceeding, to compel Defendant Brann to comply with Civil Service Law Section 75's procedures in his case, and properly designate a qualified person to conduct his hearing.

57. However, Def. Smith still did not provide to me any official copy of the designation letter required by law, from Def. Brann, if in fact one existed at that time.

58. The next day, March 12, 2020, at approximately 11:55 a.m. Defendant Smith initiated an e-mail conversation with Defendant Miller, wherein he cc'd me to the conversation. Essentially, Def. Smith asked Miller if I had contacted OATH seeking to adjourn the upcoming hearing date of March 19,2020. But Def. Miller advised him that I had not so contacted OATH seeking an adjournment. *See* E-Mail Conversation, annexed to the Complaint as Exhibit "W".

59. I then responded behind Def. Miller's message in the e-mail thread requesting that OATH issue a subpoena for the written designation letter that Defendant Smith would not provide to me and, which is required by Civil Service Law Section 75. I also asked for a 30-day adjournment. To which Def. Miller responded saying that there was no need for a subpoena, and that she had "attached the Department's designation letter … ." *See* E-Mail Conversation and Application for Subpoena, annexed to the Complaint as Exhibit "X".

60. The following day, Friday, March 13, 2020, at approximately 10:09 a.m. I replied to the e-mail string thanking Def. Miller for providing to me the "designation letter". I also gave Def. Miller a detailed account of my e-mail communications with Def. Smith regarding the written designation letter. After which, I requested an adjournment of Mr. Thompson's disciplinary hearing; which she did grant. *See* E-Mail Conversation, annexed to the Complaint as Exhibit "Y".

61. The so-called "designation letter" Defendant Miller provided was so far away from being in line with Civil Service Law Section 75's requirements for the transfer of power from the

officer or body having power to remove an employee, that I was taken aback at the ease in which she offered it as an actual written delegation of authority to a "person." (CSL § 75(2)).

62.     The Department's designation letter was not written to a "deputy or other person" as required by Civil Service Law Section 75, it was not written, *inter alia,* for the "purpose" of conducting Mr. Thompson's disciplinary hearing, and it specified several other laws that had nothing to do with Mr. Thompson's case. *See* Defendant Miller's proffered Department Designation Letter, annexed to the Complaint as Exhibit "Z".

63.     The fact that Defendant Miller provided this so-called designation letter that was plainly a contradiction of a proper designation letter under Section 75 was not only confusing, but it said to me that she was intentionally participating in a scheme to defraud Mr. Thompson of his right to a proper and lawful Civil Service Law Section 75 disciplinary hearing.

64.     As Mr. Thompson's representative before his employer DOC, and OATH (insofar as OATH was involved in the conduct of Mr. Thompson's disciplinary hearing), it was both important and necessary for me to understand Civil Service Law Section 75 and its application in Mr. Thompson's employment controversy.

65.     Civil Service Law Section 75 subdivision 2 provides, in relevant part, "The hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose."

66.     The so-called Department "designation letter" (¶ 59), read, in relevant part,

        Dear Acting Chief Judge Richard:

In accordance with Executive Order No. 32 of 1979, Charter §
1048, I hereby designate the Chief Administrative Law Judge of
the New York City Office of Administrative Trials and Hearings
("OATH") or such other administrative law judges of OATH as she
may assign, to conduct administrative due process hearings
pursuant to Civil Service Law §§ 71, 72, 73, and 75, and Charter §
1049 and in accordance with OATH's Rules of Practice. OATH
administrative law judges are also authorized to conduct
conferences, including settlement conferences, hear and dispose of
all pre-trial motions and matters, including discovery, issue
subpoenas, and hear all post trial motions prior to the submission
of the Report and Recommendation. Following analysis of all
testimony and other evidence in each hearing, the record of the
hearing and the Record and Recommendation shall be submitted to
me for my review and final determination."

Sincerely,

Cynthia Brann
Commissioner

67.     Nothing about or within the Department's designation letter given by Defendant Miller

was remotely in line with the express legal requirements of Civil Service Law Section 75.

68.     Moreover, it invoked a Mayor's executive order, the City Charter, and sections 71, 72,

and 73 of the Civil Service Law as authority to conduct Mr. Thompson's disciplinary

hearing.

69.     This was all plainly in conflict with the requirements of Civil Service Law Section 75;

specifically, at subdivision 1 of Section 75, which reads, in relevant part, "A person

described in paragraph (a) … of this subdivision shall not be removed or otherwise subjected

to any disciplinary penalty provided in this section except for incompetency or misconduct

shown after a hearing upon stated charges pursuant to this section." (Emphasis added).

70.    Therefore, all of the authorities invoked in the so-called designation letter were plainly in conflict with Section 75's "<u>pursuant to this section</u>" clause; and rendered that letter, to me, to be no more than a sham.

71.    On March 16, 2020, I received an e-mail from OATH, showing by the cancellation of the hearing set dates: March 19, 23, and 24, 2020, that my request to adjourn the March hearing was granted. Each cancellation notice had Defendant Miller's initials at the top. *See* <u>E-Mail Cancellation Notifications</u>, annexed to the Complaint as Exhibit "AA" (##1,2,3).

72.    On March 17, 2020, I received an e-mail notification from OATH that the hearing was rescheduled to June 1, 2020 (*see* Ex. AA, #4).

73.    But then on May 19, 2020, I received an e-mail notification from OATH that the hearing set for June was now canceled. Upon information and belief, this was due to COVID-19 restrictions (*see* Ex. AA, #5).

74.    The next notification that I received from OATH was on May 27, 2020, after e-mail discussions with Defendants Smith, Miller, and OATH's Calendar Unit on a new hearing date, wherein the parties agreed to Tuesday, September 22, 2020. However, with this string of communications, OATH had "assigned" a different person to conduct Mr. Thompson's Civil Service Law Section 75 disciplinary hearing. Enter now Defendant Casey. *See* <u>E-Mail Notification from OATH and Discussion Thread</u>, annexed to the Complaint as Exhibit "BB".

75.    Thereafter, and on August 10, 2020, I received an e-mail from Defendant Smith informing me that Mr. Thompson's case was reassigned to Defendant Neuman. And that he would be "leaving the office, as of August 20, 2020." *See* <u>E-Mail Conversation</u>, annexed to the Complaint as Exhibit "CC" (#1).

76.     On August 24, 2020, and because of conflicting names given to me, I asked OATH's

assistant who was the person that would now be conducting Mr. Thompson's hearing. And

the assistant affirmed that Defendant Casey was assigned. (*See* Ex. CC, ##3,4).

77.     Defendant Casey e-mailed me this same day (8/24/20) with questions related to the

upcoming hearing. I then wrote to Defendant Casey the following day (August 25, 2020),

objecting on legal grounds, to his assignment to conduct Mr. Thompson's Civil Service Law

Section 75 disciplinary hearing, and informing him of Mr. Thompson's concerns about that.

*See* E-Mail Thread with Casey, annexed to the Complaint as Exhibit "DD" (##1-4).

78.     On August 28, 2020, by e-mail, I rejected Defendant Casey's purported written

designation letter because it was not in compliance and conformity with the requirements set

forth in Civil Service Law Section 75. And, in fact, it was the same letter that Defendant

Miller offered (*see* ¶¶ 59, 62; and 66-70 above). I also cited Matter of Wiggins v. Board of

Educ., 60 NY2d 385, 387 (Court of Appeals 1983), as the authority that I was relying on in

my rejection and objection of the letter he offered. (*See* Ex. DD ##5 and 6).

79.     But that did not stop Defendant Casey. He just simply ignored my objections and, the

*Wiggins* case.

80.     With the September 22, 2020 disciplinary hearing date approaching, I took steps to notify

Defendant Kletter of the fact that Defendant Casey was about to conduct Mr. Thompson's

Civil Service Law Section 75 disciplinary hearing without the required written delegation of

authority from Defendant Brann to lawfully proceed. I did this by filing an official online

complaint through the City's "Administrative Justice Coordinator" ("AJC") website: *See*

https://www1.nyc.gov/site/ajc/rules-of-conduct/online-complaint-form.page. Last visited: 9/30/21.

81.     I then sent (on September 8, 2020) the same complaint information to Defendant Kletter on a downloaded complaint form, obtained from the same website under the "How to File a Complaint" tab, directly via Defendant Kletter's e-mail address (chiefjudge@oath.nyc.gov) provided on the website. *See* https://www1.nyc.gov/site/ajc/rules-of-conduct/how-to-file-a-complaint.page. Last visited: 9/30/21; *see also*, E-Mail to Kletter and Filed Complaint, annexed to the Complaint as Exhibit "EE" (##1,2,3).

82.     But Defendant Kletter did not respond to my e-mail complaint so, on the following day, September 9, 2020, I re-sent my complaint to her (*see* Ex. EE #4). By September 14, 2020, I still did not receive any acknowledgement from Defendant Kletter or her office to my filed complaint, and so I sent it again but this time with a plea to Defendant Kletter that she acknowledge receipt of my complaint (*see* Ex. EE #5).

83.     Finally, I received a response from Kletter's office. It was from Defendant Ng (*Ref.* Compl. ¶ 26). Defendant Ng wrote in his reply e-mail,

> "Dear Mr. Tatum:
>
> In accordance with Section 1-27 of Title 48 of the Rules of the City of New York, a motion for disqualification of an administrative law judge must be addressed to that administrative law judge. Your motion to disqualify has been forwarded to Judge Casey for determination.
>
> Very truly yours,
> Frank Ng"
>
> *See* E-mail Response; Ex. EE #6.

84.     I immediately viewed this response as bizarre and a coverup, because I sent an official complaint to Defendant Kletter that, pursuant to Mayoral Executive Order ("MEO") #16, she had an obligation to process the complaint and determine if it should be reported to the New York City Department of Investigations ("DOI"); and render an official response to it.

85.     There was nothing about my official complaint to Kletter that could have been construed to be a *motion* to disqualify, as Defendant Ng wrote.

86.     Later that day, September 14, 2020, I received an e-mail at approximately 10:38 p.m. from Defendant Statz (*Ref.* Compl. ¶ 25) acknowledging receipt of my complaint (*see* Ex. EE #7).

87.     After not receiving any meaningful response to my complaint against Defendant Casey from Defendant Kletter's office, I made a last ditch effort on September 17, 2020, to send a detailed letter to Defendant Kletter, in an attempt to protect Mr. Thompson's procedural due process rights, and hoping that she would just comply with her legal obligation and duty, and simply process my complaint as required under MEO #16. *See* Detailed Complaint Letter, annexed to the Complaint as Exhibit "FF".

88.     No response from Defendant Kletter ever came before the scheduled hearing date, and so on September 21, 2020, at approximately 4:04 p.m. I made an application to Defendant Casey by e-mail, to adjourn the hearing, on the grounds that Mr. Thompson had made application (on March 20, 2020) to the Supreme Court, Queens County, in a CPLR Article 78 action, asking that Court to compel Defendant Brann to comply with Civil Service Law Section 75's procedures and to properly designate a (qualified) person to conduct Plaintiff's

hearing. *See* <u>E-Mail Application to Adjourn the September 22, 2020 Hearing and Article 78</u> <u>filing papers</u>, annexed to the Complaint as Exhibit "GG".

89.     In his response e-mail, also on September 21, 2020, at approximately 5:08 p.m. Defendant Casey responded to my request to adjourn the September 22, 2020 hearing and wrote, in relevant part, the following:

> "Dear Ms. Neuman and Mr. Tatum,
>
> Thank you for taking the time to to discuss this matter this afternoon. As indicated on the record, I'll grant respondent's request for an adjournment. Trial will be rescheduled for 9:30 a.m. on October 1. [...] <u>If respondent wants to send me a copy of the</u> <u>Article 78 petition, please send it to me via email by noon</u> <u>tomorrow, September 22, and I will take it into consideration.</u>" (Emphasis added).

> *See* Ex. GG #6

90.     Expecting that Defendant Casey, DOC, OATH and Defendant Kletter would reconsider their position on the jurisdictional issue, which was the issuance a proper written delegation of authority from Defendant Brann to a qualified "deputy or other person" (*see* CSL § 75(2)), for the purpose of conducting Mr. Thompson's Civil Service Law Section 75 disciplinary hearing, I advised Mr. Thompson that it would be good to act on Casey's suggestion and send the full article 78 petition.

91.     Mr. Thompson agreed, and the next day, Tuesday, September 22, 2020, before noon and at or about 11:35 a.m., I sent to Def. Casey, a full PDF copy via e-mail of Mr. Thompson's Article 78 notice of petition, verified petition, and verification: (Queens County Supreme Court, Index No. 1718-20); and cc'd the same to Defendants Kletter, Neuman, Ng, and Statz. (*See* Ex. GG #7).

92.    The following day, Wednesday, September 23, 2020, in his response e-mail, Defendant

Casey made a very questionable statement after first acknowledging that he reviewed the

Article 78 papers.

93.    Casey wrote, in relevant part, "I've reviewed the Article 78 papers that you sent me

yesterday. <u>I've been informed by our counsel's office that there is no record of it ever being</u>

<u>filed in Supreme Court, New York County.</u> (Emphasis added). *See* Ex. GG #8.

94.    This was a very strange statement because the Civil Practice Law and Rules ("CPLR"),

specifically, Section 506 (b), directed Mr. Thompson to commence the Special Proceeding

"in any county within the judicial district where the respondent made the determination

complained of." And since Defendant Brann's principe place of business was at the Bulova

Building in East Elmhurst, Queens, Mr. Thompson followed the CPLR and noticed his

Article 78 proceeding accordingly. (Ex. GG #5).

95.    All the same, Casey rejected the fact that Mr. Thompson sought Judicial Intervention by

way of filing an Article 78 petition to compel Defendant Brann to make a lawful delegation

of her authority to a qualified person for the purpose of conducting Mr. Thompson's hearing.

And Casey ended his September 23, 2020 e-mail response saying, "Trial will go forward on

October 1." (Ex. GG #8).

96.    Despite my many efforts, and over many months, to obtain jurisdictional proof in

conformity with Civil Service Law Section 75, from Defs. DOC, Brann, OATH, Smith,

Neuman, LeGoff, Townsend, Statz, Ng, and Kletter, that Defendant Casey could lawfully

conduct Mr. Thompson's Section 75 disciplinary hearing, none of the named defendants

would yield to Civil Service Law Section 75 and comply with its procedures. None.

97.    And so, on October 1, 2020, Defendant Casey conducted Mr. Thompson's Civil Service

Law Section 75 disciplinary hearing without lawful authority from Defendant Brann,

pursuant to Civil Service Law Section 75.

98.    I advised Mr. Thompson that we should participate in the hearing for the sole purpose of

stating his objections to the proceeding going forward, into the record; in the event that it

became necessary for him to pursue legal action in court at a later date.

99.    And on Thursday, October 1, 2020, at approximately 9:30 a.m. I called the "Webex"

number given to me by Casey, with Mr. Thompson present; and at the outset of the hearing, I

sent an e-mail and made one more attempt to have Defendants Casey and Neuman provide to

me the lawful written delegation of authority from Defendant Brann to Casey.

100.    In my e-mail, with the subject line "Objection and Exhibits in Support of Objection to the

Assigning of the Hearing Officer Kevin Casey: In Matter of DOC v. Eon Thompson, OATH

Index No. 19-2232 and DOC DR# 168/19," I wrote,

> Dear ALJ Casey and DOC Attorney Neuman:
>
> Attached to this email are my exhibits in support of my objection
> to the assigning of the Hearing Officer Kevin Casey to conduct Mr.
> Thompson's Civil Service Law Section 75 disciplinary proceeding.
>
> To be clear, I object to the assigning of the Hearing Officer Kevin
> Casey, by Commissioner and Chief Administrative Law Judge Joni
> Kletter, to conduct Mr. Thompson's Civil Service Law Section 75
> disciplinary proceeding, on the grounds that said "assignment" is
> inconsistent with the mandatory procedural requirements of Civil
> Service Law Section 75 subdivision 2.
>
> On the same grounds, I object to the written designation letter
> made by Commissioner Cynthia Brann to Commissioner and Chief
> Administrative Law Judge Joni Kletter; which was made a part of
> this record first by ALJ Kara J. Miller, and then by ALJ Kevin F.
> Casey, at my request.

Further, on the same grounds, both the written designation letter made by Commissioner Brann and the assignment made by Commissioner and Chief Administrative Law Judge Joni Kletter to ALJ's Miller and Casey to conduct this proceeding (DOC v Eon Thompson, OATH Index No. 19-2232 and DOC DR # 168/19) are invalid and clearly illegal; being inconsistent with and against the express provisions set forth in Civil Service Law Section 75.

Finally, Mr. Thompson is a permanent civil service employee and is not serving in any type of probationary period. Therefore, he is entitled to the full panoply of due process protections accorded to him in and by Civil Service Law Section 75(1)(a). Thus, Mr. Thompson pleads not guilty to the erroneous charges of misconduct made against him and which are the subject of this proceeding.

Therefore, I respectfully request that DOC and OATH adhere to Civil Service Law Section 75 and stop this disciplinary proceeding forthwith and until a proper person, under law, can conduct Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding in accordance with the procedural requirements of Civil Service Law Section 75.

Sincerely,

*See* Exhibit "HH".

101.   Casey disregarded my objection, which I also read into the record over the phone, and simply stated that my objection is noted. But then continued to conduct the hearing anyway.

102.   There came a time in the course of the Civil Service Law Section 75 disciplinary hearing that Defendant Urena (*Ref.* ¶ 19) was sworn in by Casey.

103.   Defendant Urena testified, amongst other things, that he found that Mr. Thompson violated the directive; and, that he charged Mr. Thompson with formal misconduct charges after viewing the Genetec video footage of the incident. (Hr'g. Tr. 160: 25; 161: 1-23). *See* Excerpted Transcript Pages of Plaintiff's October 1, 2020 Civil Service Law Section 75 disciplinary hearing, annexed to the Complaint as Exhibit "II".

104. But when I questioned Defendant Urena on cross-examination, he also testified that he was a "civilian" employee, and not a Uniform member of service (*see* Ex. II, Hr'g. Tr. 162: 7-25; 163: 1-7).

105. That meant that his testimony was not consistent with DOC's disciplinary policy.

106. According to DOC's disciplinary policy, only a supervisory Uniform member of service could initiate minor or serious disciplinary charges against a subordinate employee. And Urena testified that he was a civilian employee.

107. DOC's Uniform Disciplinary Policy is governed by its Directive #4257R-A in the first instance; but if the alleged misconduct complained of require formal disciplinary charges, then DOC's Directive #7502 kicks in.

108. And in each of those directives there is no provision for a civilian to initiate minor or, formal disciplinary charges against a Uniform member of service, such as Plaintiff.

109. In addition, Defendant Urena testified that he, in fact, charged the other officers involved in the use-of-force incident that is the subject of this court action.

110. The specific charging instrument that Defendant Urena referenced in his testimony is commonly referred to in DOC as an "MOC". (¶ 104)

111. MOC is the acronym for "Memorandum of Complaint," and according to DOC policy, it is used when initiating formal charges against a Uniform member of service.

112. Although Directives #4257R-A, #7502 discusses the use of an MOC, DOC's Operations Order #9/87 specifically directs <u>Commanding Officers</u> to complete sections "A" thru "F" of the form. *See* <u>Copy of Operations Order #9/87</u>, annexed to the Complaint as Exhibit "JJ".

113. In sum, Urena had no authority to charge Mr. Thompson, under DOC policy.

114.   As Mr. Thompson's representative before DOC and OATH in his Civil Service Law

Section 75 disciplinary hearing, I expected to represent him fully and to call numerous

witnesses and DOC personnel, to defend his employment rights, but I could not, due to the

fact that DOC failed to give Mr. Thompson a lawful hearing in accordance with Civil Service

Law Section 75; effectively, denying Mr. Thompson of his right to call witness.

115.   Instead, OATH and DOC followed the City's policy, practice, and custom, as set forth in

Mayoral Executive Order ("MEO") 32 of 1979. *See* MEO 32 of 1979 (available at https://

www1.nyc.gov/assets/records/pdf/executive_orders/1979EO032.PDF. Last visited: October

4, 2021).

116.   On December 2, 2020, Defendant Casey released his Report and Recommendation; and

then published the same on the world wide web without consent from Mr. Thompson. *See*

Report and Recommendation; available at: http://archive.citylaw.org/wp-content/uploads/

sites/17/oath/19_cases/19-2232.pdf. Last visited: October 4, 2021.

117.   On June 15, 2021, Defendants Townsend, Lindblom, and Brown imposed the wrongful

penalty of suspension from duty without pay for a total of 55-days on Mr. Thompson. *See*

Notice of Summary Suspension from Duty form, annexed to the Compl. as Exhibit "JJ".

Dated: October 5, 2021
       New York, New York

Respectfully submitted,

Wayne Tatum, Sr.
P.O. Box 714
New York, New York 10026
(347) 286-8142

Exhibit "L"



# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS

## Trials Division

---------------------------------------------------- X

In the Matter of                                                          :

DEPARTMENT OF CORRECTION                                      :        Index No. 19/2232

Petitioner,                                        :

:        NOTICE OF
- against -                                                                   APPEARANCE

C.O. EON THOMPSON #17852                                      :

Respondent.                                        :

---------------------------------------------------- X        :

The undersigned hereby files a Notice of Appearance pursuant to section 1-11 of

the Rules of Practice of the Office of Administrative Trials and Hearings on behalf of

_____C.O. Eon Thompson #17852_____ . See 48 RCNY § 1-11. The rule is reprinted

(Name of Party)

the reverse side of this notice.


Wayne A. Tatum, Sr.
_____
Attorney / Representative for Petitioner / Respondent
(Print name of firm or individual and circle as appropriate.)


By: _____Wayne A. Tatum, Sr._____
(If a firm, print name of individual.)

Signature: _____

Address: P.O. Box 714

New York, NY 10026

Telephone: (347) 286-8142

E-Mail: nyce.da.ecs.llc@gmail.com

Fax No.: None

Dated: 09/13/19

Rev. 6/11/2015

Exhibit "M"

**From:** **Smith, Clarence** Clarence.Smith@doc.nyc.gov 
**Subject:** EON THOMPSON - CASE # 168/19
**Date:** October 11, 2019 at 11:13 AM
**To:** nyce.da.ecs.llc@gmail.com

Mr. Tatum
As per our discussion, attached please find the OATH Trial Cancellation Notice and the relevant discovery.
Should you have any questions, please contact me at 718 546 0878.
Thank you.
Clarence Smith Jr.
Agency Attorney III

**From:** care.canon@doc.nyc.gov [mailto:care.canon@doc.nyc.gov]
**Sent:** Friday, October 11, 2019 10:32 AM
**To:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>
**Subject:** Attached Image



0746_001.pdf



**NEW YORK CITY DEPARTMENT OF CORRECTION**
Cynthia Brann, Commissioner

Sarena Townsend, Deputy Commissioner
Investigation & Trials Division
75-20 Astoria Boulevard – Suite 310
East Elmhurst, NY 11370

718-546-0305
Fax 718-278-6526

**RESPONDENT OATH TRIAL NOTICE**

Date: 5-1-2019

Name of Designee
at Facility Responsible
Facility:                SHERMA DUNBAR

The following member of the Department of Correction *EON THOMPSON*, is hereby ordered to appear at the Office of Administrative Trials and Hearings (OATH), located at **100 Church Street – 12th Floor, New York, New York** 10007 as Respondent in the Matter of the New York City Department of Correction -v Correction _____ on (date) 10/17/19 + 10/21/19 + at (time) 9:30 AM

to (date) _____

As per Directive 277, all Members of the uniformed force, except when on suspension or on authorized leave, shall wear the regulation class "A" uniform or appropriate civilian business attire when reporting as respondents at official Departmental disciplinary hearings, either at the Central Office or the Office of Administrative Trials and Hearings (OATH).

