USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EON THOMPSON,

                Plaintiff,

-against-

CITY OF NEW YORK, BILL DE BLASIO, Individually and in his Official Capacity as Mayor of New York City, CYNTHIA BRANN, Individually and in her Official Capacity as Commissioner of Correction, VINCENT SCHIRALDI, in his Official Capacity as Commissioner of Correction, SERENA TOWNSEND, Individually and in her Official Capacity as Deputy Commissioner of Investigations, CYNTHIA LINDBLOM, Individually and in her Official Capacity as Deputy General Counsel, PATRICIA LEGOFF, Individually and in her Official Capacity as Agency Supervising Attorney, SHULAMIT NEUMAN, Individually and in her Official Capacity as Agency Attorney, CLARENCE SMITH, JR., Individually and in his Official Capacity as Agency Attorney, DAMON R. STORER, Individually and in his Official Capacity as Investigator, AMAURYS URENA, Individually and in his Official Capacity as Investigator, SHON BROWN, Individually and in his Official Capacity as Assistant Deputy Warden, KEVIN F. CASEY, Individually and in his Official Capacity as City Administrative Law Judge, KARA J. MILLER, Individually and in her Official Capacity as City Administrative Law Judge, JOYCELYN MCGEACHY-KULS, Individually and in her Official Capacity as City Administrative Law Judge, JONI KLETTER, Individually and in her Official Capacity as Commissioner and Chief Administrative Law Judge, OLGA STATZ, Individually and in her Official Capacity as General Counsel, FRANK NG, Individually and in his Official Capacity as Acting Deputy General Counsel, ANDREW ROWE, Union Attorney, COREY GARCIA, Union Attorney, KOEHLER & ISAACS LLP, Union Law Firm, ISAACS DEVASIA CASTRO & WEIN LLP, Union

1:21-cv-8202 (MKV)

**ORDER GRANTING LEAVE TO AMEND**

1

Law Firm, and CORRECTION OFFICERS'
BENEVOLENT ASSOCIATION, INC., Union,

Defendants.

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of a letter filed by *pro se* Plaintiff Eon Thompson seeking leave to amend his Complaint. [ECF No. 46]. The Court's Individual Rules of Civil Practice § 4.C states that a party opposing a letter motion that is not on consent should submit a letter setting forth its position within three business days. No Defendant appearing in this matter sought to oppose Plaintiff's request within three business days, and to date the Court is unaware of any opposition to the request. The Federal Rules of Civil Procedures 15(a)(2) provides that amendment may be made with the Court's leave "when justice so requires." Amendments are generally favored because they "tend to facilitate a proper decision on the merits." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)).

The Court notes that Defendants Koehler & Isaacs LLP, Isaacs Devasia Castro & Wein LLP, Cory Gracia, Andrew Rowe, and the Correction Officers' Benevolent Association, Inc. have moved to dismiss this action. [ECF Nos. 38, 44]. The City of New York also filed a pre-motion letter seeking leave to move to dismiss. [ECF No. 35]. The Court's Individual Rules of Practice § 4.C provide that if a "plaintiff amends its pleading, the defendant must, within 14 days of service of the amended complaint (1) file an answer; (2) file a new motion to dismiss; or (3) submit a letter to the Court and the plaintiff stating that it relies on the previously filed motion to dismiss." Where a plaintiff seeks to amend a complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020). This approach

"promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Id.* Accordingly, district courts have "the option of either denying the pending motion [to dismiss] as moot or evaluating" the pending motion. *Id.* at 303–04.

Where the proposed amended complaint requires leave of court, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Rheaume v. Pallito*, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted) (quoting *Roller Bearing Co. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *accord Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (reversing district court's denial of motion for leave to amend complaint and holding that motion for leave rendered moot pending motion to dismiss rather than vice versa). The Court elects to grant Plaintiff's request for leave to amend as unopposed, and to deny the pending motions to dismiss as moot. "[G]ranting leave to amend is consistent with the liberal standard of Rules 15 . . . and with the Second Circuit's 'strong preference for resolving disputes on the merits.'" *Patterson v. Morgan Stanley*, No. 16-cv-6568 (RJS), 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

By reason of the pending motions to dismiss, Plaintiff is on notice of the alleged deficiencies in his pleading. Plaintiff is warned that the Court will be reluctant to grant further leave to amend if the defendants successfully move to dismiss his amended complaint. In any amendment, Plaintiff should take into consideration the arguments made by Defendants in the submissions at ECF Nos. 35, 38, and 44. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment

even if the proposed second amended complaint in fact cures the defects of the first.  Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (alteration, internal quotation marks, and citations omitted); *see also Valverde v. Folks*, No. 1:19-cv-08080-MKV, 2020 WL 5849515, at *13 (S.D.N.Y. Sept. 30, 2020).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave [ECF No. 46] is GRANTED.  Plaintiff shall file his amended complaint, which should cure any pleading deficiencies, on or before April 1, 2022.

IT IS FURTHER ORDERED that Defendants Koehler & Isaacs LLP, Isaacs Devasia Castro & Wein LLP, Cory Gracia, Andrew Rowe, and the Correction Officers' Benevolent Association, Inc's motions to dismiss [ECF Nos. 38, 44] are denied as moot and without prejudice to refile upon service of the amended complaint.  Defendant the City of New York's request for a pre-motion conference [ECF No. 35] is also denied as moot without prejudice to refile upon service of the amended complaint.  If Defendants wish to move to dismiss the amended complaint, Defendants should consult the Court's Individual Rules of Practice in Civil Cases and ensure compliance therewith.

**SO ORDERED.**

Date:  **February 24, 2022**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**