**RESPONDENTS ~~NOT PERMITTED~~ TO BE ARMED AT OATH. ALL FIREARMS MUST BE SECURED AT YOUR HOME OR FACILITY PRIOR TO ATTENDING ANY PROCEEDING AT OATH.**

You have the right to be represented by counsel at the formal hearing. (Please Note: Union Legal Representation is available for Correction Officers by Koehler & Isaacs, L.L.P. at (917) 551-1300. Union Legal Representation is available for Captains by Frankie & Gentile at (516) 742-6590. Union Legal Representation is available for Deputy Wardens in Command, Deputy Wardens, and Assistant Deputy Wardens by George Okada Law Office at (917) 453-0405. If you intend to be represented, your attorney must file a notice of appearance with OATH and this office. You must contact your union immediately to make arrangements for representation. Please give your union and your attorney a copy of this letter. **(Please note that you are responsible for obtaining counsel sufficiently in advance of the hearing date so that the trial may proceed as scheduled.)** Your failure to take the necessary steps to timely obtain counsel may result in you being required to represent yourself.

*Visit NEW YORK'S BOLDEST on the Web at: www.nyc.gov/boldest*

**Exhibit "N"**

**From:** **Smith, Clarence** Clarence.Smith@doc.nyc.gov 🖉
**Subject:** OATH NOTICE OF APPEARANCE EON THOMPSON
**Date:** November 18, 2019 at 10:39 AM
**To:** Wayne Tatum nyce.da.ecs.llc@gmail.com

Good morning Mr. Tatum:

Please see attached OATH Notice for Mr. Thompson.

Please contact me to discuss ensuring that you receive the Genetec video well before the OATH pre-trial conference date.

Thank you.

Clarence Smith Jr.
718 546 0878

**From:** care.canon@doc.nyc.gov [mailto:care.canon@doc.nyc.gov]
**Sent:** Monday, November 18, 2019 10:38 AM
**To:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>
**Subject:** Attached Image



1698_001.pdf

From:MDC Personnell          212 225 1555          11/15/2019 16:54          #311 P.002



**NEW YORK CITY DEPARTMENT OF CORRECTION**
Cynthia Brann, Commissioner
**Sarena Townsend, Deputy Commissioner**
Investigation and Trials Division
75-20 Astoria Blvd. — Suite 310
East Elmhurst, NY 11370
718 546 0305
Fax 718 278 6526

**SHERMA DUNBAR**                    November 14, 2019
WARDEN
MDC

**EON THOMPSON** is hereby ordered to appear at the Office of Administrative Trials and Hearings (OATH), 100 Church Street, 12th Floor, New York, New York 10007 for a pre-trial conference as the Respondent in the Matter of Department of Correction -v- EON THOMPSON on **12/18/2019 at 09:00 AM.**

As per Directive #2270, III (F) -- Members of the uniformed force, except when on suspension, on authorizes leave shall wear the regulation class "A" dress uniform or <u>appropriate civilian business attire</u> when reporting as respondents at official Departmental disciplinary hearings, either at Central Office or the Office of Administrative Trials and Hearings (OATH).

<u>**RESPONDENTS ARE NOT PERMITTED TO BE ARMED AT OATH. ALL FIREARMS MUST BE SECURED AT YOUR HOME OR FACILITY PRIOR TO ATTENDING ANY PROCEEDING AT OATH.**</u>

You have the right to be represented by counsel at the Pre-trial Conference (Please note: Union legal representation is available for Correction Officers by Koehler and Isaacs at (917) 551-1300. Union legal representation is available for Captains by Frankie and Gentile at (516) 742-6590. Union legal representation is available for Deputy Wardens in Command, Deputy Wardens and Assistant Deputy Wardens by George Okada, Esq. Okada Law, LLC at (917) 453-0405. If you intend to be represented, your attorney must file a notice of appearance with OATH and this office. You must contact your union immediately to make arrangements for representations. **(Please note that you are responsible for obtaining counsel sufficiently in advance of the Pre-trial Conference date so that the Pre-trial Conference may proceed as scheduled.)** Your failure to take the necessary steps to timely obtain counsel may result in your being required to represent yourself.

No change of the pre-trial conference date will be granted except under extraordinary circumstances and only as authorized by OATH.

- 2-                                                                    OATH Pre-Trial Conference

**Please bring with you to the Office of Administrative Trials and Hearings (OATH) any and all documentation and/or records that relates to the case(s) to be conferenced.**

Please note that failure to report on time may subject you to additional charges at the discretion of the Deputy General Counsel for the Trials Division.

Rules and Regulations #3.20.030 – A member of the Department found guilty of the Rules and Regulations or failure to abide by the provisions of any order, or of disobedience of orders or of conduct unbecoming an officer or of making a false official statement, may be dismissed from the Department, or suffer such other punishment as the Commissioner may direct.

Violations of this order will result in disciplinary action.

Rules and Regulations #3.40.040 – Members of the Department who fail to appear to answer questions as to the performance of their official duties before an investigating officer of the Department, the Investigation Division, the Inspector General, or any lawfully constituted court, officer or body, having authority to make inquiry relating thereto, or who, having appeared, refuses to answer questions specifically, narrowly and directly relating to the performance of their official duties, shall be subject to charges of misconduct and if found guilty, shall be subject to disciplinary action which may result in dismissal.

Violations of this order will result in disciplinary action.

Clarence Smith
Agency Attorney
Office of Trials & Litigation

Received By: _____

Date Served: _11/ 15/ 19_____

Served By: _Pollan C 1A. #49156_____

Upon receipt, please sign and return to the Office of Trials and Litigation, at Bulova Corporate Center, 75-20 Astoria Blvd. East, -Suite 310 East Elmhurst, NY 11370 or FAX to (718) 278-6526.

Exhibit "O"



**From:** **Smith, Clarence** Clarence.Smith@doc.nyc.gov
**Subject:** EON THOMPSON MOC #168/19
**Date:** November 27, 2019 at 3:56 PM
**To:** Wayne Tatum nyce.da.ecs.llc@gmail.com

MR. Tatum:

We are re-sending the Genetec video to you.

Please inform me to confirm receipt and/or if you do not receive the video by  the afternoon of 12/6/2019.

Enjoy your Thanksgiving.

**Clarence Smith Jr.**
Agency Attorney Level III | Trials and Litigation Division
New York City Department of Correction
Work: 718-546-0878 | | Fax: 718-278-6526
Email address: clarence.smith@doc.nyc.gov
Socialize with us on FB | Twitter | YouTube
nyc.gov/doc

**Exhibit "P"**

**From:** **Wayne Tatum** nyce.da.ecs.llc@gmail.com  
**Subject:** Application for Order Issuing a Subpoena Duces Tecum
**Date:** January 7, 2020 at 5:01 PM
**To:** OATH OATHCalunit@oath.nyc.gov
**Cc:** Clarence Smith Jr. Clarence.Smith@doc.nyc.gov, Angela Tatum ▨▨▨▨▨▨▨▨▨▨▨
▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨

TO: Administrative Law Judge Joycelyn McGeachy-Kuls:

## OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
## TRIALS DIVISION

In the Matter of

DEPARTMENT OF CORRECTION,

           Petitioner,

    -against-

EON THOMPSON, CORRECTION OFFICER #17852

        Respondent.

Index No.: 19-2232

**NOTICE OF MOTION
FOR AN ORDER
ISSUING A SUBPOENA
DUCES TECUM**

      **PLEASE TAKE NOTICE** that, upon the annexed application of Wayne A. Tatum, Sr.,

Representative for Respondent, dated January 7, 2020, and the exhibits annexed hereto, the

undersigned will move this Tribunal, at 100 Church Street 12th Floor, New York, New York, on

January 16, 2020, at 9:30 a.m., or as soon thereafter as legal representative can be heard, for an

order issuing a *subpoena duces tecum* for the production of the Genetec video in this matter in a

format able to be viewed on a Macintosh computer; together with such other and further relief as

this Tribunal deems just and proper.

Dated: New York, New York
      January 7, 2020

                         Representative for Respondent

By: _____
            Wayne A. Tatum, Sr.
            P.O. Box 714
         New York, New York 10026
          (347) 286-8142



application for
subpoena1.pdf



subpoena duces
tecum.pdf

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026
E-Mail: nyce.da.ecs.llc@gmail.com
Website: XXXXXXXXXXXXXXXXX
(347) 286-8142

Hours:
Sun.          Closed
Mon.          8a — 4p
Tue. — Thu.   9a — 6p
Fri.          9a — 5p
Sat.          Closed

**OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS**
**TRIALS DIVISION**

In the Matter of

DEPARTMENT OF CORRECTION,

                    Petitioner,

        -against-

EON THOMPSON, CORRECTION OFFICER #17852

                    Respondent.

Index No.: 19-2232

**APPLICATION FOR AN ORDER ISSUING A SUBPOENA DUCES TECUM**

WAYNE A. TATUM, SR., representative for respondent, make the following application pursuant to OATH's Rules of Practice, §§ 1-34 and 1-43, for an order issuing a *subpoena duces tecum* for the production of the Genetec video in this matter in a format able to be viewed on a Macintosh computer.

1. Since on or about October 21, 2019, I have requested copies of the Genetec video petitioner says contains footage of respondent engaged in a use-of-force incident deemed in violation of DOC policy and procedures.

2. The department sent a video but it was delayed in the mail for approximately 30 days.

3. During that approximately 30 day period, I requested another copy from DOC assuming the first one was lost or never sent.

4. On or about November 29, 2019, I received the copy from DOC postdated October 29, 2019.

5. But that copy would not work in my computer and is in a format seemingly exclusively for the Genetec company; as I did a search online for software to open it but kept being directed to Genetec's website.

1

6. And then on or about December 5, 2019, I received the second copy form DOC of the genetic video.

7. But that like the first video did not work either and we were unable to view the claimed footage to prepare for trial.

8. On December 18, 2019, while at the pre-trial conference, I explained all the above to DOC's attorney and he assured me that he would have the "IT" department format a dvd for me.

9. I even told him that we would come to DOC HQ and pick it up in light of the mishap with the post office and the first video that was sent.

10. We agreed that he would contact us once the video was prepared and ready for pick up.

11. As of the making of this application, we have not been so contacted by DOC.

   **WHEREFORE,** it is respectfully requested that an order issuing a *subpoena duces tecum* for the production of the Genetec video in this matter in a format able to be viewed on a Macintosh computer be granted; together with such other and further relief as this Tribunal deems just and proper.

Dated: New York, New York
       January 7, 2020

                                        Respectfully submitted,
                                        Representative for Respondent

By: XXXXXXXXXXXX __
                                        Wayne A. Tatum, Sr.
                                        P.O. Box 714
                                        New York, New York 10026
                                        (347) 286-8142

2

Exhibit "Q"

**From:** **Kashtan, Kristina (OATH)** KKashtan@oath.nyc.gov 
**Subject:** 19-2232 - DOC v. Thompson - Subpoena
**Date:** January 8, 2020 at 5:26 PM
**To:** nyce.da.ecs.llc@gmail.com
**Cc:** Smith, Clarence Clarence.Smith@doc.nyc.gov

Wayne A. Tatum, Sr.,

Please find attached a subpoena signed by ALJ McGeachy-Kuls. The original copy is ready for a pick up at OATH Calendar Unit (Monday-Friday from 9:00 a.m. to 5:00 p.m.).

If you have any questions, please contact me.

Thank you,

Kristina Kashtan
Administrative Assistant
Office of Administrative Trials and Hearings

100 Church Street, 12th Floor
New York, New York 10007
(212) 933-3086
kkashtan@oath.nyc.gov





19-2232 - DOC
v. Tho...20.pdf



# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
### Trials Division

*In the Matter of*

**DEPARTMENT OF CORRECTION** ,
*Petitioner(s)*,

- *against* -

**EON THOMPSON, C.O. # 17852** ,
*Respondent(s)*.



**SUBPOENA
DUCES TECUM**

OATH Index No. 2232 19

TO:  DEPARTMENT OF CORRECTION

**WE COMMAND YOU**, that all business and excuses being laid aside, you produce the following books, papers, records and data:

Genetec Video

by delivering the originals or certified copies of the originals, no later than _____ January 16 _____ , 2020, to the party who requested issuance of this subpoena, and whose name, address and telephone number appear on the reverse side of this subpoena.

Failure to produce the above-described items will subject you to all the penalties provided for by section 2308(b) of the Civil Practice Law and Rules.

This subpoena is issued pursuant to section 2302(a) of the Civil Practice Law and Rules, sections 1046(c)(1) and 1049(3)(c) of the New York City Charter, and section(s) _____
_____ .

Pursuant to section 1-43 of title 48 of the Rules of the City of New York, all inquiries about



# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
## Trials Division

- 2 -

this subpoena should be directed to the party who requested issuance of the subpoena, whose name, address and telephone number appear below. In the event of a dispute concerning this subpoena, informal resolution shall be attempted with the party who requested issuance of the subpoena. If the dispute is not thus resolved, a motion to quash, modify or enforce the subpoena shall be made to the undersigned administrative law judge.

PARTY REQUESTING ISSUANCE OF THIS SUBPOENA (include name of requesting attorney or party, address and telephone and fax numbers):

Wayne A. Tatum, Sr.
Representative for Respondent
P.O. Box 714
New York, New York 10026
(347) 286-8142

SO ORDERED

Administrative Law Judge
New York, New York

Dated Jan 8, 2020

Rev 6/11/2015



**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

---

## 19-2232 - DOC v. Thompson - Subpoena

**Smith, Clarence** <Clarence.Smith@doc.nyc.gov>                    Thu, Jan 9, 2020 at 10:26 AM
To: "Kashtan, Kristina (OATH)" <KKashtan@oath.nyc.gov>, "nyce.da.ecs.llc@gmail.com" <nyce.da.ecs.llc@gmail.com>
Cc: Wayne Tatum <nyce.da.ecs.llc@gmail.com>

Good morning;

I am in receipt of this email and the attached subpoena.

I will make arrangements with Mr. Tatum to pick up the re-formated Genetec Video, as per our prior agreement in or around December 18, 2020.

Thank you.

Clarence Smith Jr.

[Quoted text hidden]

# Exhibit "R"

  Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## GENETEC VIDEO FOR CASE #169/19 - EON THOMPSON

**Smith, Clarence** <Clarence.Smith@doc.nyc.gov>                                    Fri, Jan 10, 2020 at 4:45 PM
To: Wayne Tatum <nyce.da.ecs.llc@gmail.com>
Cc: "Oliveros-Nikol, Ian" <Ian.Oliveros-Nikol@doc.nyc.gov>, "Booker, Michael" <Michael.Booker@doc.nyc.gov>

Good afternoon:

Please confirm one of the following time periods,  to appear at the Bulova building (DOC Headquarters) to pick up the re-formatted Genetec video in the above-referenced matter:

Monday 1-13-2020   – 1pm – 4pm

Tuesday 1-14-2020   – 10am – 4pm

Wednesday 1-15-2020  - 10am -4pm

Thursday 1-16-2020   - 12pm – 4pm

Please bring your laptop computer, to test the video to ensure that it is compatible with your device.

Thank you.

**Clarence Smith Jr.**

Agency Attorney Level III | Trials and Litigation Division

New York City Department of Correction

Work: 718-546-0878 | | Fax: 718-278-6526

Email address: clarence.smith@doc.nyc.gov

Socialize with us on **FB | Twitter | YouTube**
**nyc.gov/doc**

XXXXXXX

 Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

---

## GENETEC VIDEO FOR CASE #169/19 - EON THOMPSON

**Wayne Tatum** <nyce.da.ecs.llc@gmail.com>                         Fri, Jan 10, 2020 at 4:56 PM
To: "Clarence Smith Jr." <Clarence.Smith@doc.nyc.gov>
Cc: "Oliveros-Nikol, Ian" <Ian.Oliveros-Nikol@doc.nyc.gov>, "Booker, Michael" <Michael.Booker@doc.nyc.gov>

Good afternoon:

Thursday, Jan 16, 2020 - 12pm — 4pm is good for us.

Either my wife or I will pick it up, and will bring my MacBook.

Thank you.
[Quoted text hidden]

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.


Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142


Hours:
Sun. Closed
Mon.     8a — 4p
Tue. — Thu.   9a — 6p
Fri.  9a — 5p
Sat.  Closed

 Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## GENETEC VIDEO FOR CASE #169/19 - EON THOMPSON

**Smith, Clarence** <Clarence.Smith@doc.nyc.gov>
To: Wayne Tatum <nyce.da.ecs.llc@gmail.com>
Cc: "Oliveros-Nikol, Ian" <Ian.Oliveros-Nikol@doc.nyc.gov>, "Booker, Michael" <Michael.Booker@doc.nyc.gov>

Fri, Jan 10, 2020 at 5:01 PM

OK Great.

Let's confirm for Thursday 1/16/2020 at 2pm.

Thank you.

Clarence Smith

[Quoted text hidden]



 Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## GENETEC VIDEO FOR CASE #169/19 - EON THOMPSON

**Wayne Tatum** <nyce.da.ecs.llc@gmail.com>                                    Fri, Jan 10, 2020 at 5:02 PM
To: "Clarence Smith Jr." <Clarence.Smith@doc.nyc.gov>
Cc: "Oliveros-Nikol, Ian" <Ian.Oliveros-Nikol@doc.nyc.gov>, "Booker, Michael" <Michael.Booker@doc.nyc.gov>

Confirmed.
[Quoted text hidden]

**Exhibit "S"**

XXXXXX
Gmail - Scheduled for Trial: KJM: Case# - 192232 - Department of Correction v. Thompson, Eon

 Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## Scheduled for Trial: KJM: Case# - 192232 - Department of Correction v. Thompson, Eon
2 messages

**casematters-noreply@doitt.nyc.gov** <casematters-noreply@doitt.nyc.gov>
To: nyce.da.ecs.llc@gmail.com

Thu, Jan 23, 2020 at 11:02 AM

Scheduled for Trial
Parties:
Respondent:  Thompson, Eon
Respondent Atty:  Tatum Sr., Wayne A.
Agency Atty:   Smith, Clarence
Assigned Judge:  Miller, Kara J.

(Case: 192232 - Department of Correction v. Thompson, Eon)

📄 **326043720200323T09300020200323T100000.ics**
1K

**casematters-noreply@doitt.nyc.gov** <casematters-noreply@doitt.nyc.gov>
To: nyce.da.ecs.llc@gmail.com

Thu, Jan 23, 2020 at 11:02 AM

[Quoted text hidden]

📄 **326043820200324T09300020200324T100000.ics**
1K

**Exhibit "T"**

**From:** **Wayne Tatum** nyce.da.ecs.llc@gmail.com
**Subject:** Request for identification of the hearing officer
**Date:** January 24, 2020 at 3:44 PM
**To:** Clarence Smith Jr.  Clarence.Smith@doc.nyc.gov

Good afternoon Mr. Smith,

Please advise who the person is that will conduct my client's disciplinary hearing.

Thank you.

Wayne A. Tatum, Sr.

**Plaintiff's Exhibit - T
#1**

**From:** **Wayne Tatum** nyce.da.ecs.llc@gmail.com
**Subject:** 2nd Request for the identity of the hearing officer
**Date:** January 27, 2020 at 4:26 PM
**To:** Clarence Smith Jr.  Clarence.Smith@doc.nyc.gov

Good afternoon Mr. Smith:

Re: DOC v. Thompson, OATH Index No. 19-2232

This is my second request for the identity of the person that will be conducting my client's disciplinary hearing.

I received conflicting emails from OATH on this issue; as well as the date of the hearing. So please provide the requested information.

Thank you.

Wayne A. Tatum, Sr.

Plaintiff's Exhibit - T
#2

**From:** **Wayne Tatum** nyce.da.ecs.llc@gmail.com
**Subject:** Fwd: Request for identification of the hearing officer
**Date:** January 29, 2020 at 9:29 AM
**To:** LeGoff, Patricia Patricia.LeGoff@doc.nyc.gov

Ms. LeGoff:

I am forwarding this email to your attention because I have not received a response from Attorney Clarence Smith Jr.

Please respond to my question in the email.

Thank you.

> Begin forwarded message:
>
> **From:** Wayne Tatum <nyce.da.ecs.llc@gmail.com>
> **Subject: Request for identification of the hearing officer**
> **Date:** January 24, 2020 at 3:44:23 PM EST
> **To:** "Clarence Smith Jr." <Clarence.Smith@doc.nyc.gov>
>
> Good afternoon Mr. Smith,
>
> Please advise who the person is that will conduct my client's disciplinary hearing.
>
> Thank you.
>
> Wayne A. Tatum, Sr.

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
Sun.        Closed
Mon.        8a — 4p
Tue. — Thu. 9a — 6p
Fri.        9a — 5p
Sat.        Closed

---

**Plaintiff's Exhibit - T
#3**

**From: Wayne Tatum** nyce.da.ecs.llc@gmail.com
**Subject:** Fwd: 2nd Request for the identity of the hearing officer
**Date:** January 29, 2020 at 9:30 AM
**To:** LeGoff, Patricia Patricia.LeGoff@doc.nyc.gov

Ms. LeGoff:

I am forwarding this email to your attention because I have not received a response from Attorney Clarence Smith Jr.

Please respond to my 2nd request in the email.

Thank you.

> Begin forwarded message:
>
> **From:** Wayne Tatum <nyce.da.ecs.llc@gmail.com>
> **Subject: 2nd Request for the identity of the hearing officer**
> **Date:** January 27, 2020 at 4:24:31 PM EST
> **To:** "Clarence Smith Jr." <Clarence.Smith@doc.nyc.gov>
>
> Good afternoon Mr. Smith:
>
> Re: DOC v. Thompson, OATH Index No. 19-2232
>
> This is my second request for the identity of the person that will be conducting my client's disciplinary hearing.
>
> I received conflicting emails from OATH on this issue; as well as the date of the hearing. So please provide the requested information.
>
> Thank you.
>
> Wayne A. Tatum, Sr.

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
Sun.          Closed
Mon.          8a — 4p
Tue. — Thu.   9a — 6p
Fri.          9a — 5p
Sat.          Closed

**Plaintiff's Exhibit - T**
**#4**



**From:** **Smith, Clarence** Clarence.Smith@doc.nyc.gov
**Subject:** RE: Request for identification of the hearing officer
**Date:** January 29, 2020 at 10:07 AM
**To:** LeGoff, Patricia Patricia.LeGoff@doc.nyc.gov, Oliveros-Nikol, Ian Ian.Oliveros-Nikol@doc.nyc.gov
**Cc:** Wayne Tatum nyce.da.ecs.llc@gmail.com

Good morning:

The OATH Index Number the  case of Eon Thompson is; 192232.

The OATH Judge is Kara Miller.

Thank you.

Clarence Smith

**From:** LeGoff, Patricia
**Sent:** Wednesday, January 29, 2020 9:43 AM
**To:** Oliveros-Nikol, Ian <Ian.Oliveros-Nikol@doc.nyc.gov>
**Cc:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>
**Subject:** Fwd: Request for identification of the hearing officer

Fyi

> **Plaintiff's Exhibit - T #5**

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Wayne Tatum <nyce.da.ecs.llc@gmail.com>
Date: 1/29/20 9:29 AM (GMT-05:00)
To: "LeGoff, Patricia" <Patricia.LeGoff@doc.nyc.gov>
Subject: Fwd: Request for identification of the hearing officer

Ms. LeGoff:

I am forwarding this email to your attention because I have not received a response from Attorney Clarence Smith Jr.

Please respond to my question in the email.

Thank you.

Begin forwarded message:

**From:** Wayne Tatum <nyce.da.ecs.llc@gmail.com>
**Subject: Request for identification of the hearing officer**

**Date:** January 24, 2020 at 3:44:23 PM EST
**To:** "Clarence Smith Jr." <Clarence.Smith@doc.nyc.gov>

Good afternoon Mr. Smith,

Please advise who the person is that will conduct my client's disciplinary hearing.

Thank you.

Wayne A. Tatum, Sr.

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
Sun.
Closed
Mon.
8a — 4p
Tue. — Thu.
9a — 6p
Fri.
9a — 5p
Sat.
Closed

Plaintiff's Exhibit - T
#6

**From:** **Kashtan, Kristina (OATH)** KKashtan@oath.nyc.gov
**Subject:** RE: 19-2232 - Inquiry: Which ALJ will conduct Respondent Thompson's disciplinary hearing?
**Date:** February 5, 2020 at 2:31 PM
**To:** Wayne Tatum nyce.da.ecs.llc@gmail.com
**Cc:** Smith, Clarence Clarence.Smith@doc.nyc.gov

Good afternoon,

Currently Hon. Kara J. Miller (KMILLER@oath.nyc.gov) is the assigned ALJ for this trial, but it is subject to change. The trial dates are:  3/19, 3/23 and 3/24 at 9:30 a.m.

DOC is represented by Clarence Smith Jr. (Clarence.Smith@doc.nyc.gov).

If you have any questions, please contact me.

Kristina Kashtan
Administrative Assistant
Office of Administrative Trials and Hearings
100 Church Street, 12th Floor
New York, New York 10007
(212) 933-3086
kkashtan@oath.nyc.gov



> **Plaintiff's Exhibit - T
> #7**

**From:** Wayne Tatum [mailto:nyce.da.ecs.llc@gmail.com]
**Sent:** Wednesday, February 05, 2020 12:21 PM
**To:** Kashtan, Kristina (OATH)
**Subject:** Inquiry: Which ALJ will conduct Respondent Thompson's disciplinary hearing?

Ms. Kashtan:

Re: DOC v. Thompson, OATH Index No. 19-2232

Please provide the name and contact information of the ALJ that will be conducting Mr. Thompson's disciplinary hearing; as well as the date(s) of the scheduled hearing.

Thank you.

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally

**Exhibit "U"**

**From:** **Smith, Clarence** Clarence.Smith@doc.nyc.gov  
**Subject:** EON THOMPSON - DR # 168/19
**Date:** March 10, 2020 at 11:19 AM
**To:** Wayne Tatum nyce.da.ecs.llc@gmail.com

As per our prior email discussions today, I am forwarding you documents pertaining to the trial of Eon Thompson in four (4) separate emails, because of the documents size.

This is 1 of 4.

Thank you.

Clarence Smith


**From:** care.canon@doc.nyc.gov <care.canon@doc.nyc.gov>
**Sent:** Monday, March 9, 2020 4:30 PM
**To:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>
**Subject:** Attached Image



0426_001.pdf



**From:** **Smith, Clarence** Clarence.Smith@doc.nyc.gov  
**Subject:** FW: Attached Image  
**Date:** March 10, 2020 at 11:20 AM  
**To:** Wayne Tatum nyce.da.ecs.llc@gmail.com

As per our prior email discussions today, I am forwarding you documents pertaining to the trial of Eon Thompson in four (4) separate emails, because of the documents size.

This is 2 of 4.

Thank you.

Clarence Smith


**From:** care.canon@doc.nyc.gov <care.canon@doc.nyc.gov>  
**Sent:** Monday, March 9, 2020 4:33 PM  
**To:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>  
**Subject:** Attached Image



0427_001.pdf



**From:** **Smith, Clarence** Clarence.Smith@doc.nyc.gov
**Subject:** FW: Attached Image
**Date:** March 10, 2020 at 11:21 AM
**To:** Wayne Tatum nyce.da.ecs.llc@gmail.com

As per our prior email discussions today, I am forwarding you documents pertaining to the trial of Eon Thompson in four (4) separate emails, because of the documents size.

This is 3 of 4.

Thank you.

Clarence Smith


**From:** care.canon@doc.nyc.gov <care.canon@doc.nyc.gov>
**Sent:** Monday, March 9, 2020 4:36 PM
**To:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>
**Subject:** Attached Image



0428_001.pdf

**From:** **Smith, Clarence** Clarence.Smith@doc.nyc.gov 
**Subject:** FW: Attached Image
**Date:** March 10, 2020 at 11:22 AM
**To:** Wayne Tatum nyce.da.ecs.llc@gmail.com

As per our prior email discussions today, I am forwarding you documents pertaining to the trial of Eon Thompson in four (4) separate emails, because of the documents size.

This is 4 of 4.

Thank you.

Clarence Smith

**From:** care.canon@doc.nyc.gov <care.canon@doc.nyc.gov>
**Sent:** Monday, March 9, 2020 4:38 PM
**To:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>
**Subject:** Attached Image



0429_001.pdf



**From:** **Wayne Tatum** nyce.da.ecs.llc@gmail.com
**Subject:** Re: Attached Image
**Date:** March 10, 2020 at 11:33 AM
**To:** Clarence Smith Jr. Clarence.Smith@doc.nyc.gov

Mr. Smith;

Thank you, I received them all. I have a question, before I look over these documents is the Commissioner's written designation letter authorizing OATH to conduct Mr. Thompson's disciplinary proceeding a part of these items sent to me today?

Please advise promptly.

Thank you.

On Mar 10, 2020, at 11:21 AM, Smith, Clarence <Clarence.Smith@doc.nyc.gov> wrote:

As per our prior email discussions today, I am forwarding you documents pertaining to the trial of Eon Thompson in four (4) separate emails, because of the documents size.

This is 4 of 4.

Thank you.

Clarence Smith

**From:** care.canon@doc.nyc.gov <care.canon@doc.nyc.gov>
**Sent:** Monday, March 9, 2020 4:38 PM
**To:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>
**Subject:** Attached Image

<0429_001.pdf>

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
| | |
|---|---|
| Sun. | Closed |
| Mon. | 8a — 4p |
| Tue. — Thu. | 9a — 6p |
| Fri. | 9a — 5p |
| Sat. | Closed |

Exhibit "V"

From: **Wayne Tatum** nyce.da.ecs.llc@gmail.com
Subject: DEMAND
Date: March 11, 2020 at 3:33 PM
To: Clarence Smith Jr. Clarence.Smith@doc.nyc.gov, Patricia LeGoff Patricia.LeGoff@doc.nyc.gov

TO: Cynthia Brann, Commissioner of Correction:

RE:  DOC v. Correction Officer Eon Thompson #17852
DR # 168/19 and OATH Index No. 19-2232

DEMAND is hereby made that you comply with Civil Service Law Section 75 in the handling of the disciplinary action, DOC Disciplinary Record #168/19 and OATH Index No. 19-2232, taken against Correction Officer Eon Thompson #17852.

DEMAND is further made that you respond to this electronic communication forthwith and within 24 hours of the sent date and time of this email, with a statement that you will comply with Civil Service Law Section 75 in this matter as herein requested, or not.

Sincerely,

Wayne A. Tatum, Sr.,
Representative for Respondent: C.O. Eon Thompson #17852

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
Sun.          Closed
Mon.         8a — 4p
Tue. — Thu.  9a — 6p
Fri.            9a — 5p
Sat.           Closed

**Plaintiff's Exhibit - V
#1**

From: **Smith, Clarence** Clarence.Smith@doc.nyc.gov 
Subject: RE: DEMAND
Date: March 11, 2020 at 5:27 PM
To: Wayne Tatum nyce.da.ecs.llc@gmail.com
Cc: Neuman, Shulamit Shulamit.Neuman@doc.nyc.gov



> **Plaintiff's Exhibit - V**
> **#2**

Mr. Tatum:

The Department is in possession of the Commissioner's Letter designating OATH as the proper tribunal to hear this matter.

Any issues that you would like to raise concerning this matter, should be argued before the OATH Judge on March 19, 2020.

Thank you.

Clarence Smith

**From:** Wayne Tatum <nyce.da.ecs.llc@gmail.com>
**Sent:** Wednesday, March 11, 2020 3:34 PM
**To:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>; LeGoff, Patricia <Patricia.LeGoff@doc.nyc.gov>
**Subject:** DEMAND

TO: Cynthia Brann, Commissioner of Correction:

RE:  DOC v. Correction Officer Eon Thompson #17852
DR # 168/19 and OATH Index No. 19-2232

DEMAND is hereby made that you comply with Civil Service Law Section 75 in the handling of the disciplinary action, DOC Disciplinary Record #168/19 and OATH Index No. 19-2232, taken against Correction Officer Eon Thompson #17852.

DEMAND is further made that you respond to this electronic communication forthwith and within 24 hours of the sent date and time of this email, with a statement that you will comply with Civil Service Law Section 75 in this matter as herein requested, or not.

Sincerely,

Wayne A. Tatum, Sr.,
Representative for Respondent: C.O. Eon Thompson #17852

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.


Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -

Exhibit "W"



**From:** Smith, Clarence Clarence.Smith@doc.nyc.gov
**Subject:** Case of Respondent C.O. Eon Thompson, OATH Index Number 19-2232
**Date:** March 12, 2020 at 11:55 AM
**To:** Miller, Kara (OATH) KMILLER@oath.nyc.gov
**Cc:** OATH Calunit OATHCalunit@oath.nyc.gov, Wayne Tatum nyce.da.ecs.llc@gmail.com

Good morning Judge Miller:

As Your Honor is aware, the Case of Respondent C.O. Eon Thompson, OATH Index Number 19-2232, is scheduled for Trial on March 19, 2020.

The Department is ready to proceed to Trial on that date. Yesterday, Wednesday, March 11, 2020, Mr. Tatum (copied to this email) had emailed the Department that he may be seeking an adjournment of the March 19, 2020 Trial Date.

The Department is inquiring as to whether Mr. Tatum has reached out to the Court as to: 1) whether he will be seeking a Pre-Trial Conference. If Mr. Tatum is seeking a Pre-Trial Conference, the Department respectfully inquires of the Court whether we may schedule the Pre-Trial Conference at a date earlier than March 19, 2020 so that the Parties are available to begin Trial on March 19, 2020.  To that end, the Department is available to participate in a Pre-Trial Conference either in person at OATH or by telephone, whichever is convenient for the Court. 2) Whether Mr. Tatum has asked the Court to adjourn the Trial date.

Thank you,

Clarence Smith, Jr.
Agency Attorney
New York City Department of Correction
Investigation and Trials Division
75-20 Astoria Blvd., Suite 310
East Elmhurst, NY 11370
718-546-0878

IMPORTANT NOTICE: This e-mail and any attachments may contain confidential or sensitive information which is, or may be, legally privileged or otherwise protected by law from further disclosure. It is intended only for the addressee(s). If you received this in error or from someone who was not authorized to send it to you, please do not distribute, copy or use it or any of its attachments. Please notify the sender immediately by reply e-mail and delete this from your system. Thank you for your cooperation.



**From:** **Smith, Clarence** Clarence.Smith@doc.nyc.gov
**Subject:** RE: Case of Respondent C.O. Eon Thompson, OATH Index Number 19-2232
**Date:** March 12, 2020 at 12:27 PM
**To:** Miller, Kara (OATH) KMILLER@oath.nyc.gov
**Cc:** OATH Calunit OATHCalunit@oath.nyc.gov, Wayne Tatum nyce.da.ecs.llc@gmail.com

OK.
Thank you.

Clarence Smith, Jr.
Agency Attorney
New York City Department of Correction
Investigation and Trials Division
75-20 Astoria Blvd., Suite 310
East Elmhurst, NY 11370
718-546-0878

IMPORTANT NOTICE: This e-mail and any attachments may contain confidential or
sensitive information which is, or may be, legally privileged or otherwise protected by law
from further disclosure. It is intended only for the addressee(s). If you received this in
error or from someone who was not authorized to send it to you, please do not distribute,
copy or use it or any of its attachments. Please notify the sender immediately by reply e-
mail and delete this from your system. Thank you for your cooperation.

**From:** Miller, Kara (OATH) <KMILLER@oath.nyc.gov>
**Sent:** Thursday, March 12, 2020 12:23 PM
**To:** Smith, Clarence <Clarence.Smith@doc.nyc.gov>
**Cc:** OATH Calunit <OATHCalunit@oath.nyc.gov>; Wayne Tatum
<nyce.da.ecs.llc@gmail.com>
**Subject:** RE: Case of Respondent C.O. Eon Thompson, OATH Index Number 19-2232

Mr. Tatum has not contacted the tribunal regarding an adjournment.  The trial will
remain on the calendar as scheduled.

Kara J. Miller
Administrative Law Judge
Office of Administrative Trials and Hearings
100 Church Street, 12th Floor
New York, New York 10007
212-933-3014

**From:** Smith, Clarence
**Sent:** Thursday, March 12, 2020 11:56 AM
**To:** Miller, Kara (OATH)
**Cc:** OATH Calunit; Wayne Tatum
**Subject:** Case of Respondent C.O. Eon Thompson, OATH Index Number 19-2232


Good morning Judge Miller:

As Your Honor is aware, the Case of Respondent C.O. Eon Thompson, OATH Index Number 19-2232, is scheduled for Trial on March 19, 2020.

The Department is ready to proceed to Trial on that date. Yesterday, Wednesday, March 11, 2020, Mr. Tatum (copied to this email) had emailed the Department that he may be seeking an adjournment of the March 19, 2020 Trial Date.

The Department is inquiring as to whether Mr. Tatum has reached out to the Court as to: 1) whether he will be seeking a Pre-Trial Conference. If Mr. Tatum is seeking a Pre-Trial Conference, the Department respectfully inquires of the Court whether we may schedule the Pre-Trial Conference at a date earlier than March 19, 2020 so that the Parties are available to begin Trial on March 19, 2020.  To that end, the Department is available to participate in a Pre-Trial Conference either in person at OATH or by telephone, whichever is convenient for the Court. 2) Whether Mr. Tatum has asked the Court to adjourn the Trial date.

Thank you,

Clarence Smith, Jr.
Agency Attorney
New York City Department of Correction
Investigation and Trials Division
75-20 Astoria Blvd., Suite 310
East Elmhurst, NY 11370
718-546-0878

IMPORTANT NOTICE: This e-mail and any attachments may contain confidential or sensitive information which is, or may be, legally privileged or otherwise protected by law from further disclosure. It is intended only for the addressee(s). If you received this in error or from someone who was not authorized to send it to you, please do not distribute, copy or use it or any of its attachments. Please notify the sender immediately by reply e-mail and delete this from your system. Thank you for your cooperation.

Exhibit "X"

Gmail - Application for Subpoena

  Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

---

## Application for Subpoena

**Wayne Tatum <nyce.da.ecs.llc@gmail.com>**
To: Kara Miller <KMILLER@oath.nyc.gov>
Cc: "Clarence Smith Jr." <Clarence.Smith@doc.nyc.gov>, Angela Tatum 

Thu, Mar 12, 2020 at 12:33 PM

Good afternoon ALJ Miller:

Please see attached application for the issuance of a subpoena.

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
Sun. Closed
Mon.      8a — 4p
Tue. — Thu.   9a — 6p
Fri.  9a — 5p
Sat.  Closed

📎 **application-for-subpoena_DOCvThompson_19-2232 copy.pdf**
93K

**OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS**
**TRIALS DIVISION**

In the Matter of

DEPARTMENT OF CORRECTION,

                        Petitioner,

     -against-

EON THOMPSON, CORRECTION OFFICER #17852

                        Respondent.

Index No.: 19-2232

**APPLICATION FOR AN ORDER ISSUING A SUBPOENA DUCES TECUM**

WAYNE A. TATUM, SR., Representative for Respondent in this matter, make the following application pursuant to §§ 1-34, 1-43 and 1-26 of OATH's Rules of Practice, and to **Kara J. Miller, Administrative Law Judge**, assigned to this case, for an order issuing a *subpoena duces tecum* for the production of the OATH Intake Sheet in this matter, and for a copy of the written designation letter to OATH from Commissioner Brann designating OATH to conduct Correction Officer Thompson's disciplinary proceeding.

1.  In emails sent within the past week to Attorney Clarence Smith, Jr., the DOC attorney in this matter, I have requested a copy of both the OATH Intake Sheet and the written designation letter from Commissioner Brann applicable to this case.

2.  After first representing that he was "confused" by my request of the OATH Intake Sheet, Attorney Smith emailed to me a paper that he claimed was the item that I requested.

3.  But it was not what I requested.

4.  Yesterday, Mr. Smith sent an email stating, "The Department is in possession of the Commissioner's Letter designating OATH as the proper tribunal to hear this matter. Any

1

issues that you would like to raise concerning this matter, should be argued before the OATH Judge on March 19, 2020."

5. But he did not attach a copy of the written designation letter to his email.

6. Therefore, I am compelled to make this application.

   **WHEREFORE,** it is respectfully requested that an order issuing a *subpoena duces tecum* for the production of the OATH Intake Sheet and written Designation Letter from Commissioner Brann designating OATH to conduct Correction Officer Thompson's disciplinary proceeding be granted; together with such other and further relief as this Tribunal deems just and proper.

Dated: New York, New York
      March 12, 2020

<div align="right">

Respectfully submitted,
Representative for Respondent

By: _____
Wayne A. Tatum, Sr.
P.O. Box 714
New York, New York 10026
(347) 286-8142

</div>

Gmail - Application for Subpoena



On Mar 12, 2020, at 3:24 PM, Miller, Kara (OATH) <KMILLER@oath.nyc.gov> wrote:

Mr. Tatum:
There is no need for a subpoena for these documents.  I have attached the
Department's designation letter and the OATH intake sheet.  Please be advised that
OATH has migrated to an electronic portal to docket cases.  Although the current intake
sheet does not resemble the old intake sheets that were had been faxed by the agency
to the Calendar Unit in the past, this document is still consider the intake sheet for the
case and is in compliance with our rules.

Kara J. Miller
Administrative Law Judge
Office of Administrative Trials and Hearings
100 Church Street, 12th Floor
New York, New York 10007
212-933-3014

**From:** Wayne Tatum [mailto:nyce.da.ecs.llc@gmail.com]
**Sent:** Thursday, March 12, 2020 12:34 PM
**To:** Miller, Kara (OATH)
**Cc:** Smith, Clarence; Angela Tatum
**Subject:** Application for Subpoena

Good afternoon ALJ Miller:

Please see attached application for the issuance of a subpoena.


This communication (including any attachments) is intended for the use of the intended
recipient(s) only and may contain information that is confidential, privileged or legally
protected. Any unauthorized use or dissemination of this communication is strictly prohibited.
If you have received this communication in error, please immediately notify the sender by return
e-mail message and delete all copies of the original communication.


Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

# Exhibit "Y"

Gmail - Application for Subpoena

 Gmail

Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>

## Application for Subpoena

**Wayne Tatum** <nyce.da.ecs.llc@gmail.com>
To: Kara Miller <KMILLER@oath.nyc.gov>
Cc: "Clarence Smith Jr." <Clarence.Smith@doc.nyc.gov>, OATH <OATHCalunit@oath.nyc.gov>, ALJ Admin Assist
<ALJAdminAssist@oath.nyc.gov>, Angela Tatum ✕✕✕✕✕✕✕✕✕✕✕
Bcc: ✕✕✕✕✕✕✕✕✕✕

Fri, Mar 13, 2020 at 10:09 AM

ALJ Miller:

Thank you very much for the items that I originally requested from DOC, and for clarifying my confusion about OATH's new intake sheet and docketing procedures. You are right that the current intake sheet does not resemble the old intake sheet. I recall the old one (see attached). And could not imagine what Mr. Smith was sending to me. So thank you again.

As to Mr. Smith's email inquiry to OATH yesterday, and his statement therein that I "emailed the Department that [I] may be seeking an adjournment of the March 19, 2020 Trial Date." Mr. Smith did not mention to you and left out the fact that my email to the Department that he refers to was a reply to his five (5) emails sent to me. And that he initiated that email string on Monday, March 9, 2020 at approximately 1005hrs.

In that email, he stated after his salutation "I have attempted to send you an email containing documents, that is being returned marked "delivery has failed recipient". Pleas [sic] contact me at 718 546 0878 to discuss, or provide another email address to send the documents."

I responded (at approximately 1150hrs.), "I am not sure why that is happening. The email that you used today (nyce.da.ecs.llc@gmail.com) is working as you can see we are on it now. And there shouldn't be a problem with the size of the documents that you may be trying to send. Is it a large amount of documents that you sent to me and received the error message?

Within five minutes Mr. Smith responded saying, "Yes. Perhaps it's the size. I will try again. Thank you."

The next day, Tuesday, March 10, 2020 at approximately 1120hrs., I received an email from Mr. Smith stating, "As per our prior email discussions today, [sic] I am forwarding you documents pertaining to the trial of Eon Thompson in four (4) separate emails, because of the documents size. This is 1 of 4. Thank you."

The attachment to that first email contained thirty (30) new documents; the second email attachment that he sent contained fifty (50) new documents; the third email attachment contained thirty-five (35) new documents; and the fourth email attachment contained forty-five (45) new documents. Totaling 160 new documents the Department intends to introduce or submit into the record at trial as evidence.

Mr. Smith next sent an email at approximately 1455hrs., also on Tuesday March 10th (Subject line: "Additional Discovery") stating, in part, "Thank you for getting back to me. In addition to the documents that has already been provided to you, please be advised that the Department has attached photographs (Genetec stills) to this email that the Department may seek to introduce into evidence at Trial."

To which I responded at approximately 1555hrs., "Thank you for your detailed response to my request for the production of the written designation letter (pursuant to Civil Service Law Section 75 subdivision 2) from Commissioner Brann.

I view your response, without more, as a formal denial of my request of that document.

Additionally, in view of the voluminous documents that you sent today, I am considering making a motion for an adjournment of maybe a month or so, *inter alia*. And in that regard, I will take a day or two to review your emails sent today and the materials attached to them before making my decision. As to the Genetec stills, I will object to them being entered into the record and state my reasons at a later point in the matter.

Thank you, sincerely."

And so you see Judge Miller, Mr. Smith left out a lot of the details when he made his inquiry to OATH yesterday as to whether or not I filed for an adjournment.



All the same, I have taken my two days to review the material attached to his emails and have decided that based on the sheer volume of new documents electronically served on me as "Additional Discovery" one week before the scheduled trial date, I will make an application to OATH for an adjournment of thirty (30) days in which to adequately prepare for trial, as well as to further advise my client based on the position of the Department discovered in this email exchange. To that end, if you require a formal application for this request for an adjournment please advise. But if not, then I respectfully request that you consider this email writing as my formal request for a thirty (30) day adjournment of this case.

Thank you.



Gmail - Application for Subpoena



 Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## Application for Subpoena

**Miller, Kara (OATH)** <KMILLER@oath.nyc.gov>                          Fri, Mar 13, 2020 at 2:47 PM
To: Wayne Tatum <nyce.da.ecs.llc@gmail.com>, "Smith, Clarence" <Clarence.Smith@doc.nyc.gov>
Cc: OATH Calunit <OATHCalunit@oath.nyc.gov>, ALJ Admin Assist <ALJAdminAssist@oath.nyc.gov>, Angela Tatum
XXXXXXXXXXXXX, Peter Troxler <ptroxler@koehler-isaacs.com>

Mr. Smith:

I apologize for the delay in responding but I was on the bench. Is the Department objecting to Mr. Tatum's application for an adjournment? I am including Mr. Troxler on the e-mail, since he is representing CO Williams, the co-respondent. An adjournment would impact him and his client.


Kara J. Miller

Administrative Law Judge

Office of Administrative Trials and Hearings

100 Church Street, 12th Floor

New York, New York 10007

212-933-3014



**From:** Wayne Tatum [mailto:nyce.da.ecs.llc@gmail.com]
**Sent:** Friday, March 13, 2020 10:09 AM
**To:** Miller, Kara (OATH)

[Quoted text hidden]

[Quoted text hidden]


[Quoted text hidden]
[Quoted text hidden]

<DOC Designation Letter.pdf><DOC v. Thompson Intake Sheet.pdf>


This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.


Wayne A. Tatum, Sr.

President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC

P.O. Box 714

Gmail - Application for Subpoena

  Gmail

Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>

## Application for Subpoena

**Smith, Clarence** <Clarence.Smith@doc.nyc.gov>                                 Fri, Mar 13, 2020 at 3:13 PM
To: "Miller, Kara (OATH)" <KMILLER@oath.nyc.gov>, Wayne Tatum <nyce.da.ecs.llc@gmail.com>
Cc: OATH Calunit <OATHCalunit@oath.nyc.gov>, ALJ Admin Assist <ALJAdminAssist@oath.nyc.gov>, Angela Tatum
███████████████, Peter Troxler <ptroxler@koehler-isaacs.com>

Good afternoon Judge Miller:


The Department takes no position on Mr. Tatum's request for an adjournment and recognizes and respects, that his request is a matter solely within the discretion of the Court. However, the Department is prepared to proceed to  trial on March 19, 2020, or the next date set by the Court.


Thank you.


Clarence Smith, Jr.

Agency Attorney

New York City Department of Correction

Investigation and Trials Division

75-20 Astoria Blvd., Suite 310

East Elmhurst, NY 11370

718-546-0878


IMPORTANT NOTICE: This e-mail and any attachments may contain confidential or sensitive information which is, or may be, legally privileged or otherwise protected by law from further disclosure. It is intended only for the addressee(s). If you received this in error or from someone who was not authorized to send it to you, please do not distribute, copy or use it or any of its attachments. Please notify the sender immediately by reply e-mail and delete this from your system. Thank you for your cooperation.

[Quoted text hidden]

Gmail - Application for Subpoena

 Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## Application for Subpoena

**Peter Troxler** <ptroxler@koehler-isaacs.com>
To: "Miller, Kara (OATH)" <KMILLER@oath.nyc.gov>
Cc: Wayne Tatum <nyce.da.ecs.llc@gmail.com>, "Smith, Clarence" <Clarence.Smith@doc.nyc.gov>, OATH Calunit <OATHCalunit@oath.nyc.gov>, ALJ Admin Assist <ALJAdminAssist@oath.nyc.gov>, Angela Tatum

Fri, Mar 13, 2020 at 3:02 PM

Judge Miller, (et.al.)

I have no objection to the application for an adjournment. We can arrange new hearing dates that are mutually convenient to the Court and to the parties.

Respectfully,

Peter Troxler

Sent from my iPhone

> On Mar 13, 2020, at 2:47 PM, Miller, Kara (OATH) <KMILLER@oath.nyc.gov> wrote:

[Quoted text hidden]

Gmail - Application for Subpoena

 

Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>

## Application for Subpoena

**Miller, Kara (OATH) <KMILLER@oath.nyc.gov>**                                    Fri, Mar 13, 2020 at 3:28 PM
To: "Smith, Clarence" <Clarence.Smith@doc.nyc.gov>, Wayne Tatum <nyce.da.ecs.llc@gmail.com>, Peter Troxler
<ptroxler@koehler-isaacs.com>
Cc: OATH Calunit <OATHCalunit@oath.nyc.gov>, ALJ Admin Assist <ALJAdminAssist@oath.nyc.gov>, Angela Tatum

Respondent Thompson's request for an adjournment is granted to permit Mr. Tatum to review discovery produced by the parties. All of the parties should contact the Calendar Unit to select new trial dates. All of the trial dates presently on the calendar will be vacated.

Kara J. Miller

Administrative Law Judge

Office of Administrative Trials and Hearings

100 Church Street, 12th Floor

New York, New York 10007

212-933-3014

[Quoted text hidden]

**Exhibit "Z"**



**NEW YORK CITY DEPARTMENT OF CORRECTION**
Cynthia Brann, Commissioner
Office of the Commissioner
75-20 Astoria Boulevard, Suite 305
East Elmhurst, New York. 11370

718 • 546 • 0890
Fax 718 • 278 • 6022

March 2, 2020

Tynia D. Richard
Acting Commissioner
Acting Chief Administrative Law Judge
New York City Office of Administrative Trials and Hearings
100 Church Street, 12th Floor
New York, NY 10006

Re: Designation and Delegation of Authority to Conduct
    Administrative Due Process Hearings for Officers and Employees

Dear Acting Chief Judge Richard:

In accordance with Executive Order No. 32 of 1979, Charter § 1048, I hereby designate the Chief
Administrative Law Judge of the New York City Office of Administrative Trials and Hearings ("OATH") or
such other administrative law judges of OATH as she may assign, to conduct administrative due process
hearings pursuant to Civil Service Law §§ 71, 72, 73, and 75, and Charter § 1049 and in accordance with
OATH's Rules of Practice.  OATH administrative law judges are also authorized to conduct conferences,
including settlement conferences, hear and dispose of all pre-trial motions and matters, including discovery,
issue subpoenas, and hear all post trial motions prior to the submission of the Report and Recommendation.
Following analysis of all testimony and other evidence in each hearing, the record of the hearing and the Record
and Recommendation shall be submitted to me for my review and final determination.

Sincerely,

Cynthia Brann
Commissioner

**Exhibit "AA"**



# Scheduled for Trial: JM   Inbox ×

**casematters-noreply@doitt.nyc.gov**          Mon, Mar 16, 2020, 12:53 PM
to me

Mar
**19**
Thu

## Scheduled for Trial: JM
From Google Calendar

This event has been **canceled**.

CANCELLATION

325905320200319T09300020200319T100000.ics   Download

Reply          Forward

**Plaintiff's Exhibit - AA
#1**



# Scheduled for Trial: KJM   Inbox ×

**casematters-noreply@doitt.nyc.gov**                    Mon, Mar 16, 2020, 12:53 PM
to me

Mar
**23**
**Mon**

### Scheduled for Trial: KJM
From Google Calendar

This event has been **canceled**.

CANCELLATION

326043720200323T09300020200323T100000.ics   Download

Reply            Forward

Plaintiff's Exhibit - AA
#2

Scheduled for Trial: KJM - nyce.da.ecs.llc@gmail.com - Gmail

# Scheduled for Trial: KJM   Inbox ×

**casematters-noreply@doitt.nyc.gov**                    Mon, Mar 16, 2020, 12:53 PM
to me

Mar
## 24
**Tue**

## Scheduled for Trial: KJM
From Google Calendar

This event has been **canceled**.

CANCELLATION

326043820200324T09300020200324T100000.ics   Download

Reply                Forward

Plaintiff's Exhibit - AA
#3



# Scheduled for Trial: KJM: Case# - 192232 - Department of Correction v. Thompson, Eon   Inbox ×

**casematters-noreply@doitt.nyc.gov**                     Tue, Mar 17, 2020, 12:15 PM
to me

Jun

**1**

**Mon**

### Scheduled for Trial: KJM

When     Mon Jun 1, 2020 9:30am – 10am (EDT)

Who      oathcal@oath.nyc.gov*

Scheduled for Trial
Parties:
Respondent:  Thompson, Eon
Respondent Atty:  Tatum Sr., Wayne A.
Agency Atty:   Smith, Clarence
Assigned Judge:  Miller, Kara J.

(Case: 192232 - Department of Correction v. Thompson, Eon)

326329020200601T09300020200601T100000.ics   Download

> **Plaintiff's Exhibit - AA**
> **#4**



Scheduled for Trial: KJM - nyce.da.ecs.llc@gmail.com - Gmail

# Scheduled for Trial: KJM  Inbox ×

**casematters-noreply@doitt.nyc.gov**                    Tue, May 19, 2020, 10:32 AM
to me

| Jun |
| --- |
| **1** |
| **Mon** |

### Scheduled for Trial: KJM
From Google Calendar

This event has been **canceled**.


CANCELLATION

326329020200601T09300020200601T100000.ics   Download


Reply            Forward


Plaintiff's Exhibit - AA
#5

**Exhibit "BB"**

 Scheduled for Trial: KC: Case# - 192232 - Department of Correction v. Thompson, Eon - nyce.da.ecs.llc@gmail.com - Gmail

# Scheduled for Trial: KC: Case# - 192232 - Department of Correction v. Thompson, Eon  Inbox ×

**casematters-noreply@doitt.nyc.gov**                    Wed, May 27, 2020, 11:34 AM
to me

Sep

## 22
Tue

### Scheduled for Trial: KC

When      Tue Sep 22, 2020 9:30am – 10am (EDT)

Who       oathcal@oath.nyc.gov*

Scheduled for Trial
Parties:
Respondent:  Thompson, Eon
Respondent Atty:  Tatum Sr., Wayne A.
Agency Atty:   Smith, Clarence
Assigned Judge:  Casey, Kevin

(Case: 192232 - Department of Correction v. Thompson, Eon)

326516420200922T09300020200922T100000.ics   Download

┌─────────────────────────┐
│ **Plaintiff's Exhibit - BB** │
│            **#1**            │
└─────────────────────────┘



**From:** VanRhyn, Elaine (OATH) EVANRHYN@oath.nyc.gov
**Subject:** RE: DOC v. Thompson - 192232
**Date:** May 27, 2020 at 11:35 AM
**To:** Wayne Tatum nyce.da.ecs.llc@gmail.com
**Cc:** OATH Calunit OATHCalunit@oath.nyc.gov, Smith, Clarence Clarence.Smith@doc.nyc.gov

Confirmed trial date

September 22, 2020 @ 9:30

Reassigned to Judge Casey

kcasey@oath.nyc.gov

**From:** Wayne Tatum [mailto:nyce.da.ecs.llc@gmail.com]
**Sent:** Wednesday, May 27, 2020 11:13 AM
**To:** VanRhyn, Elaine (OATH)
**Cc:** OATH Calunit; Smith, Clarence
**Subject:** Re: DOC v. Thompson - 192232

Good Morning,

Yes September 22 is fine.

Wayne A. Tatum, Sr.

On May 27, 2020, at 10:38, VanRhyn, Elaine (OATH) <EVANRHYN@oath.nyc.gov>
wrote:

>   Good Morning,
>
>   Please confirm if September 22 is fine with everyone.
>
>   Elaine VanRhyn
>   Calendar Unit Supervisor
>   Office of Administrative Trials and Hearings
>   100 Church Street, 12th Floor
>   New York, New York 10007
>   347-820-4954
>   evanrhyn@oath.nyc.gov

**Plaintiff's Exhibit - BB #2**

**From:** Wayne Tatum [mailto:nyce.da.ecs.llc@gmail.com]
**Sent:** Tuesday, May 26, 2020 7:05 PM

**To:** Miller, Kara (OATH)
**Cc:** Smith, Clarence; VanRhyn, Elaine (OATH)
**Subject:** Re: DOC v. Thompson - 192232

Ok, thank you.

On Tue, May 26, 2020 at 18:31 Miller, Kara (OATH)
<KMILLER@oath.nyc.gov> wrote:

> Thank you for taking the time to discuss possible adjourn dates.
> Someone will respond next week with the new date for trial.
>
> Kara J. Miller
>
> Administrative Law Judge
>
> Office of Administrative Trials and Hearings
>
> 100 Church Street, 12th Floor
>
> New York, New York 10007
>
> 212-933-3014
>
> ---
>
> **From:** Wayne Tatum [nyce.da.ecs.llc@gmail.com]
> **Sent:** Tuesday, May 26, 2020 1:24 PM
> **To:** Miller, Kara (OATH)
> **Cc:** Smith, Clarence
> **Subject:** Re: DOC v. Thompson - 192232
>
> Good afternoon ALJ Miller:
>
> Thank you for the proposal to have a remote video trial; however, my client
> has communicated to me that he would prefer an in-person hearing. And so I
> have communicated to Attorney Smith today after receiving your email that I
> am available in September 2020.
>
> Specifically, the weeks of September 14; 21; or 28. And Attorney Smith has
> agreed to a date in September 2020.
>
> Thank you for your considerations.
>
> Wayne A. Tatum, Sr.

> **Plaintiff's Exhibit - BB**
> **#3**

> On May 26, 2020, at 12:54, Miller, Kara (OATH)
> <KMILLER@oath.nyc.gov> wrote:

Counselors:
As you know the in-person trial scheduled for June 1, 2020, was adjourned.  We would like to offer you the opportunity to do a remote video trial for another date in June if you are interested.  Please let me know how you would like to proceed.

Kara J. Miller

Administrative Law Judge

Office of Administrative Trials and Hearings

100 Church Street, 12th Floor

New York, New York 10007

212-933-3014

--

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com

(347) 286-8142

Hours:
| | | |
|---|---|---|
| Sun. | | Closed |
| Mon. | 8a — 4p | |
| Tue. — Thu. | 9a — 6p | |
| Fri. | | 9a — 5p |
| Sat. | | Closed |

**Plaintiff's Exhibit - BB #4**

**Exhibit "CC"**

 Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

---

## DOC V. EON THOMPSON OATH CASE INDEX # 192232 DOC #168/19
1 message

**Smith, Clarence** <Clarence.Smith@doc.nyc.gov>                                 Mon, Aug 10, 2020 at 1:07 PM
To: Wayne Tatum <nyce.da.ecs.llc@gmail.com>
Cc: "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>

Good afternoon Mr. Tatum:

The above-referenced case is scheduled for an OATH  remote trial  (trial by video conference) on September 22, 2020.

The case has been reassigned to Attorney Shulamit Neuman, as I will be leaving the office, as of August 20, 2020.

Please contact me to discuss this matter.  I will be in the office (at Bulova) up until my departure date.

Please leave the best number to reach you, if I am not at my desk when you call.

Thank you.

Clarence Smith, Jr.

Agency Attorney

New York City Department of Correction

Investigation and Trials Division

75-20 Astoria Blvd., Suite 310

East Elmhurst, NY 11370

718-546-0878

IMPORTANT NOTICE: This e-mail and any attachments may contain confidential or sensitive information which is, or may be, legally privileged or otherwise protected by law from further disclosure. It is intended only for the addressee(s). If you received this in error or from someone who was not authorized to send it to you, please do not distribute, copy or use it or any of its attachments. Please notify the sender immediately by reply e-mail and delete this from your system. Thank you for your cooperation.

> **Plaintiff's Exhibit - CC**
> **#1**

  Gmail

Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>

## DOC V. EON THOMSON DR # 168/19 - OATH INDEX # 192232
1 message

**Smith, Clarence** <Clarence.Smith@doc.nyc.gov>                          Wed, Aug 19, 2020 at 11:47 AM
To: Wayne Tatum <nyce.da.ecs.llc@gmail.com>
Cc: "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>, "Oppong, Jennifer" <Jennifer.Oppong@doc.nyc.gov>, "LeGoff,
Patricia" <Patricia.LeGoff@doc.nyc.gov>, "Lindblom, Cynthia" <Cynthia.Lindblom@doc.nyc.gov>

Mr. Tatum:

As per your request, I am forwarding you the email address of Shulamit Neuman (shulamit.neuman@doc.nyc.gov), the
newly assigned attorney for the trial involving CO Thompson, which is scheduled for a remote trial, at the Bulova
Corporate Center (DOC Headquarters), on September 22, 2020, before Judge William Casey.

Please contact Judge Casey, Ms. Neuman and the OATH Calendar Unit, with questions or concerns for the upcoming
trial.

Thank you

Clarence Smith, Jr.

Agency Attorney

New York City Department of Correction

Investigation and Trials Division

75-20 Astoria Blvd., Suite 310

East Elmhurst, NY 11370

718-546-0878

IMPORTANT NOTICE: This e-mail and any attachments may contain confidential or sensitive information which is, or may
be, legally privileged or otherwise protected by law from further disclosure. It is intended only for the addressee(s). If you
received this in error or from someone who was not authorized to send it to you, please do not distribute, copy or use it or
any of its attachments. Please notify the sender immediately by reply e-mail and delete this from your system. Thank you
for your cooperation.

> **Plaintiff's Exhibit - CC**
> **#2**

Gmail - Re: Information Request



 Gmail

**Wayne Tatum, Sr.** ✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕

## Re: Information Request

1 message

**Wayne A. Tatum, Sr.** ✕✕✕✕✕✕✕✕✕✕✕✕                    Mon, Aug 24, 2020 at 10:21 AM
To: Elaine VanRhyn <EVANRHYN@oath.nyc.gov>
Cc: OATH <OATHCalunit@oath.nyc.gov>, "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>

Attorney Clarence Smith has informed me that he is no longer assigned to this case and that his replacement is Attorney Shulamit Neuman: shulamit.neuman@doc.nyc.gov.

On Aug 24, 2020, at 10:18 AM, VanRhyn, Elaine (OATH) <EVANRHYN@oath.nyc.gov> wrote:

Clarence.smith@doc.nyc.gov

**From:** VanRhyn, Elaine (OATH) <EVANRHYN@oath.nyc.gov>
**Sent:** Monday, August 24, 2020 10:17 AM
**To:** Wayne A. Tatum, Sr. ✕✕✕✕✕✕✕✕✕✕
**Cc:** OATH Calunit <OATHCalunit@oath.nyc.gov>; Neuman, Shulamit <Shulamit.Neuman@doc.nyc.gov>
**Subject:** RE: Information Request

Judge Casey

kcasey@oath.nyc.gov

**From:** Wayne A. Tatum, Sr. ✕✕✕✕✕✕✕✕✕✕
**Sent:** Monday, August 24, 2020 10:13 AM
**To:** VanRhyn, Elaine (OATH) <EVANRHYN@oath.nyc.gov>
**Cc:** OATH Calunit <OATHCalunit@oath.nyc.gov>; Neuman, Shulamit <Shulamit.Neuman@doc.nyc.gov>
**Subject:** Re: Information Request

Thank you.

And I understand that Ms. Miller will not be conducting the proceeding.

Who will be conducting the proceeding?

> +---------------------------+
> | **Plaintiff's Exhibit - CC** |
> | **#3**                        |
> +---------------------------+

On Aug 24, 2020, at 10:10 AM, VanRhyn, Elaine (OATH) <EVANRHYN@oath.nyc.gov> wrote:

Good Morning,

Trial scheduled for September 22, 2020 @ 9:30am.  Trial will be held remotely. Dial in information will be sent to all parties.

As of today attorneys listed for this case are

Clarence Smith  - Department of Correction  -  we do not have an email address listed for him

**From:** Wayne A. Tatum, Sr. 
**Sent:** Monday, August 24, 2020 9:59 AM
**To:** OATH Calunit <OATHCalunit@oath.nyc.gov>
**Cc:** Neuman, Shulamit <Shulamit.Neuman@doc.nyc.gov>
**Subject:** Information Request

Good Morning:

RE: <u>DOC v. C.O. Eon Thompson DR# 168/19 &</u>
<u>OATH Index No. 19-2232</u>

I am the representative for Correction Officer Eon Thompson; I have been informed that there is a another person assigned to conduct his disciplinary proceeding and that this proceeding will be conducted remotely by OATH.

Please provide me with the name of the person that will be conducting Mr. Thompson's Civil Service Law section 75 disciplinary proceeding, and if the hearing will be conducted on September 22, 2020. Also at your convenience please provide to me the contact information for that person.

Thank you.




Wayne A. Tatum, Sr.
P.O. Box 714
New York, New York 10026
(347) 286-8142

E-Mail: 

---

**Plaintiff's Exhibit - CC**
**#4**

**Exhibit "DD"**

  Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## DOC v. Thompson OATH Index No. 192232

**Casey, Kevin (OATH)** <kcasey@oath.nyc.gov>                    Mon, Aug 24, 2020 at 6:09 PM
To: "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>, Wayne Tatum <nyce.da.ecs.llc@gmail.com>

Dear Counsel,

I hope all is well.  This matter is scheduled for trial on September 22.  Per the order of OATH's Chief Judge, trials are to be conducted remotely.   An in-person trial may only be granted, upon written request, where there is "particularized *compelling* need for an in-person proceeding and the proceeding can be conducted while providing sufficient social distancing and other public health protections to comply with state and local government public health guidelines."

For your convenience, here is a link to that order: https://www1.nyc.gov/assets/oath/downloads/pdf/Trials-Div-Order.pdf

To assist us with scheduling, please reply to the following questions:

1. Are you ready to try this case on September 22?
2. Are you able to try this case remotely?
3. If you are requesting an in-person **trial**, please specify why this case needs to be held in person rather than remotely.

Regards,

Kevin F. Casey

Administrative Law Judge

Office of Administrative Trials and Hearings

```
Plaintiff's Exhibit - DD
          #1
```

  Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## DOC v. Thompson OATH Index No. 192232

**Neuman, Shulamit** <Shulamit.Neuman@doc.nyc.gov>
To: "Casey, Kevin (OATH)" <kcasey@oath.nyc.gov>
Cc: Wayne Tatum <nyce.da.ecs.llc@gmail.com>, "Lindblom, Cynthia" <Cynthia.Lindblom@doc.nyc.gov>, "LeGoff, Patricia" <Patricia.LeGoff@doc.nyc.gov>

Tue, Aug 25, 2020 at 9:47 AM

Good morning Administrative Law Judge Casey:


I hope that this email finds Administrative Law Judge Casey to be well and good.


Herein are the Department's responses to ALJ Casey's inquiries.


1. The Department is ready to try this Case on September 22, 2020.
2. The Department has the capabilities to try this Case remotely.
3. The Department is not requesting an in-person trial.


Thank you.


Thank you,

Shulamit Neuman

Agency Attorney, Investigation & Trials Division

New York City Department of Correction

75-20 Astoria Blvd. - Suite 310

East Elmhurst, NY 11370

Ph. (718) 546-3321

Socialize with us on **FB | Twitter | YouTube**
**nyc.gov/doc**

-

> **Plaintiff's Exhibit - DD**
> **#2**

  Gmail

Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>

## DOC v. Thompson OATH Index No. 192232

**Wayne Tatum** <nyce.da.ecs.llc@gmail.com>                          Tue, Aug 25, 2020 at 5:26 PM
To: "Casey, Kevin (OATH)" <kcasey@oath.nyc.gov>
Cc: "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>
Bcc: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Good Afternoon ALJ Casey:

Re: DOC v. C.O. Eon Thompson DR#168/19 OATH Index No. 19-2232

As you know, I am the representative for Correction Officer Eon Thompson #17852 in this matter.

My client has raised procedural concerns as it relates to Civil Service Law (CSL) Section 75 subdivision 2, and your authority to conduct his disciplinary proceeding under that law. Therefore, and in the interest of procedural due process, I must request on his behalf that you provide to me written authority, as prescribed in CSL § 75(2), from the Commissioner of the NYC Department of Correction, to you, authorizing you to conduct Mr. Thompson's Section 75 disciplinary proceeding.

Alternatively, if there is any other law or City ordinance that you intend to conduct Mr. Thompson's disciplinary proceeding under please provide that to me as soon as possible and prior to September 22, 2020.

Thank you.
[Quoted text hidden]
This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
Sun. Closed
Mon.        8a — 4p
Tue. — Thu.   9a — 6p
Fri.  9a — 5p
Sat.  Closed

┌─────────────────────────────┐
│ **Plaintiff's Exhibit - DD** │
│              **#3**          │
└─────────────────────────────┘

 

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## DOC v. Thompson OATH Index No. 192232

**Casey, Kevin (OATH) <kcasey@oath.nyc.gov>**                          Wed, Aug 26, 2020 at 1:19 PM
To: Wayne Tatum <nyce.da.ecs.llc@gmail.com>
Cc: "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>

Dear Mr. Tatum,

Per your request, see the attached letter from DOC's Commissioner authorizing OATH ALJs to
conduct this disciplinary proceeding per section 75 of the Civil Service Law.  Please respond to the
questions that I asked in my earlier email (below) by 5:00 p.m. on Friday August 28.

Regards,

ALJ Casey

**From:** Wayne Tatum <nyce.da.ecs.llc@gmail.com>
**Sent:** Tuesday, August 25, 2020 5:26 PM
**To:** Casey, Kevin (OATH) <kcasey@oath.nyc.gov>
**Cc:** Neuman, Shulamit <Shulamit.Neuman@doc.nyc.gov>
**Subject:** Re: DOC v. Thompson OATH Index No. 192232

[Quoted text hidden]
[Quoted text hidden]

G9qO6R79YgmQ5WmlBJyqK663SKcbVmgZtnx978m
Pig8YBrK3fm1QtinWMZqUUWih4uUbOzhMqPQs3t5OTwDPnGlhehCW6HoMdVQ8ybtsOSDq5BxsYVsxK6OZflensr7OE
M7_NgXPmEBppn0Nw7cDR_qMwN-UwjMLIUC27ki33RDVSGY2wXAnEo5BZVggcWYxxpq_jn-xEg8XyDD7E5pjgDa-
ZWRBtQGNwRNa3ZFz1pP4zorOtdOb2mhkWm2qfu6hwSlzwGFCptXtqiRLCjxz45jz9rzn7ymls1J68iLhCKBB0F7AbY
Qqt6t/http%3A%2F%2Fwww.waynetatumandthemovement.com

[Quoted text hidden]

📄 **DOC OATH Designation Letter.pdf**
59K

```
Plaintiff's Exhibit - DD
         #4
```



**The City of New York**

NEW YORK CITY DEPARTMENT OF CORRECTION
**Cynthia Brann, Commissioner**
Office of the Commissioner
75-20 Astoria Boulevard, Suite 305
East Elmhurst, New York. 11370

718 • 546 • 0890
Fax 718 • 278 • 6022

March 2, 2020

Tynia D. Richard
Acting Commissioner
Acting Chief Administrative Law Judge
New York City Office of Administrative Trials and Hearings
100 Church Street, 12th Floor
New York, NY 10006

Re: Designation and Delegation of Authority to Conduct
    Administrative Due Process Hearings for Officers and Employees

Dear Acting Chief Judge Richard:

In accordance with Executive Order No. 32 of 1979, Charter § 1048, I hereby designate the Chief Administrative Law Judge of the New York City Office of Administrative Trials and Hearings ("OATH") or such other administrative law judges of OATH as she may assign, to conduct administrative due process hearings pursuant to Civil Service Law §§ 71, 72, 73, and 75, and Charter § 1049 and in accordance with OATH's Rules of Practice.  OATH administrative law judges are also authorized to conduct conferences, including settlement conferences, hear and dispose of all pre-trial motions and matters, including discovery, issue subpoenas, and hear all post trial motions prior to the submission of the Report and Recommendation. Following analysis of all testimony and other evidence in each hearing, the record of the hearing and the Record and Recommendation shall be submitted to me for my review and final determination.

Sincerely,

Cynthia Brann
Commissioner

┌─────────────────────────────┐
│ **Plaintiff's Exhibit - DD** │
│           **#5**            │
└─────────────────────────────┘

**From:** Wayne Tatum nyce.da.ecs.llc@gmail.com
**Subject:** DOC v. Thompson OATH Index No. 19-2232 and DOC DR# 168/19
**Date:** August 28, 2020 at 4:43 PM
**To:** Casey, Kevin (OATH) kcasey@oath.nyc.gov
**Cc:** Neuman, Shulamit Shulamit.Neuman@doc.nyc.gov
**Bcc:** Eon Thompson XXXXXXXXXXXX

Good Afternoon ALJ Casey:

In response to your August 24, 2020 email inquiry, I must answer in the negative to your first question. And reserve my right to respond to questions two and three. In your first question you asked whether I was "ready to try this case on September 22."

I first responded to your email on August 25, 2020 with my client's procedural concerns as it relates to Civil Service Law Section 75's written authorization requirement for a person other than the DOC head to conduct his disciplinary proceeding. You in turn provided me with a letter representing to be from the Commissioner of Correction dated March 2, 2020 to the "Acting Chief Judge Richard," of OATH. I object to this letter on many grounds but for the purpose of this writing my objection is that it is not in line with the legal mandate of Civil Service Law Section 75, as set forth in subdivision 2 of that law; and caselaw.

The following is a quote from New York State's Highest Court, the NYS Court of Appeals, on the subject of the written authorization requirement in Civil Service Law Section 75; the Court of Appeals said,

"Subdivision 2 of section 75 of the Civil Service Law prescribes the basic procedure for hearing charges of misconduct levied against a civil servant. Among other things, it allows the officer or body having power to remove an employee to designate in writing a deputy or other person for the purpose of conducting the hearing. ... In the absence of a written delegation authorizing a deputy or other person to conduct the hearing, the removing board or officer has no jurisdiction to discipline an employee." See Matter of Wiggins v. Board of Educ., 60 NY2d 385, 387 (COA 1983).

The letter that you sent to me does not comply with Civil Service Law Section 75; nor does it comply with caselaw. Therefore, I can only logically conclude that you do not possess the legal authority to conduct Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding.

As a consequence, and in the interest of procedural due process on behalf of Mr. Thompson, I will file under OATH's Rules of Practice next week a motion to disqualify you from conducting this case.

Thank you.

--
This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
| | |
|---|---|
| Sun. | Closed |
| Mon. | 8a — 4p |
| Tue. — Thu. | 9a — 6p |
| Fri. | 9a — 5p |
| Sat. | Closed |

**Plaintiff's Exhibit - DD #6**

**Exhibit "EE"**



 Gmail

**Wayne Tatum, Sr.** ✕✕✕✕✕✕✕✕✕✕✕✕✕

## Complaint Against OATH ALJ Kevin Casey
1 message

**Wayne A. Tatum, Sr.** <wa✕✕✕✕✕✕✕✕✕                    Tue, Sep 8, 2020 at 11:31 AM
To: "Hon. Joni Kletter" <chiefjudge@oath.nyc.gov>
Cc: Angela Tatum ✕✕✕✕✕✕✕✕✕✕✕
Bcc: ✕✕✕✕✕✕✕✕✕✕✕✕

Wayne A. Tatum, Sr.
P.O. Box 714
New York, New York 10026
(347) 286-8142

E-Mail: ✕✕✕✕✕✕✕✕✕

📎 **COMPLAINT-ALJ.pdf**
116K

**Plaintiff's Exhibit - EE
#1**

**Complaint Form**

**NYC Administrative Law Judge Complaint Form -- Confidential**

Download, complete and email this form to chiefjudge@oath.nyc.gov
or mail to the AJC or OATH CHIEF JUDGE:

| | |
|---|---|
| Administrative Justice Coordinator<br>Office of the Mayor<br>100 Gold St., 2nd FL<br>New York, NY 10038 | Chief ALJ<br>Office of Administrative Trials and Hearings<br>100 Church Street, 12th FL<br>New York, NY 10007 |

You may submit a complaint by using this complaint form or submitting a letter. If you submit a letter, please include the kind of information requested by this form.

Please be as detailed as possible, including such information as the name of the administrative law judge, the tribunal, the name of the case, the name of the parties, the date or dates on which the violation allegedly occurred and a description of the alleged violation.

The AJC and OATH Chief Judge review all complaints and decide whether to refer the complaint for investigation. Sometimes it is necessary for the AJC or OATH staff to call the complainant or other participants for clarification of the complaint. You can also send the complaint form directly to the tribunal head.

**Background Information**          Today's Date: 9/8/2020

Your Name: Wayne Tatum, Sr.          Email: ✕✕✕✕✕✕✕✕✕✕

Address: P.O. Box 714 New York, NY 10026

Home Phone: (64✕✕✕✕✕✕          Business Phone: (347) 286-8142

**Complaint Information**

Administrative Law Judge or Hearing Officer's Name: Kevin Casey

Tribunal (Agency): OATH          County: New York

Summons/Notice of Violation Number: N/A

**Details of Complaint**

```
Plaintiff's Exhibit - EE
#2
```

Below, describe the alleged misconduct. Include as much detailed information as possible, such as what happened, where and when; the names of witnesses; who said what to whom, and in what tone of voice; etc. Use additional sheets if necessary.

I am the representative for the respondent in DOC v Eon Thompson, OATH Index No. 19-2232.

- During the course of my representation of my client Mr. Thompson, I discovered that the assigned administrative law judge, Kevin Casey, is operating as an OATH administrative law judge in violation of NYC Charter section 1049(1) (a). That express provision reads, in relevant part, that an OATH administrative law judge "shall be appointed for a term of five years" only.

- According to OATHs website, https://www1.nyc.gov/site/oath/institute/hon-kevin-casey.page, Kevin Casey was appointed to the position of OATH administrative law judge in November 2004.

- Therefore, he is now holding the same position as an OATH administrative law judge more than ten (10) years beyond the term limit imposed on his appointment by the Charter as an OATH administrative law judge.

- And so his presiding over Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding is plainly and manifestly unlawful. In addition, I did file a motion to disqualify ALJ Kevin Casey on September 4, 2020 citing a violation of Mr. Thompson's procedural due process rights in that ALJ Casey did not obtain written authorization to conduct Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding in accordance with that law.

Thank you for your attention to this matter.

<div style="border: 1px solid black; text-align: center;">

**Plaintiff's Exhibit - EE**
**#3**

</div>

XXXXXX

 Gmail                                    **Wayne Tatum, Sr.** XXXXXXXXXXXXX

---

## COMPLAINT against OATH ALJ Kevin Casey
1 message

**Wayne** XXXXXXXXXXX                                          Wed, Sep 9, 2020 at 2:01 PM
To: "Hon. Joni Kletter" <chiefjudge@oath.nyc.gov>

Wayne A. Tatum, Sr.

📎 **COMPLAINT-ALJ.pdf**
   116K

```
Plaintiff's Exhibit - EE
        #4
```

Gmail - COMPLAINT-ALJ.pdf



 Gmail

**Wayne Tatum, Sr.** XXXXXXXXXXXXX

# COMPLAINT-ALJ.pdf
1 message

**Wayne A. Tatum, Sr.** XXXXXXXXXXX                                          Mon, Sep 14, 2020 at 3:12 PM
To: "Hon. Joni Kletter" <chiefjudge@oath.nyc.gov>

Dear Chief ALJ Kletter:

Please acknowledge receipt of the attached complaint.


Wayne A. Tatum, Sr.

📄 **COMPLAINT-ALJ.pdf**
   116K

---

> **Plaintiff's Exhibit - EE**
> **#5**



 Gmail                                   **Wayne Tatum, Sr.** XXXXXXXXXXXXXXX

## Fw: COMPLAINT-ALJ.pdf
1 message

**Ng, Frank (OATH)** <fng@oath.nyc.gov>                  Mon, Sep 14, 2020 at 5:53 PM
To: "wayn XXXXXXXXXXXXXXXXXXXXXXXX

Dear Mr. Tatum:

In accordance with Section 1-27 of Title 48 of the Rules of the City of New York, a motion for
disqualification of an administrative law judge must be addressed to that administrative law judge.
Your motion to disqualify has been forwarded to Judge Casey for determination.

Very truly yours,
Frank Ng

Frank Ng
Acting Deputy General Counsel
OATH
100 Church Street, 12th Floor
New York, NY 10007
212-933-3004

**From:** Wayne A. Tatum, Sr. XXXXXXXXXXXXXX
**Sent:** Monday, September 14, 2020 3:13 PM
**To:** ChiefJudge <ChiefJudge@oath.nyc.gov>
**Subject:** COMPLAINT-ALJ.pdf

Dear Chief ALJ Kletter:

Please acknowledge receipt of the attached complaint.


Wayne A. Tatum, Sr.


> **Plaintiff's Exhibit - EE**
> **#6**



 Gmail                                    **Wayne Tatum, Sr.** ✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕

**COMPLAINT-ALJ.pdf**
1 message

**Statz, Olga (OATH)** <OStatz@oath.nyc.gov>                    Mon, Sep 14, 2020 at 10:38 PM
To: "way ✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕✕
Cc: "Ng, Frank (OATH)" <fng@oath.nyc.gov>

Dear Mr. Tatum,


This is to acknowledge receipt of your complaint. The General Counsel's Office will respond
shortly.


An attorney will be assigned to this matter who will contact you within the week.


Going forward, please direct all your correspondence to that attorney, not to the
Commissioner.


Thank you,


Olga Statz, Esq.

General Counsel

Office of Administrative Trials and Hearings

100 Church Street, 12th Fl.

212-933-3003

+-----------------------------+
| **Plaintiff's Exhibit - EE** |
| **#7**                       |
+-----------------------------+

 **COMPLAINT-ALJ.pdf**
116K



 Gmail

Wayne Tatum, Sr. ✖✖✖✖✖✖✖✖✖✖✖✖

## Re: COMPLAINT-ALJ.pdf

1 message

**Wayne A. Tatum, Sr.** ✖✖✖✖✖✖✖✖✖✖✖                            Tue, Sep 15, 2020 at 5:40 PM
To: "Statz, Olga (OATH)" <OStatz@oath.nyc.gov>
Cc: "Ng, Frank (OATH)" <fng@oath.nyc.gov>

Dear Ms. Statz:

Thank you for acknowledging, on behalf of Chief ALJ and Commissioner Kletter, receipt of my complaint.

I look forward to communicating with the assigned attorney from your office.

Sincerely,

> On Sep 14, 2020, at 10:38 PM, Statz, Olga (OATH) <OStatz@oath.nyc.gov> wrote:
>
> Dear Mr. Tatum,
>
> This is to acknowledge receipt of your complaint. The General Counsel's Office will respond shortly.
>
> An attorney will be assigned to this matter who will contact you within the week.
>
> Going forward, please direct all your correspondence to that attorney, not to the Commissioner.
>
> Thank you,
>
> Olga Statz, Esq.
> General Counsel
> Office of Administrative Trials and Hearings
> 100 Church Street, 12th Fl.
> 212-933-3003
>
> <COMPLAINT-ALJ.pdf>

┌─────────────────────────────┐
│ **Plaintiff's Exhibit - EE** │
│          **#8**             │
└─────────────────────────────┘

Wayne A. Tatum, Sr.
P.O. Box 714
New York, New York 10026
(347) 286-8142

E-Mail: ✖✖✖✖✖✖✖✖✖✖





 Gmail                                      **Wayne Tatum, Sr.** ✕✕✕✕✕✕✕✕✕✕✕✕✕

## Re: COMPLAINT-ALJ.pdf
1 message

**Ng, Frank (OATH)** <fng@oath.nyc.gov>                     Tue, Sep 15, 2020 at 8:37 PM
To: "Wayne A. Tatum, Sr." ✕✕✕✕✕✕✕✕✕✕✕

Dear Mr. Tatum:

I am the assigned attorney for this matter.  Your complaint about Judge Casey's appointment term
has been raised in your motion to disqualify, which has been forwarded to Judge Casey to decide
in accordance with OATH's Rules of Practice, Section 1-27 of Title 48 of the Rules of the City of
New York.  OATH's Rules of Practice can be found at https://www1.nyc.gov/site/oath/trials/rules-of-
practice.page. Thank you.

Very truly yours,
Frank Ng

Frank Ng
Acting Deputy General Counsel
OATH
100 Church Street, 12th Floor
New York, NY 10007
212-933-3004

**From:** Wayne A. Tatum, Sr. ✕✕✕✕✕✕✕✕✕✕✕
**Sent:** Tuesday, September 15, 2020 5:40 PM
**To:** Statz, Olga (OATH) <OStatz@oath.nyc.gov>
**Cc:** Ng, Frank (OATH) <fng@oath.nyc.gov>
**Subject:** Re: COMPLAINT-ALJ.pdf

┌─────────────────────────────┐
│ **Plaintiff's Exhibit - EE** │
│            **#9**            │
└─────────────────────────────┘

Dear Ms. Statz:

Thank you for acknowledging, on behalf of Chief ALJ and Commissioner Kletter, receipt of my complaint.

I look forward to communicating with the assigned attorney from your office.

Sincerely,

On Sep 14, 2020, at 10:38 PM, Statz, Olga (OATH) <OStatz@oath.nyc.gov> wrote:

Dear Mr. Tatum,

This is to acknowledge receipt of your complaint. The General Counsel's Office
will respond shortly.

An attorney will be assigned to this matter who will contact you within the week.

**Exhibit "FF"**

Gmail - Complaint Letter

 Gmail

**Wayne Tatum, Sr.** ✗✗✗✗✗✗✗✗✗✗✗✗✗

## Complaint Letter
1 message

**Wayne A. Tatum, Sr.** ✗✗✗✗✗✗✗✗✗✗
To: "Hon. Joni Kletter" <chiefjudge@oath.nyc.gov>
Cc: Angela Tatum ✗✗✗✗✗✗✗✗✗✗

Thu, Sep 17, 2020 at 4:53 PM

Dear Comm./Chief ALJ Kletter:

Please see attached complaint letter.

Thank you.

Wayne A. Tatum, Sr.
P.O. Box 714
New York, New York 10026
(347) 286-8142

E-Mail: ✗✗✗✗✗✗✗✗✗✗

📎 **Complaint Letter to Commissioner Joni Kletter.pdf**
209K

**Plaintiff's Exhibit - FF**
**#1**

September 17, 2020
Hon. Joni Kletter
Commissioner/Chief Administrative Law Judge
NYC Office of Administrative Trials and Hearings
100 Church Street 12th Floor
New York, NY 10007


Dear Comm./Chief ALJ Kletter:

<div align="center">Re: Complaint against ALJ Kevin Casey</div>

As you know, I am the Representative for Respondent in a Civil Service Law Section 75 disciplinary proceeding taking place in your agency, the New York City Office of Administrative Trials and Hearings ("OATH"). That case is docketed in your agency as <u>DOC v. Eon Thompson</u>, OATH Index No. 19-2232.

On Tuesday September 8, 2020, at approximately 1045hrs., I emailed you (at, chiefjudge@oath.nyc.gov) a "NYC Administrative Law Judge Complaint Form - Confidential"; along with a full copy of my motion (made pursuant to OATHs Rules of Practice, section 1-27), and which was copied to you on the last page. However, although I did complete the complaint form and did detail my complaint to you, I noticed afterwards upon inspecting my sent emails that the form sent to you was sent blank. I believe that was a computer error on my part in filing out the PDF form online. And so at approximately 1130hrs. that same day, I sent another email to you at chiefjudge@oath.nyc.gov with a completed <u>NYC Administrative Law Judge Complaint Form - Confidential</u> against Kevin Casey: a person operating as an OATH administrative law judge in your agency. I downloaded that complaint form that I sent to you from the NYC Administrative Justice Coordinator's website; here: https://www1.nyc.gov/site/ajc/rules-of-conduct/how-to-file-a-complaint.page; and download page here: https://www1.nyc.gov/assets/ajc/downloads/pdf/admin_judge_complaint_form.pdf.

I did follow the instructions on the form and detailed my complaint to you, stating the following:

**Plaintiff's Exhibit - FF #2**

P.O. Box 714 New York, NY 10026

"I am the representative for the respondent in DOC v Eon Thompson, OATH Index No. 19-2232.
During the course of my representation of my client Mr. Thompson, I discovered that the assigned administrative law judge, Kevin Casey, is operating as an OATH administrative law judge in violation of NYC Charter section 1049(1) (a). That express provision reads, in relevant part, that an OATH administrative law judge "shall be appointed for a term of five years" only.

According to OATHs website, https://www1.nyc.gov/site/oath/institute/hon-kevin-casey.page, Kevin Casey was appointed to the position of OATH administrative law judge in November 2004.

Therefore, he is now holding the same position as an OATH administrative law judge more than ten (10) years beyond the term limit imposed on his appointment by the Charter as an OATH administrative law judge.

And so his presiding over Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding is plainly and manifestly unlawful.

In addition, I did file a motion to disqualify ALJ Kevin Casey on September 4, 2020 citing a
violation of Mr. Thompson's procedural due process rights in that ALJ Casey did not obtain written authorization to conduct Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding in accordance with that law.

Thank you for your attention to this matter."

After not receiving any response from you acknowledging receipt of my complaint and any further instructions that I should follow, I then forwarded the same complaint to you on Wednesday September 9, 2020, at approximately 1400hrs. But neither you or anyone from your office acknowledged the complaint sent to you and so once again and several days later, I sent the same complaint to you again, on Monday September 14, 2020, at approximately 1510hrs.

On this same day, Monday September 14, 2020, at approximately 1755hrs., I received an email from Mr. Frank Ng, OATHs "Acting Deputy General Counsel," according to the signature line of his email. In that email Mr. Ng stated the following:

Plaintiff's Exhibit - FF
#3

Dear Mr. Tatum:

In accordance with Section 1-27 of Title 48 of the Rules of the City of New York, a motion for disqualification of an administrative law judge must be addressed to that administrative law judge. Your motion to disqualify has been forwarded to Judge Casey for determination.

Very truly yours,
Frank Ng

Frank Ng
Acting Deputy General Counsel
OATH
100 Church Street, 12th Floor
New York, NY 10007
212-933-3004

       I did not immediately respond to Mr. Ng's email because I thought that it was a bizarre response from an attorney to the attached formal complaint made against an active administrative law judge, and which was not at all a motion of any sort. I viewed his response as a cover-up of the violation stated in my complaint. After Mr. Ng's email, I then received an email at approximately 2240hrs., also on Monday September 14, 2020, from OATHs General Counsel, Ms. Olga Statz. And in her email, Ms. Statz wrote the following:

Dear Mr. Tatum,

This is to acknowledge receipt of your complaint. The General Counsel's Office will respond shortly.

An attorney will be assigned to this matter who will contact you within the week.

Going forward, please direct all your correspondence to that attorney, not to the Commissioner.

Thank you,

**Plaintiff's Exhibit - FF
#4**

Olga Statz, Esq.
General Counsel
Office of Administrative Trials and Hearings
100 Church Street, 12th Fl.
212-933-3003

On the next day, Tuesday September 15, 2020, at approximately 1740hrs. I responded to Ms. Statz' email and wrote the following:

Dear Ms. Statz:

Thank you for acknowledging, on behalf of Chief ALJ and Commissioner Kletter, receipt of my complaint.

I look forward to communicating with the assigned attorney from your office.

Sincerely,

Wayne A. Tatum, Sr.
P.O. Box 714
New York, New York 10026
(347) 286-8142

E-Mail: wayneatatum@gmail.com

Although I was looking forward to communicating with the assigned attorney from the General Counsel's Office, I was shocked that that person was the Acting Deputy General Counsel Frank Ng. I realized it was Mr. Ng when he emailed me that same day at approximately 2040hrs., stating the following:

Dear Mr. Tatum:

I am the assigned attorney for this matter. Your complaint about Judge Casey's appointment term has been raised in your motion to disqualify, which has been forwarded to Judge Casey to decide in accordance with OATH's Rules of Practice, Section 1-27 of Title 48 of the Rules of the City of New York. OATH's Rules of

**Plaintiff's Exhibit - FF
#5**

Practice can be found at https://www1.nyc.gov/site/oath/trials/rules-of-practice.page.
Thank you.
Very truly yours,
Frank Ng

Frank Ng
Acting Deputy General Counsel
OATH
100 Church Street, 12th Floor
New York, NY 10007
212-933-3004

 Madam Commissioner/Chief ALJ **Joni Kletter**, I write such a detailed letter to you including as much facts about the handling by your office of my complaint to you that I can, in order to give you an opportunity to address my complaint that Kevin Casey is operating as an OATH administrative law judge (ALJ) in violation of the New York City Charter (§1049(1)(a)) provision which sets forth and mandates that any OATH ALJ serve only **one** "five year term." And the facts presented to you in my complaint show that he is ten (10) years beyond what the Charter allows for in his appointment.

 It is my hope that you will fulfill your legal duty and obligation under the NYC Charter as the agency head to investigate my complaint and render a determination on my complaint which was made to you. By not rendering a determination on my complaint, you deprive me of my right to appeal your determination in an Article 78 proceeding before the Supreme Court.

 And so, in the absence of a formal determination or some meaningful and fair action from you on my complaint to stop Mr. Kevin Casey from conducting my client's Civil Service Law Section 75 disciplinary proceeding prior to the scheduled trial date of my client (September 22, 2020), I will be compelled to seek redress of my complaint from the Office of the Mayor, the Public Advocate Office, the NYC Department of Investigation ("DOI"), the NYC Conflicts of Interest Board ("COIB"), and the New York City Council, which has oversight authority of your agency.

 I will also be compelled to alert the general public through the media and other organizations of how you constructively refused to handle my complaint but

<div style="border:1px solid black; display:inline-block; padding:4px; text-align:center;">

**Plaintiff's Exhibit - FF**
**#6**

</div>

instead, through your General Counsel Office, gave it over to the very person that my complaint avers is violating the NYC Charter's express provision. As you may be aware, my client Mr. Thompson is a black man. In the course of time while representing him in this case at your agency I had opportunity to interview other City employees that suffered either the lost of their employment, or very harsh and serious penalties following Mr. Kevin Casey's conduct of their Civil Service Law Section 75 disciplinary proceedings years beyond his five year appointment limit. What stood out to me was the fact that the majority (or approximately 99%) of those that I interviewed were black city employees from various city agencies. I could not find an equal amount of white employees that suffered like penalties under the same circumstances and conditions.

Therefore, I will notify and seek assistance from organizations best suited for informing the general public, such as the NAACP, National Action Network, and Black Lives Matter, of the fact that you refused to act on my complaint to you even though your General Counsel acknowledged receipt of it on your behalf; that I believe the facts given and shown to you by my complaint and this letter support a claim that Kevin Casey may be engaged in official misconduct and conduct depriving predominately black city employees of their right to employment and due process of law. And that you are permitting Mr. Kevin Casey to continue operating as an administrative law judge in direct violation of the New York City Charter's express provision (§ 1049(1)(a)) prohibiting an OATH administrative law judge from an appointment beyond the mandatory five year term limit stated in that provision.

Finally, I believe the facts in my complaint show that your agency is actively engaged in a *Monell* violation and that my client is in imminent danger of falling victim to your agency's clear unlawful practices in the handling of his Civil Service Law Section 75 disciplinary proceeding.

Sincerely,

Wayne A. Tatum, Sr.

Wayne Tatum, Sr.
Representative for Respondent

Attachment (1): Copy of 9/8/20 Complaint to Chief ALJ Kletter

Plaintiff's Exhibit - FF
#7

## Complaint Form

## NYC Administrative Law Judge Complaint Form -- Confidential

Download, complete and email this form to chiefjudge@oath.nyc.gov
or mail to the AJC or OATH CHIEF JUDGE:

| | |
|---|---|
| Administrative Justice Coordinator<br>Office of the Mayor<br>100 Gold St., 2nd FL<br>New York, NY 10038 | Chief ALJ<br>Office of Administrative Trials and Hearings<br>100 Church Street, 12th FL<br>New York, NY 10007 |

You may submit a complaint by using this complaint form or submitting a letter. If you submit a letter, please include the kind of information requested by this form.

Please be as detailed as possible, including such information as the name of the administrative law judge, the tribunal, the name of the case, the name of the parties, the date or dates on which the violation allegedly occurred and a description of the alleged violation.

The AJC and OATH Chief Judge review all complaints and decide whether to refer the complaint for investigation. Sometimes it is necessary for the AJC or OATH staff to call the complainant or other participants for clarification of the complaint. You can also send the complaint form directly to the tribunal head.

### Background Information

Today's Date: 9/8/2020

Your Name: Wayne Tatum, Sr.                    Email: XXXXXXXXXX

Address: P.O. Box 714 New York, NY 10026

Home Phone: (64XXXXXXX          Business Phone: (347) 286-8142

### Complaint Information

Administrative Law Judge or Hearing Officer's Name: Kevin Casey

Tribunal (Agency): OATH                    County: New York

Summons/Notice of Violation Number: N/A

### Details of Complaint

| Plaintiff's Exhibit - FF<br>#8 |
|---|

Below, describe the alleged misconduct. Include as much detailed information as possible, such as what happened, where and when; the names of witnesses; who said what to whom, and in what tone of voice; etc. Use additional sheets if necessary.

I am the representative for the respondent in DOC v Eon Thompson, OATH Index No. 19-2232.

- During the course of my representation of my client Mr. Thompson, I discovered that the assigned administrative law judge, Kevin Casey, is operating as an OATH administrative law judge in violation of NYC Charter section 1049(1) (a). That express provision reads, in relevant part, that an OATH administrative law judge "shall be appointed for a term of five years" only.

- According to OATHs website, https://www1.nyc.gov/site/oath/institute/hon-kevin-casey.page, Kevin Casey was appointed to the position of OATH administrative law judge in November 2004.

- Therefore, he is now holding the same position as an OATH administrative law judge more than ten (10) years beyond the term limit imposed on his appointment by the Charter as an OATH administrative law judge.

- And so his presiding over Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding is plainly and manifestly unlawful. In addition, I did file a motion to disqualify ALJ Kevin Casey on September 4, 2020 citing a violation of Mr. Thompson's procedural due process rights in that ALJ Casey did not obtain written authorization to conduct Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding in accordance with that law.

Thank you for your attention to this matter.

> **Plaintiff's Exhibit - FF #9**

Exhibit "GG"



 Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## Motion to Adjourn OATH Index No. 19-2232
1 message

**Wayne Tatum** <nyce.da.ecs.llc@gmail.com>                                    Mon, Sep 21, 2020 at 4:03 PM
To: Kevin Casey <kcasey@oath.nyc.gov>
Cc: "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>
Bcc: angela✕✕✕✕✕✕✕✕✕

Dear ALJ Casey:

I have been informed by the Respondent Mr. Thompson, that he has made a request for judicial intervention in the Supreme Court, Queens County, upon the instant Civil Service Law Section 75 disciplinary proceeding being conducted by you.

Attached are copies of his Request for Judicial Intervention (RJI) form and Notice of Petition, filed with that court.

Therefore, I respectfully request on his behalf that these proceedings be adjourned and stayed pending the outcome and decision on his request presently before the Supreme Court.

Sincerely yours,

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
Sun. Closed
Mon.      8a — 4p
Tue. — Thu.   9a — 6p
Fri.  9a — 5p
Sat. Closed

**Plaintiff's Exhibit - GG
#1**

📎 **RJI_Notice of Petition_1718-20_QnsSupCt_EThompson.pdf**
2797K

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

Supreme    COURT, COUNTY OF    Queens

Index No: 1718/20    Date Index Issued: 03/20/20

| **For Court Use Only:** |
| --- |
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION**  Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

EON THOMPSON

Plaintiff(s)/Petitioner(s)

-against-

CYNTHIA BRANN, Commissioner; TYNIA D. RICHARD, Commissioner; New York City DEPARTMENT OF CORRECTION; New York City OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS; and THE CITY OF NEW YORK,

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**   Check only one box and specify where indicated.

**COMMERCIAL**
- O Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- O Contract
- O Insurance (where insurance company is a party, except arbitration)
- O UCC (includes sales and negotiable instruments)
- O Other Commercial (specify): _____
- *NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**   Specify how many properties the application includes: ___
- O Condemnation
- O Mortgage Foreclosure (specify):  O Residential  O Commercial
- Property Address: _____
- *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- O Tax Certiorari
- O Tax Foreclosure
- O Other Real Property (specify): _____

**OTHER MATTERS**
- O Certificate of Incorporation/Dissolution   [see NOTE in COMMERCIAL section]
- O Emergency Medical Treatment
- O Habeas Corpus
- O Local Court Appeal
- O Mechanic's Lien
- O Name Change
- O Pistol Permit Revocation Hearing
- O Sale or Finance of Religious/Not-for-Profit Property
- O Other (specify): _____

**MATRIMONIAL**
- O Contested
- *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
- *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- O Asbestos
- O Child Victims Act
- O Environmental (specify): _____
- O Medical, Dental or Podiatric Malpractice
- O Motor Vehicle
- O Products Liability (specify): _____
- O Other Negligence (specify): _____
- O Other Professional Malpractice (specify): _____
- O Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- O CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- ◉ CPLR Article 78 (Body or Officer)
- O Election Law
- O Extreme Risk Protection Order
- O MHL Article 9.60 (Kendra's Law)
- O MHL Article 10 (Sex Offender Confinement-Initial)
- O MHL Article 10 (Sex Offender Confinement-Review)
- O MHL Article 81 (Guardianship)
- O Other Mental Hygiene (specify): _____
- O Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**   Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
| --- | --- | --- | --- |
| Has a summons and complaint or summons with notice been filed? | O | ◉ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | O | ◉ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | O | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**   Check one box only and enter additional information where indicated.

- O Infant's Compromise
- O Extreme Risk Protection Order Application
- O Note of Issue/Certificate of Readiness
- O Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- O Notice of Motion   Relief Requested: _____   Return Date: _____
- ◉ Notice of Petition   Relief Requested: Article 78 relief   Return Date: April 3, 2020
- O Order to Show Cause   Relief Requested: _____   Return Date: _____
- O Other Ex Parte Application   Relief Requested: _____
- O Poor Person Application
- O Request for Preliminary Conference
- O Residential Mortgage Foreclosure Settlement Conference
- O Writ of Habeas Corpus
- O Other (specify): _____

**Plaintiff's Exhibit - GG #2**

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** For each defendant, indicate if issue has been joined. | **Insurance Carriers** For each defendant, indicate insurance carrier, if applicable. |
| [X] | Name: Eon Thompson  Role(s): Petitioner | ▉▉▉▉▉▉▉▉▉▉▉▉▉ | ○ YES  ⦿ NO | |
| [ ] | Name: Cynthia Brann  Role(s): Respondent | 75-20 Astoria Blvd. East Elmhurst, NY 11370 (718) 546-0300 | ○ YES  ⦿ NO | |
| [ ] | Name: Tynia D. Richard  Role(s): Respondent | 100 Church Street, 12th Floor, New York, NY 10007 (212) 356-1000 | ○ YES  ⦿ NO | |
| [ ] | Name: Kara J. Miller  Role(s): Respondent | 100 Church Street, 12th Floor, New York, NY 10007 (212) 356-1000 | ○ YES  ⦿ NO | |
| [ ] | Name: NYC Dept of Corr.  Role(s): Respondent | 75-20 Astoria Blvd. East Elmhurst, NY 11370 (718) 546-0300 | ○ YES  ⦿ NO | |
| [ ] | Name: NYC OATH  Role(s): Respondent | 100 Church Street, New York, NY 10007 (212) 356-1000 | ○ YES  ⦿ NO | |
| [ ] | Name: City of New York  Role(s): Respondent | City Hall, New York, NY 10007 | ○ YES  ⦿ NO | |
| [ ] | Name:  Role(s): | | ○ YES  ○ NO | |
| [ ] | Name:  Role(s): | | ○ YES  ○ NO | |
| [ ] | Name:  Role(s): | | ○ YES  ○ NO | |
| [ ] | Name:  Role(s): | | ○ YES  ○ NO | |
| [ ] | Name:  Role(s): | | ○ YES  ○ NO | |
| [ ] | Name:  Role(s): | | ○ YES  ○ NO | |
| [ ] | Name:  Role(s): | | ○ YES  ○ NO | |
| [ ] | Name:  Role(s): | | ○ YES  ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: ___March 20, 2020___

Plaintiff's Exhibit - GG #3

_____ Signature

_____ Pro Se

Eon Thompson
Print Name

Attorney Registration Number

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

In the Matter of the Application of
EON THOMPSON,

                                    Petitioner,

For a Judgment Pursuant to Article 78 of the Civil Practice
Law and Rules

        -against-

CYNTHIA BRANN, Commissioner; TYNIA D. RICHARD,
Acting Commissioner; KARA J. MILLER; New York City
DEPARTMENT OF CORRECTION; New York City OFFICE
OF ADMINISTRATIVE TRIALS AND HEARINGS; and
THE CITY OF NEW YORK,

                                    Respondents.



RECEIVED

MAR 2 0 2020

COUNTY CLERK
QUEENS COUNTY

**NOTICE OF PETITION**

Index No.:   1718/20

**TO THE SUPREME COURT OF THE STATE OF NEW YORK:**

    **PLEASE TAKE NOTICE** that, upon the Verified Petition of EON THOMPSON, duly

verified the 20th day of March 2020, and the Exhibits annexed thereto, the undersigned will

move this Court in Queens Supreme Court, on the 15th day of April 2020, or as soon thereafter

as Petitioner may be heard, pursuant to CPLR Article 78, §7803 (1), (2), and (3); §7805; New

York Constitution Article 1, §11; U.S. Constitution Fourteenth Amendment; for an order granting

the following relief: (1) to compel the performance of a duty, (2) to prohibit quasi-judicial action,

(3) to stay further proceedings, and (4) cost and disbursements; together with such other and

further relief as this Court may deem just and proper.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR §7804(c), demand is

made that answering affidavits, if any, be served upon the undersigned at least five (5) days prior

to the return date hereof.

<div style="border:1px solid black; display:inline-block; padding:4px; text-align:center">

**Plaintiff's Exhibit - GG**
**#4**

</div>

1

Venue herein is based on CPLR § 506(b) in that Respondents principal office is located in

Queens County.

Dated: New York, New York
       March 20, 2020

                                                    Respectfully submitted,

                                                    Eon Thompson
                                                    Petitioner

TO:    **JAMES E. JOHNSON**
       Corporation Counsel
         City of New York
       100 Church Street -4th Floor
       New York, New York 10007-2601
       (212) 356-1000


       **TYNIA D. RICHARD**
       Acting Chief Administrative Law Judge and Commissioner
       Office of Administrative Trials and Hearings
       100 Church Street -12th Floor
       New York, New York 10007-2601

<div style="border:1px solid">

**Plaintiff's Exhibit - GG
#5**

</div>

2

  Gmail

Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>

## adjournment DOC v Thompson OATH Index No. 19-2232
1 message

**Casey, Kevin (OATH)** <kcasey@oath.nyc.gov>                Mon, Sep 21, 2020 at 5:08 PM
To: Wayne Tatum <nyce.da.ecs.llc@gmail.com>, "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>

Dear Ms. Neuman and Mr. Tatum,

Thank you for taking the time to discuss this matter this afternoon. As indicated on the record, I'll grant respondent's request for an adjournment. Trial will be rescheduled for 9:30 a.m. on October 1. I was inclined to deny the motion because open-ended, eve-of-trial adjournment requests are disfavored, this matter stems from a 2017 incident, it has been repeatedly adjourned, and the fact that respondent may have filed an Article 78 petition in March 2020, is not grounds for an adjournment. Out of an abundance of caution, I granted a brief adjournment to give Mr. Tatum and Officer Thompson additional time to prepare.

Trial will be held remotely. A Webex number will be provided to the parties, who may participate by phone or videoconference. If respondent wishes to use the Department's videoconferencing equipment in Queens, please notify Ms. Neuman by email, and cc me, by 5:00 p.m. on Friday, September 25. If respondent wants to send me a copy of the Article 78 petition, please send it to me via email by noon tomorrow, September 22, and I will take it into consideration.

Regards,

ALJ Casey

> **Plaintiff's Exhibit - GG**
> **#6**

---

**From:** Wayne Tatum <nyce.da.ecs.llc@gmail.com>
**Sent:** Monday, September 21, 2020 4:03 PM
**To:** Casey, Kevin (OATH) <kcasey@oath.nyc.gov>
**Cc:** Neuman, Shulamit <Shulamit.Neuman@doc.nyc.gov>
**Subject:** Motion to Adjourn OATH Index No. 19-2232

Dear ALJ Casey:

I have been informed by the Respondent Mr. Thompson, that he has made a request for judicial intervention in the Supreme Court, Queens County, upon the instant Civil Service Law Section 75 disciplinary proceeding being conducted by you.

Attached are copies of his Request for Judicial Intervention (RJI) form and Notice of Petition, filed with that court.

Therefore, I respectfully request on his behalf that these proceedings be adjourned and stayed pending the outcome and decision on his request presently before the Supreme Court.

Sincerely yours,

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Gmail - Art78_Thompson-v-Brann_1718-20_2020-03-20

  Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

---

## Art78_Thompson-v-Brann_1718-20_2020-03-20
1 message

**Wayne Tatum** <nyce.da.ecs.llc@gmail.com>                                    Tue, Sep 22, 2020 at 11:35 AM
To: Kevin Casey <kcasey@oath.nyc.gov>, "Hon. Joni Kletter" <chiefjudge@oath.nyc.gov>
Cc: Shulamit Neuman <Shulamit.Neuman@doc.nyc.gov>, Frank Ng <fng@oath.nyc.gov>, Olga Statz
<OStatz@oath.nyc.gov>

ALJ Casey:

Attached please find copy of Mr. Thompson's Article 78 papers filed with the Queens Supreme Court.

Further, please note that OATH is a Respondent as well as DOC.

Wayne A. Tatum, Sr.

---

📎 **Art78_Thompson-v-Brann_1718-20_2020-03-20.pdf**
12722K

---

**Plaintiff's Exhibit - GG**
**#7**

Gmail - Re: Art78_Thompson-v-Brann_1718-20_2020-03-20

 Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## Re: Art78_Thompson-v-Brann_1718-20_2020-03-20
1 message

**Casey, Kevin (OATH)** <kcasey@oath.nyc.gov>    Wed, Sep 23, 2020 at 10:01 AM
To: Wayne Tatum <nyce.da.ecs.llc@gmail.com>, ChiefJudge <ChiefJudge@oath.nyc.gov>
Cc: "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>, "Ng, Frank (OATH)" <fng@oath.nyc.gov>, "Statz, Olga (OATH)"
<OStatz@oath.nyc.gov>

Dear Mr. Tatum,

I've reviewed the Article 78 papers that you sent me yesterday.  I've been informed by our
counsel's office that there is no record of it ever being filed in Supreme Court, New York County.
Even assuming it had been filed, it does not support your request for an indefinite adjournment.

Trial will go forward on October 1.  Please notify Ms. Neuman by Friday if you intend to use DOC's
video-conference facilities.

Regards,

ALJ Casey

**From:** Wayne Tatum <nyce.da.ecs.llc@gmail.com>
**Sent:** Tuesday, September 22, 2020 11:35 AM
**To:** Casey, Kevin (OATH) <kcasey@oath.nyc.gov>; ChiefJudge <ChiefJudge@oath.nyc.gov>
**Cc:** Neuman, Shulamit <Shulamit.Neuman@doc.nyc.gov>; Ng, Frank (OATH) <fng@oath.nyc.gov>; Statz,
Olga (OATH) <OStatz@oath.nyc.gov>
**Subject:** Art78_Thompson-v-Brann_1718-20_2020-03-20

ALJ Casey:

Attached please find copy of Mr. Thompson's Article 78 papers filed with the Queens Supreme Court.

Further, please note that OATH is a Respondent as well as DOC.

Wayne A. Tatum, Sr.

Plaintiff's Exhibit - GG
#8

 Scheduled for Trial: KC: Case# - 192232 - Department of Correction v. Thompson, Eon - nyce.da.ecs.llc@gmail.com - Gmail

# Scheduled for Trial: KC: Case# - 192232 - Department of Correction v. Thompson, Eon   Inbox ×

**casematters-noreply@doitt.nyc.gov**                    Tue, Sep 22, 2020, 10:54 AM
to me

|  | Scheduled for Trial: KC | |
|---|---|---|
| Oct **1** Thu | When | Thu Oct 1, 2020 9:30am – 10am (EDT) |
| | Who | oathcal@oath.nyc.gov* |

Scheduled for Trial
Parties:
Respondent: Thompson, Eon
Respondent Atty: Tatum Sr., Wayne A.
Agency Atty: Neuman, Shulamit
Assigned Judge: Casey, Kevin

(Case: 192232 - Department of Correction v. Thompson, Eon)

📄 326933520201001T09300020201001T100000.ics   Download

```
Plaintiff's Exhibit - GG
         #9
```

**Exhibit "HH"**

# Webex meeting invitation: (KFC) Scheduled for trial - 192232-DOC v. Thompson, Eon   Inbox ×

**Kevin Casey** <messenger@webex.com>                    Tue, Sep 22, 2020, 1:59 PM
to me

| | |
|---|---|
| Oct **1** Thu | **(KFC) Scheduled for trial - 192232- D…** <br> View on Google Calendar |

| | |
|---|---|
| When | Thu Oct 1, 2020 9:30am – 12:30pm (EDT) |
| Where | https://nyc-oath.webex.com/nyc-oath/j.php? <br> MTID=m1d42501c47d3d12cfefe2c1768d132b6 |
| Who | Kevin Casey* |

**Kevin Casey invites you to join this Webex meeting.**

Meeting number (access code): 173 227 4751

Meeting password: fsMsMFqU945

Thursday, October 1, 2020

```
Plaintiff's Exhibit - HH
         #1
```

 **Gmail**

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## Objection and Exhibits in Support of Objection to the Assigning of the Hearing Officer Kevin Casey: In Matter of DOC v Eon Thompson, OATH Index No. 19-2232 and DOC DR# 168/19

1 message

**Wayne Tatum** <nyce.da.ecs.llc@gmail.com>                                   Thu, Oct 1, 2020 at 9:33 AM
To: Kevin Casey <kcasey@oath.nyc.gov>
Cc: "Neuman, Shulamit" <Shulamit.Neuman@doc.nyc.gov>, Angela Tatum ██████████████
Bcc: ██████████████

Dear ALJ Casey and DOC Attorney Neuman:

Attached to this email are my exhibits in support of my objection to the assigning of the Hearing Officer Kevin Casey to conduct Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding.

To be clear, I object to the assigning of the Hearing Officer Kevin Casey, by Commissioner and Chief Administrative Law Judge Joni Kletter, to conduct Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding, on the grounds that said "assignment" is inconsistent with the mandatory procedural requirements of Civil Service Law Section 75 subdivision 2.

On the same grounds, I object to the written designation letter made by Commissioner Cynthia Brann to Commissioner and Chief Administrative Law Judge Joni Kletter; which was made a part of this record first by ALJ Kara J. Miller, and then by ALJ Kevin F. Casey, at my request.

Further, on the same grounds, both the written designation letter made by Commissioner Brann and the assignment made by Commissioner and Chief Administrative Law Judge Joni Kletter to ALJ's Miller and Casey to conduct this proceeding (DOC v Eon Thompson, OATH Index No. 19-2232 and DOC DR # 168/19) are invalid and clearly illegal; being inconsistent with and against the express provisions set forth in Civil Service Law Section 75.

Finally, Mr. Thompson is a permanent civil service employee and is not serving in any type of probationary period. Therefore, he is entitled to the full panoply of due process protections accorded to him in and by Civil Service Law Section 75(1)(a). Thus, Mr. Thompson pleads not guilty to the erroneous charges of misconduct made against him and which are the subject of this proceeding.

Therefore, I respectfully request that DOC and OATH adhere to Civil Service Law Section 75 and stop this disciplinary proceeding forthwith and until a proper person, under law, can conduct Mr. Thompson's Civil Service Law Section 75 disciplinary proceeding in accordance with the procedural requirements of Civil Service Law Section 75.

Sincerely,

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

> **Plaintiff's Exhibit - HH**
> **#2**

Wayne A. Tatum, Sr.
President & CEO
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC

 Gmail - Objection and Exhibits in Support of Objection to the Assigning of the Hearing Officer Kevin Casey: In Matter of DOC v Eon Thompso...

P.O. Box 714
New York, New York 10026

E-Mail: nyce.da.ecs.llc@gmail.com
Website: www.waynetatumandthemovement.com
(347) 286-8142

Hours:
Sun. Closed
Mon.       8a — 4p
Tue. — Thu.   9a — 6p
Fri.  9a — 5p
Sat.  Closed

**4 attachments**

Exhibit A-Notice-of-Appearance_DOC v. Thompson OATH Index No. 192232.pdf
903K

Exhibit B-Application for Subpoena-1st-Designation-Letter_ALJ-Miller.pdf
1210K

Exhibit C-2nd-Designation-Letter_ALJ-Casey_DOC v. Thompson OATH Index No. 192232.pdf
830K

Exhibit D-3rd-Designation-Letter_ALJ-Casey_DOC v. Thompson OATH 192232.pdf
340K

**Plaintiff's Exhibit - HH
#3**



# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS

*Trials Division*

```
- - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :
In the Matter of                          :
    DEPARTMENT OF CORRECTION               :      Index No. 19/2232
                      Petitioner,          :
                                           :
        - against -                        :      NOTICE OF
                                           :      APPEARANCE
    C.O. EON THOMPSON #17852               :
                      Respondent.          :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - X
```

    The undersigned hereby files a Notice of Appearance pursuant to section 1-11 of

the Rules of Practice of the Office of Administrative Trials and Hearings on behalf of

    C.O. Eon Thompson #17852    . See 48 RCNY § 1-11. The rule is reprinted

(Name of Party)

the reverse side of this notice.


    Wayne A. Tatum, Sr.

Attorney / Representative for Petitioner / Respondent
(Print name of firm or individual and circle as appropriate.)


By:     Wayne A. Tatum, Sr.

     (If a firm, print name of individual.)

Signature:

Address:    P.O. Box 714

       New York, NY 10026

Telephone:   (347) 286-8142

E-Mail:   nyce.da.ecs.llc@gmail.com

Fax No.:   None

Dated:    09/13/19

OATH SEP13'19PM 2:33

Rev. 6/11/2015

**Plaintiff's Exhibit - HH**
**#4**

Gmail - Corrected Notice of Appearance

  Gmail

**Wayne Tatum Sr. <nyce.da.ecs.llc@gmail.com>**

## Corrected Notice of Appearance

**Wayne Tatum** <nyce.da.ecs.llc@gmail.com>
To: OATH <OATHCalunit@oath.nyc.gov>
Bcc: ▇▇▇▇▇▇▇▇▇▇▇▇▇

Mon, Sep 16, 2019 at 9:50 AM

TO: OATH Calendar Unit:

Attached please find copy of my corrected notice of appearance form.

Note that "Representative for Respondent" is now circled.

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication.

Wayne A. Tatum, Sr.
NYC Employee Disciplinary Action -
Expert Consulting Services, LLC
www.waynetatumandthemovement.com
(347) 286-8142

📎 **OATH Notice of Appearance-To Calunit.pdf**
229K

```
Plaintiff's Exhibit - HH
        #5
```



# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS

### Trials Division

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In the Matter of

    DEPARTMENT OF CORRECTION

                  **Petitioner,**

    - against -

    C.O. EON THOMPSON #17852

                  **Respondent.**

Index No. 19-2232

NOTICE OF APPEARANCE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       The undersigned hereby files a Notice of Appearance pursuant to section 1-11 of

the Rules of Practice of the Office of Administrative Trials and Hearings on behalf of

    C.O. Eon Thompson #17852    . See 48 RCNY § 1-11. The rule is reprinted

(Name of Party)

the reverse side of this notice.

          Wayne A. Tatum, Sr.

Attorney (Representative for) Petitioner / (Respondent)

(Print name of firm or individual and circle as appropriate.)

By:      Wayne A. Tatum, Sr.

             (If a firm, print name of individual.)

Signature:  Wayne A. Tatum, Sr.

Address:    P.O. Box #714

           New York, NY 10026

Telephone:  (347) 286-8142

E-Mail:     nyce.da.ecs.llc@gmail.com

Fax No.:    None

Dated:      09/13/19

**Plaintiff's Exhibit - HH #6**

Rev. 6/11/2015

**Exhibit "II"**

THE CITY OF NEW YORK
OFFICE OF ADMINISTRATIVE
TRIALS AND HEARINGS


P R E S E N T:        KEVIN CASEY

                     Administrative Law Judge


_____

In the matter of:

     DEPARTMENT OF CORRECTION,

                         Petitioner,

                                        Index No.
                                        192232
          – against –


     EON THOMPSON,

                         Respondent.

_____


                October 1, 2020

                Office of Administrative Trials
                  And Hearings
                100 Church Street
                New York, NY  10007



                Volume II, Pages 26 - 202

Plaintiff's Exhibit - II
#1

A P P E A R A N C E S:


SHULAMIT NEUMAN, ESQ.
KAITLIN FITZGIBBON, ESQ.
PETITIONER'S REPRESENTATIVE
DEPARTMENT OF CORRECTION


WAYNE TATUM
RESPONDENT'S REPRESENTATIVE

**Plaintiff's Exhibit - II**
**#2**

I N D E X                                          28

| PETITIONER'S WITNESS | DIRECT | CROSS | REDIR | RECROSS | VOIR DIRE |
|---|---|---|---|---|---|
| A. Urena | 65 | 162 | 174 | | |

| RESPONDENT'S WITNESS | DIRECT | CROSS | REDIR | RECROSS | VOIR DIRE |
|---|---|---|---|---|---|

E X H I B I T S

| ALJ | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

| PETITIONER | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|
| 1 & 1A. | Charges and Amended Charges | 31 | 46 |
| 2. | Investigator's report | 31 | 89 |
| 3. | Use of force report | 31 | 93 |
| 4. | DOC use of force directive | 31 | 105 |
| 5. | DOC Rules and regulations | 31 | 107 |
| 6. | Video | 31 | 47 |
| 7. | Injury to inmate report | 31 | 96 |
| 8. | Withdrawn | -- | |
| 9. | Photos | 34 | 160 |
| 10. | Photos | 34 | 160 |
| 11. | Photos | 34 | 160 |
| 12. | Photos | 34 | 160 |
| 13. | Photos | 34 | 160 |

Plaintiff's Exhibit - II
#3

I  N  D  E  X

| PETITIONER | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|
| 14. | Photos | 34 | 160 |
| 15. | Photos | 34 | 160 |
| 16. | Photos | 34 | 160 |
| 17. | Photos | 34 | 160 |
| 18. | Photos | 34 | 160 |
| 19. | Photos | 34 | 160 |
| 20. | Photos | 34 | 160 |
| 21. | Photos | 34 | 160 |
| 22. | Answer to Respondent's motion | 40 | 41 |

| RESPONDENT | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|
| A. | Notice of Appearance | 35 | 40 |
| B. | Application for subpoena | 35 | 40 |
| C. | Emails re 2nd designation letter | 36 | 40 |
| D. | Emails re 3rd designation letter | 36 | 40 |

Plaintiff's Exhibit - II
#4

1    A:    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5    ▓▓▓▓▓▓

6              MS. NEUMAN:  At this time, Your Honor, the

7    Department is asking that what has been marked for

8    identification as Nos. 9 through 21 for identification be

9    entered into evidence as Department of Correction 9 through

10   21 as evidence.

11             ALJ CASEY:  Mr. Tatum?

12             MR. TATUM:  Objection, Judge.  Objection.

13             ALJ CASEY:  Okay.  Anything beyond what you've

14   already previously put on the record in terms of

15   jurisdictional questions?

16             MR. TATUM:  I will leave it at the jurisdiction for

17   now.  Yeah.

18             ALJ CASEY:  Okay.

19             MR. TATUM:  Just jurisdiction.

20             ALJ CASEY:  Okay.  Your objection's noted.  It's

21   part of the record.  It's overruled.  And so, 9 through 21

22   are in evidence.

23             **[Petitioner's Exhibits 9, 10, 11, 12, 13, 14, 15,**

24   **16, 17, 18, 19, 20 and 21 admitted into evidence.]**

25   Q:   Okay.  After your investigation in this case, did you

Plaintiff's Exhibit - II
#5

1    include your conclusions into your closing report?

2        A:   Yes, I did.

3        Q:   And did there come a time that you drafted MOCs as a --

4    an MOC as, against Officer Respondent, Correction Officer Eon

5    Thompson?

6        A:   Yes.

7        Q:   And why did you draft an MOC with respect to this

8    Respondent?

9        A:   Because throughout my investigation, I found that CO

10   Thompson had, his use of for-, the use of force that he had used

11   had, was inproportional not to -- it was not proportional to the

12   threat presented by Inmate Niles.  And he was in direct violation

13   of the directives in place.

14       Q:   Did you also charge the Respondent with violating rules

15   and regulations from the Department?

16       A:   Yes, I did.

17       Q:   Was the Respondent the only individual that the

18   Investigation Division charged with respect to this, the entirety

19   of this incident?

20       A:   No.  He was not the only one.

21            MS. NEUMAN:  At this time, Your Honor, the

22       Department rests its direct examination of Investigator

23       Urena.

24            ALJ CASEY:  Okay.  Mr. Tatum, what's your pleasure?

25       Do you want to begin cross?  Do you want to take five?

Plaintiff's Exhibit - II
#6

1      What's your pleasure?

2                  MR. TATUM:  Okay.  Just, just two or three

3      questions, Judge.

4                  ALJ CASEY:  Sure.

5   **CROSS EXAMINATION OF MR. URENA**

6   **BY MR. TATUM**

7      Q:   Investigator, are you a civilian employee of the

8   Department or a uniform?

9      A:   I'm a civilian.

10     Q:   Are you -- and you say you draft the MOC.  Does the,

11  does the memorandum of complaint directive authorize you to prefer

12  charges against a uniformed member of service?

13     A:   I'm sorry.  Could you ask the question again?  I

14  couldn't hear your first, the first part.

15     Q:   Yes.  Does MOC directive authorize you to prefer charges

16  against a uniformed member of service?

17     A:   As an investigator, I am allowed to generate the MOC.

18     Q:   Okay.  You say you're allowed to.  What author-, I'm

19  asking you are you authorized, pursuant to the Department's

20  directive on the MOC to bring charges against a uniformed member

21  of service?

22                  MS. NEUMAN:  Objection.  Asked and answered.

23                  ALJ CASEY:  No.  Overruled.  I'll allow it.

24     A:   Yes.  As an investigator, I am -- once I complete my

25  investigation, we are, we're supposed to generate a -- if we found

**Plaintiff's Exhibit - II
#7**

1  the allegation to be or the incident in question to not meet the

2  regulations in place, then we are to generate the MOCs.

3      Q:   Can you, can you tell, for the record, what section of

4  the MOC directive permits that?

5      A:   I, I would have to look at the directive, sir.  I don't

6  know it off the top of my head.

7      Q:   Okay.  One second.  Just another question or two.

8  During your investigation, did you, you -- when the Department

9  asked you a few questions pertaining to what went on inside the

10  pen, you, you made a reference, you said that the -- you

11  repeatedly said there was some sort of dialogue with the inmate.

12  Could you tell from the Genetec video otherwise whether or not the

13  officers were giving the inmate direct orders?

14      A:   You can tell from the Genetec that there was some

15  dialogue, but you -- Genetec does not have audio features on it.

16  Therefore, you cannot tell what exactly was being said on that

17  moment.  But you could tell that there was some sort of dialogue

18  between the, the inmate and the officers.

19      Q:   Okay.  Then is it fair to say that, that the officers

20  could have been giving direct orders to the inmate and the inmate

21  could have been non-compliant to those direct orders?

22           MS. NEUMAN:  Objection.  Speculative.

23           ALJ CASEY:  Overruled.  I'll allow it.  Is that

24  possible?

25      A:   It could possibly be that they were giving directives.

Plaintiff's Exhibit - II
#8

1    Those are part of IP- IPC skills that they're supposed to use.

2    However, again, there's no audio on the Genetec so we cannot

3    determine whether that was the case.

4         Q:   But would it not be a factor for you to consider before

5    preferring charges whether or not the officers were, in fact,

6    giving the inmate orders, at least before using force?

7         A:   If they were given orders and if the inmate were not to

8    follow them, at the end of the day, the officers do not follow the

9    directives that are in place, 5006R-C, the proportional of the

10   force that was used --

11             ALJ CASEY:  It's actually -- listen very carefully

12        to what his question was.  His question was, is it a factor

13        to consider that the, there may have been orders given and

14        the inmate may have been non-compliant.  Yes or no, is that a

15        factor to consider?

16   A:   Possibly.

17        Q:   Thank you.  Hold on.  Okay.  So that's possible, but

18   it's not a factor you considered before preferring charges.  Is,

19   is that correct?

20             MS. NEUMAN:  That was not the testimony.

21        Objection.

22             ALJ CASEY:  Let him answer.  Let him answer.  Let

23        him answer.  Let him answer.

24   A:   I'm sorry, could you ask again?

25             ALJ CASEY:  The question is, is, is that something

**Plaintiff's Exhibit - II
#9**

1    you took into account before preferring charges?

2    A:   Yes.  It is something that we take into account whether

3    it was said or not, but at the end of the day, like I said,

4    there's no audio on Genetec, so we, we cannot go based on the

5    speculation on whether they said something or not.  We have the,

6    the staff use of force reports, which was to, opportunity for CO

7    Eon Thompson to state what he did and didn't do.  And he omitted a

8    lot of information on his use of force.

9              ALJ CASEY:  No, I think his question is -- well,

10             his question might be -- let's assume that the officers gave

11             him an order and he was non-compliant.

12             MR. URENA:  I'm sorry.  There was something in the

13             back.

14             ALJ CASEY:  Assume that he gave, the officers gave

15             him repeated orders and the inmate was non-compliant, would

16             that have changed your report in any way?

17             MR. URENA:  Oh.

18             ALJ CASEY:  Your recommendation.

19             MR. URENA:  No, it would not.

20   Q:   Well, that seems a little unfair, but I'll move on.

21   Well, let me ask you, why would it not -- why is this something a

22   factor that you consider, considered if you don't have evidence of

23   whether they gave orders or not.  Why, why then would it be

24   irrelevant in your report, in your recommendation to the, in your

25   recommendation of MOC?

Plaintiff's Exhibit - II
#10

1    A:   The -- again, the directives are in place for, in a

2    situation like this, there were, like mentioned before, there were

3    options in place that, or that could have been in place that could

4    have resulted in the use not being the way it as used or, by CO

5    Eon Thompson.  But again, I think at the end of the day, based on

6    my conclusion of what I have, his use of force report was not

7    complete.  It was not, he did not have -- it was false.  It did

8    not have the information that he had, you know, used on, on, on

9    camera as we can see.

10    Q:   Okay.  Thank you.  The next portion is with respect to

11    the inmate's, the notice of infraction.  Were the offi- officers

12    called into the cell or to address the inmate based on the notice

13    of infraction and was the inmate allegedly there?

14    A:   I'm sorry.  I could not understand what you were saying?

15         ALJ CASEY:  Were the officers responding to the

16    notice of infraction, the allegations contained in the

17    infraction.  Is that why the officers were responding to the

18    scene?

19         MR. URENA:  Not to my knowledge.

20    Q:   Well, in your investigation and to your knowledge, why

21    were the officers in the cell?

22    A:   The complaint, the way that it came in, it stated that

23    the inmate was destroying DOC property, and that's the reason that

24    the officers were there for.

25    Q:   Okay.  So, the officers were responding to an, an unruly

Plaintiff's Exhibit - II
#11

1    inmate destroying City property and standing on a bench and being

2    non-compliant to come down from that, that, that perched position,

3    and you, and you charged them with excessive force?

4                    MS. NEUMAN:  Objection.  There were so many

5        problems with that question and none of it was in, is in the

6        evidence.

7                    ALJ CASEY:  Well, let's assume that, let's assume

8        those facts.  Assuming that he was destroying City property

9        and --

10                   MS. NEUMAN:  At what point, Judge?  An hour before?

11       Three hours before?  Because it certainly wasn't on Genetec

12       video.

13                   ALJ CASEY:  Well, certainly, you can certainly

14       cover it both in cro-, in redirect and in summation.

15                   MS. NEUMAN:  Point taken.

16                   ALJ CASEY:  Let him ask -- let's answer -- let --

17       going to answer Mr. Tatum's question.  The basic question is

18       when the inmate was destroying City property, standing on the

19       bench, and non-compliant, were the officers permissible to --

20       was it permissible to use the force that they appeared to use

21       in this case?

22                   MR. URENA:  Is -- are we talking about speculation

23       here because that, that's the only reason why I would respond

24       to that because the facts of the, on the video that we have,

25       he was not destroying property.

<div style="border:1px solid black;">Plaintiff's Exhibit - II<br>#12</div>

1          ALJ CASEY:  No, I think Mr. Tatum's question is

2     assuming the officers believe that or that that was their,

3     what they thought or what they saw.  Let's say you didn't

4     see, you couldn't see everything from the video.  Let's just

5     assume those facts.  [Unintelligible] [02:51:48] [04:00:48].

6          MR. URENA:  Correct.  Then they would have the

7     option of, of having a Probe Team or an extraction team come

8     in.  I don't see at that moment that he was being such a

9     threat that he required them to go into the pen as the video

10    showed.

11    Q:   Investigator, in your investigation, did, did you

12    discover whether or not the officers went in on their own or were

13    they directed by a supervisor to go into the cell?

14    A:   From, from the report that I, that I collected, it was

15    a, a -- they had direction from their supervisors that were on the

16    floor.

17    Q:   Why did the supervi- supervisor direct the officers to

18    go into the cell?

19    A:   Again, the, the allegation from the facility is the

20    inmate was destroying DOC property.

21    Q:   Okay.  So that is the reason the officers were all in

22    the cell, along with the supervisor and their attempts to restrain

23    the inmate?

24         MS. NEUMAN:  Objection.  Assumes facts not in

25    evidence.

<div style="border:1px solid black; display:inline-block;">**Plaintiff's Exhibit - II**<br>**#13**</div>

1              ALJ CASEY:  Well, do you have a reason to believe

2       that the, they were given or-, directive to go in there?

3              MR. URENA:  If they had a reason to be in there?

4              ALJ CASEY:  Were they given a directive to in

5       there, first of all, by a supervisor?

6              MR. URENA:  I believe that the reports show that --

7       or as approved that they received an order from Captain

8       Cottman, I believe.

9              ALJ CASEY:  And do you have any evidence in the

10      record to show what the, why their captain ordered the

11      officers in there?

12             MR. URENA:  I believe it was just in the use of

13      force reports.  Whatever is taken in the use of force

14      reports.

15             ALJ CASEY:  And so, what did the other officers,

16      what was their claim?  Why, what was their claim for going in

17      there?

18             MR. URENA:  I would have to review their use of

19      force reports again, if that's okay.

20             ALJ CASEY:  Or you can review your own report.

21      Your, your -- did your report discover that, discuss that at

22      all?

23             MR. URENA:  Sure.  It should have a, a statement in

24      there from my investigation.

25             ALJ CASEY:  See if that jogs your memory.

Plaintiff's Exhibit - II
#14

1          MR. URENA:  Sure.  Based on the reports and what I

2      could read real fast, there's not a specific reason or the

3      reasons varied between the reports provided by the officers.

4      In some of the reports, it's stating that the inmate was

5      destroying the pen, while in other ones is referring directly

6      to the BFS, the plate.

7          ALJ CASEY:  The plate?  What's that?

8          MR. URENA:  The cover of the, leading to the

9      [unintelligible] [02:55:28] [04:04:28] --

10          ALJ CASEY:  I'm sorry.  I couldn't hear that.  You

11      broke up.

12          MR. URENA:  So, in one of the report, one of the

13      reports, it's specifically stating that they went in because

14      the inmate was destroying the, the cover that leads to the

15      tubings of the pen on the water mains [unintelligible]

16      [02:55:46] [04:04:46] of the pen.  But the other one, it, it

17      varies.  The, the, the reason why they went in.  It's not

18      specifically stating -- not all of them are specifically

19      stating that it was for that reason in particular.

20          ALJ CASEY:  Next question.

21      Q:   Question.  Was there any departmental record on this

22  plate you talk about being repaired by the maintenance?

23          MS. NEUMAN:  Objection.  Relevance.

24          ALJ CASEY:  I'll allow it.  Overruled.  Overruled.

25      I'll allow it.

**Plaintiff's Exhibit - II
#15**

1        A:    What do you mean?

2              ALJ CASEY:   Was the pl-, any evidence that the

3        plate was repaired?  Any, any reports or paperwork?

4        A:    I would have to review the documentation again, but I

5        don't believe that there was from my understanding.  I would have

6        to review to make sure.

7        Q:    Okay.  So, you, you, basically, you don't know even

8        though you made a conclusion in your report, but you don't seem to

9        have -- you, you don't know that point.  Is that right?  Is that

10       true?  Is that correct?

11       A:    No, I -- that's not correct what you're stating.

12             ALJ CASEY:   The question is before you wrote the

13       report, were you aware of any documents that the plate was

14       repaired?

15             MR. URENA:   No, I don't think I was aware of that.

16       Q:    Did you think to look into whether or not there was any

17       validity to the complaint or the, the complaint that the inmate

18       destroyed City property?

19             MS. NEUMAN:   Objection.

20       Q:    Before you concluded your investigation?

21             MS. NEUMAN:   Relevance.

22             ALJ CASEY:   I'll allow it.  Overruled.

23       A:    Okay.  What was the question?

24       Q:    Did you think to look into whether or not there was any

25       validity to the claim that the inmate destroyed City property

Plaintiff's Exhibit - II
#16

1    prior to concluding your investigation?

2        A:    I could see it from the Genetec video that there was

3    some damage to the cupboard, but it was not, there was no evidence

4    to, to say it was from Inmate Niles.

5        Q:    Did you use any kind of resources, investigations,

6    techniques or otherwise to find out whether or not the broken

7    plate, as you call it -- it's the only way I can refer to it --

8    the broken plate was done by Inmate Niles?

9                    MS. NEUMAN:   Beyond scope of direct.   Objection.

10                   ALJ CASEY:   Overruled.   I'll allow it.

11       A:    The information that I have from the report, from the

12   previous investigator, everything was in there, that all the

13   information pertaining to the allegation that I was investigating

14   was there.   I don't recall whether there was an order for that.

15       Q:    Okay.   So, you took no steps to look into whether or not

16   there was any validity to the claims that the inmate destroyed

17   City property.   Is that correct?

18       A:    As to get all the information from, in regards to that

19   allegation was in the report.

20                   ALJ CASEY:   Let's answer his question.

21       Q:    Okay.   One, one second.

22                   ALJ CASEY:   His question is, did you do any

23           independent investigation to determine the validity of this

24           issue regarding destruction of the City property?

25                   MR. URENA:   I contacted the facility, but we're

Plaintiff's Exhibit - II
#17

1    talking about a year after.

2            ALJ CASEY:  Did you?  The question was did you.

3            MR. URENA:  No, I, like I said, I contacted the

4    facility in regards to trying to obtain information.  There

5    was -- everything that I had was everything that the facility

6    had in regards to this allegation.

7            ALJ CASEY:  We just lost Mr. Tatum again.  Alright.

8    Go off the record.  We'll wait.

9            [OFF THE RECORD]

10           [ON THE RECORD]

11           ALJ CASEY:  Alright.  We're back on the record and

12   Mr. Tatum is back on.  Just recap, I believe the last

13   question and answer was did you do any independent

14   investigation regarding the destruction of City equipment,

15   and the witness testified that he did call the facility, but

16   it was a year later and was not able to get any information

17   about that.  Does that fairly summarize what you said?

18           MR. URENA:  Correct.  Correct.

19           ALJ CASEY:  Okay.  Next question.  Mr. Tatum, still

20   with us?

21           MR. TATUM:  Judge, can I have two minutes to

22   confer?

23           ALJ CASEY:  Sure.  Sure.  Take your time.

24           MR. TATUM:  Judge, no further questions.  Thank

25   you.

Plaintiff's Exhibit - II
#18

1        ALJ CASEY:   Okay, Mr. Tatum.  Ms. Neuman, redirect?

2        MS. NEUMAN:   Yes.

3    **REDIRECT EXAMINATION OF MR. URENA**

4    **BY MS. NEUMAN**

5        Q:   I'm going to draw your attention to your closing report.

6    To the last page.  The first paragraph under the paragraph marked

7    findings and recommendations.  Do you see that?

8        A:   Yes.

9        Q:   Okay.  I'm going to ask you to turn your attention to

10   the second sentence, which, which starts, the use of force

11   occurred --

12       A:   Yes.

13       Q:   Okay.  You used the word or terminology, Inmate Niles

14   maintaining his non-compliance.  So, I just want to back up a

15   little bit.  At what point in the Genetec did you believe that or

16   conclude that Inmate Niles maintained what you called non-

17   compliance?

18       A:   At the point where he was refusing to exit the pen.

19       Q:   Okay.  So, let's back up a little bit.  When you say,

20   refused to exit the pen, what do you mean?

21       A:   When directions were given to the inmate to exit the pen

22   at the beginning.

23       Q:   So, at the beginning before the use of force occurred,

24   is it your testimony that the inmate was given direction to exit

25   the pen?

> **Plaintiff's Exhibit - II**
> **#19**

1          A:    Correct.

2          Q:    By whom?

3          A:    I believe that that was the direction from Captain ✕✕✕

4     Cottman.

5          Q:    Is that the same Captain that brought in the infraction

6     paper into the cell?

7          A:    The notice of infraction?   Yes.

8          Q:    The notice of infraction.   Thank you.   And so, when you

9     use the terminology, maintain his non-compliance, the second line

10    under the findings and recommendations, is that the non-compliance

11    you're talking about?

12         A:    Correct.   Well, I'm referring, not only to that, but

13    also to the fact that when the officers entered the pen and they

14    were attempting to restrain him and, obviously, he was non-

15    complying in the sense of not being restrained at that moment.   Or

16    he was refusing to be restrained.

17         Q:    Okay.   We have non-compliance with respect to exiting

18    the cell.

19         A:    Correct.

20         Q:    And then you just told us there's non-compliance with

21    respect to allowing himself to be -- allowing -- the inmate

22    refusing to allow himself to be handcuffed.

23         A:    Correct.

24         Q:    Okay.   With respect to the first part of the non-

25    compliance, and this was asked of you on cross examination, where

Plaintiff's Exhibit - II
#20

1    an inmate is refusing to exit the cell, does that give rise to use

2    of force?

3         A:    No, it does not.

4         Q:    Okay.  In a situation where you have an inmate who is

5    refusing to exit the cell, such as this inmate, what would be the

6    proper next steps for officers to do?

7         A:    For a probe team or an extraction team to be called in.

8         Q:    And basing, what are you basing that upon?

9         A:    Based on the directive, the 5006R-C.

10        Q:    And what, what -- withdrawn.  Why do the directives

11   allow for the officers to call the probe team or extraction with

12   an officer who's refusing to enter a cell, instead of the

13   directives stating that once an inmate is non-compliant, then the

14   officers can go in full force and commit a use of force?

15        A:    I'm sorry.  Could you rephrase the question?

16              MR. TATUM:  Judge --

17        Q:    Yes.

18              MR. TATUM:  Objection, Judge.

19              ALJ CASEY:  What's the objection?

20        Q:    What --

21              ALJ CASEY:  What's the objection?  What's the

22   objection?

23              MS. NEUMAN:  It's fine.  I, I'm withdrawing the

24   question.

25              ALJ CASEY:  Wait.  Okay, okay.

Plaintiff's Exhibit - II
#21

1           MS. NEUMAN:  I'm withdrawing, I'm withdrawing.

2      Q:   What about the, what about the fact that an, that an

3  inmate is non-complying and refusing to exit a cell does the

4  directive say that at that moment, the better avenue --

5           ALJ CASEY:  Instead, let's ask the witness --

6      what's, what does the directives authorize when an inmate

7      refuses to leave the cell?

8           MR. URENA:  Again, it's supposed to be an

9      extraction team is to be called into the area to extract the

10     inmate.  Because at that moment, you're already expecting the

11     inmate to -- or you're expecting a use of force.  So, at that

12     point, you're supposed to call in for an extraction or probe

13     team to come in and remove the -- and escort the inmate out.

14     Q:   And why is that the, why is that the option, why is that

15  the preferred option over going in and committing a use of force

16  at that moment?  According to the directives?

17     A:   Right.  Because it's -- at that moment, you, you're

18  trying to prevent an inmate from, you know, an inmate that is not

19  being aggressive and is not being in any kind of way a danger to

20  himself, you know, you're reporting -- if you bring another

21  somebody that is not from the probe team or, or the extraction

22  team, you're actually committing a use of force.  It's against

23  the, the, what we're supposed to do, what you were trained to do.

24     Q:   In this particular instance, although the inmate was

25  being non-compliant and refusing to, as you just testified to,

**Plaintiff's Exhibit - II
#22**

1    refused to comply with orders to exit the cell, was the inmate at

2    that moment also being an imminent danger or threat to himself or

3    other officers?

4         A:   At that moment, he was not being a threat to himself or

5    a danger to himself or others.

6         Q:   Now you also just mentioned, on redirect, non-compliance

7    regarding allowing -- with the inmate's not allowing himself to be

8    handcuffed.  What were the proper protocol, according to the

9    directives have been for the officers at that time?

10        A:   They could have used chemical agents to obtain the

11   compliance of the inmate.

12        Q:   When the inmate was being non-compliant as you just

13   testified to with respect to not allowing himself to be

14   handcuffed, was he being an immediate threat or danger to himself

15   or to others?

16        A:   No, he was not.

17        Q:   From the time -- when you reviewed this case -- from the

18   time that the Genetec angles began up until the use of force

19   started to, started to occur in earnest, did you observe the

20   inmate committing any destruction to Department property?

21        A:   No, I did not.

22        Q:   If the inmate would have or did destroy Department

23   property, could it have been an hour before the use of force

24   occurred?

25        A:   Possibly.

**Plaintiff's Exhibit - II**
**#23**

1      Q:    Two hours?

2      A:    Possibly.

3      Q:    Three hours.

4            ALJ CASEY:   Sustained.   Sustained.

5            MS. NEUMAN:   Okay.

6      Q:    If -- and you were asked this on cross examination -- if

7      in your investigation -- withdrawn.   If you would have learned

8      during your investigation that an hour or two or three or a longer

9      period of time before the use of force occurred, the inmate had,

10     in fact, destroyed Department property, would your conclusion have

11     changed regarding the use that occurred, the use of force that

12     occurred?

13     A:    No, it would not.

14     Q:    Why not?

15     A:    Because at the moment before use was used on Inmate

16     Thompson, he did not pose a threat to himself or anybody else.

17     There was no -- I did not witness him on Genetec destroying any

18     type of DOC property at the moment, at that time.   And he was

19     not -- he was -- from -- I could see from the video he was being

20     calm.   He was, he didn't -- he had a calm demeanor.   He didn't

21     have a, an aggressive demeanor.

22     

23                             Plaintiff's Exhibit - II
                                                    #24

24

25           MS. NEUMAN:   I do not have any further questions

[03:42:55]                          PROCEEDINGS                          200
[04:51:55]

1   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

2   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

3   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

4   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

5          ALJ CASEY:  Thank you, Mr. Tatum.  I believe you

6   covered that in your, in your closing remarks, but I'll, I'll

7   take that into account.

8          MR. TATUM:  Thank you.

9          ALJ CASEY:  Your argument.  Okay.  So, the trial is

10  concluded and as we agreed, I'll leave the record open for

11  three business days, so that's by 5:00 p.m. -- Ms. Neuman

12  will get the cites, the three cases she cited for the adverse

13  inference, she'll send the cites to Mr. Tatum by the close of

14  business today.  And he'll have three business days to

15  respond limited to that issue of whether I should draw a

16  negative inference and what, if any, inference that that

17  constitutes.  And Mr. Tatum, you're welcome to cite any

18  contrary authority as well.  Okay?

19          MR. TATUM:  Sorry.  Certainly.  Okay.  Thank you.

20          ALJ CASEY:  Okay.  And the record's closed.  I'll

21  be issuing a report and recommendation shortly.  It takes a

22  while to get the transcript.  I will do the best I can and

23  try to get it out relatively quickly.  Okay?

24          Have a beautiful day, everybody.  | Plaintiff's Exhibit - II
                                               | #25
25          MS. NEUMAN:  Thank you.

1          ALJ CASEY:  Okay?

2          MR. TATUM:  Thank you.

3          ALJ CASEY:  Thank you.

4          [END OF TRIAL]

**Plaintiff's Exhibit - II
#26**

CERTIFICATE OF ACCURACY

I, Patricia Northgrove, certify that the foregoing transcript
of Department of Correction v. Eon Thompson on October 1, 2020
was prepared using the required transcription equipment and is
a true and accurate record of the proceedings.

Certified By

Date: October 9, 2020


I, Claudia Marques, conducted a quality control review of the
certified foregoing transcript.


Reviewed By


_____

Date: October 12, 2020



GENEVAWORLDWIDE, INC

256 West 38th Street - 10th Floor

New York, NY 10018

Plaintiff's Exhibit - II
#27

**Exhibit "JJ"**



**NEW YORK CITY DEPARTMENT OF CORRECTION**
**Cynthia Brann, Commissioner**
**Sarena Townsend, Deputy Commissioner**
Investigation & Trials Division
75-20 Astoria Boulevard – Suite 310
East Elmhurst, NY 11370
718-546-0305
Fax 718-278-6526

April 13, 2021

Tatanisha Banks
Acting Warden
Manhattan Detention Complex/Court Division (MDC)

Re: C.O. Eon Thompson
Guilty At OATH DR #168/19

Dear Acting Warden Banks,

Please be advised that on December 2, 2020, the Office of Administrative Trials and Hearings issued findings on the charges and specifications listed above. The Honorable Kevin F. Casey found C.O. Eon Thompson guilty on the specifications. The recommended penalty for DR #168/19 was **55** suspension days.

On March 31, 2021, Commissioner Cynthia Brann accepted the Court's findings and its recommendation as to the penalty. C.O Thompson must therefore be suspended for a total of **55** suspension days.

Please notify C.O. Thompson by serving him ASAP with a copy of this letter. Upon service of this letter on the subject employee, have him sign below acknowledgment of service. After the employee is served, please fax me a copy of the signed acknowledgment. My fax number is (718) 278-6526.

Yours truly,

Sarena Townsend,
Deputy Commissioner

Attachments

C: Nadene Pinnock, Deputy Commissioner, Human Resources
   Counsel for Respondent
   O.A.T.H.

Served by: _____

Respondent's Signature: _____

Date: _____




| CORRECTION DEPARTMENT CITY OF NEW YORK | FORM NO 7504R<br>REV 12/01/11<br>REF DIR 7504RA |
|---|---|
| **NOTICE OF SUMMARY SUSPENSION FROM DUTY** | |

## SECTION "A" EMPLOYEE INFORMATION

| Last Name:<br>Thompson | First Name:<br>Eon | Rank/Title<br>Correction Officer |
|---|---|---|

| Shield/I.D. #:<br>▬▬2 | Employee Reference #: | Command/Unit:<br>Manhattan Court Division |
|---|---|---|

## SECTION "B" REASON FOR SUSPENSION

Date of Alleged Violation(s):  **September 17, 2017**

Description:

. On September 17, 2017 Officer Thompson #17852 was assigned to Intake "B" in Manhattan Detention Complex post on the 1500x2331 tour. When inmate Niles, ▬▬▬▬▬▬ began to flood pen #8 what resulted in Use of Force #3583/17. On December 2, 2020 Officer Thompson was found guilty at Oath Trial and Hearings by the Honorable Kevin F. Casey of engaging in conduct unbecoming an Officer and of a nature to bring discredit upon the Department and inefficiently performed his duties, in that he used impermissible and excessive force against inmate Niles, by wrapping his arms around said inmate neck, throwing his elbow into said inmate body and forcefully pressing said inmate face and head into the floor, while said inmate was on the floor being restrained by staff. Officer Thompson was also found guilty of submitting a false and/or misleading and/or inaccurate and/or incomplete report regarding Use of Force 3583/17 therefore must be suspended for 55 days. Officer Thompson is in direct violation of Rules and Regulation 3.05.120, 3.20.010, 3.20.030, 3.20.300 and 4.30.020.

## SECTION "C" AUTHORIZATION

| Suspension Requested By:<br>Shon Brown, Executive Officer #45 | Suspension Authorized By:<br>Hazel Jennings, Chief of Department |
|---|---|

## SECTION "D" PERIOD OF SUSPENSION

| Date Suspension Effective:<br>June 15, 2021 | Time Suspension Effective:<br>1800                HOURS |
|---|---|
| Date Suspension Completed:<br>August 9, 2021 | Time Suspension Completed:<br>1500                HOURS |

## SECTION "E" SERVICE OF NOTICE

| Service Effected By: | Date:<br>6/15/21 | Time:<br>1808        HOURS |
|---|---|---|

## SECTION "F" RECEIPT / NOTICE OF APPEAL

**This suspension will be automatically reviewed by the Summary Suspension Review Committee. You may submit a written appeal to the committee at any time during the suspension period, by writing to the Summary Suspension Review Committee, C/O Assistant Commissioner, E.E.O., at Bulova Corporate Center, 75-20 Astoria Blvd; Suite 390, East Elmhurst, NY 11370. See Directive 7504R-A. Any changes or modifications of this suspension will be transmitted to you by your Commanding Officer.**

**THIS IS TO VERIFY THAT I HAVE BEEN SERVED WITH THIS NOTICE OF SUMMARY SUSPENSION FROM DUTY** ☐ **WITH PAY** ☒ **WITHOUT PAY .**

| Employee's Signature: | Date:<br>6  15  21 |
|---|---|

# CITY OF NEW YORK DEPARTMENT OF CORRECTION
## PERSONNEL DIVISION
### DEPARTMENTAL PROPERTY RECEIPT FORM

| FORM # 887 | REV. 12/87 | REFERECNE: GEN. ORDER #008/87 |
|---|---|---|

## SECTION #1 - TO BE COMPLETED BY MEMBER'S COMMAND

**RECEIVED FROM (EMPLOYEE'S NAME)** Thompson Eon

| RANK/TITLE | C.O. | SHIELD # | 17852 | COMMAND | MDCTS |
|---|---|---|---|---|---|

**REASON (CHECK ONE)**
[ ] RETIREMENT   [ ] RESIGNATION   [X] SUSPENSION
[ ] TERMINATION   [ ] OTHER (SPECIFY)

**FIREARMS INFORMATION**

[ ] CHECK IF APPLICABLE

| SERIAL NUMBER | | PISTOL PERMIT (CHECK ONE) |
|---|---|---|
| MAKE | | |
| MODEL NUMBER | | [ ] YES      [ ] NO |

| RECEIVED BY (PRINT NAME) | | RANK/TITLE | | SHIELD# | |
|---|---|---|---|---|---|
| SIGNATURE | | | DATE | /    / | |

## SECTION #2 - TO BE COMPLETED BY THE APPICANT INVESTIGATION UNIT

**ITEMS (CHECK)**

[1] SHIELD
[2] HAT PIECE         [ ]
[3] RULES & REGULATIONS   [ ]
[4] IDENTIFICATION CARD    [ ]
[5] STAB/SLASH VEST        [ ]
[6] BALLISTIC VEST         [ ]
[7] PARKING PASS           [ ]

| SHIELD # | |
|---|---|
| HAT PIECE # | |
| RULES & REGULATIONS # | |
| ID CONTROL # | |
| STAB/SLASH VEST # | |
| BALLISTIC VEST # | |

| PROPERTY IN SECTION #2 RECEIVED BY | PRINT NAME | | DATE | /    / |
|---|---|---|---|---|
| | SIGNATURE | | | |
| | RANK/TITLE | | SHIELD # | |

**IDENTIFICATION CARD RETURNED TO MEMBER** (CHECK ONE)   [ ] YES      [ ] NO

**SIGNATURE OF MEMBER CONCERNED**

## SECTION #3 - DISTRIBUTION

| ORIGINAL TO BE FILED AT MEMBER'S COMMAND | COPY TO PERSONNEL DIVISON |
|---|---|
| COPY TO APPLICANT INVESTIGATION UNIT (A.I.U.) | COPY TO MEMBER |