# ISAACS DEVASIA CASTRO & WIEN LLP

ATTORNEYS AT LAW
80 BROAD STREET, 5TH FLOOR
NEW YORK, NY 10004
Tel: (917) 551-1300
www.idcwlaw.com

STEVEN A. ISAACS
CYNTHIA DEVASIA
LIAM L. CASTRO
HOWARD G. WIEN

WRITER'S DIRECT DIAL
(917) 551-1331

July 19, 2023

Hon. Robert Lehrburger, United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 100l07-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2023
```

    **Re:**    Thompson v. City of New York, et al., 21-cv-08202 (JLR)(RWL)

Dear Judge Lehrburger,

This office is counsel to several defendants in the above referenced civil action: Koehler & Isaacs LLP (now known as Isaacs Devasia Castro & Wien LLP), Corey Garcia and Andrew Rowe. Throughout this litigation, these defendants have been termed the "law firm defendants."

This civil action was assigned to you by order the District Judge Jennifer L. Rochon for general pretrial matters including scheduling and for "issues involving effective service." ECF Docs. 96, 99.  I am writing to request several remedies, detailed below, with respect to certain filings by plaintiff on July 18, 2023 pertaining to service with respect to the law firm defendants. Per your individual rule I(A)(1), a copy of this letter is being mail to *pro se* plaintiff who has not elected to receive communication by email.

This civil action was commenced one year and nine months ago, on October 5, 2021. ECF Doc. 1. Summonses were issued that same day for Garcia and Rowe, among others. ECF, 3rd unnumbered event. On January 7, 2022, a year and seven months ago, the law firm defendants moved to dismiss. ECF Doc. 34. Included as a basis for dismissal was the failure of *pro se* plaintiff to serve Garcia and Rowe. On January 11, 2022, plaintiff requested leave to amend. ECF Doc. 37. On February 24, 2022, plaintiff was granted until April 1, 2022 to serve an amended complaint. *See* ECF Doc. 47. This deadline was extended until April 26, 2022. ECF Doc. 50.  Plaintiff then missed the April 26th deadline and filed and served his amended complaint on May 5, 2022.

On May 26, 2022, plaintiff filed unexecuted summonses for attempted service on Garcia and Rowe. Plaintiff's process server claimed to have attempted service on both defendants on

November 15 and 19. ECF Docs. 73 and 74. This filing was, therefore, *six months* after the claimed attempt to serve. On June 6, 2022, plaintiff requested leave to file a *second* amended complaint. ECF Doc. 82. On August 23, 2022, plaintiff was granted until September 30, 2022 to serve Rowe and Garcia, among others. ECF Doc. 84  On October 20, 2022, plaintiff still not having served Rowe or Garcia, plaintiff was granted until December 5, 2022 to file a second amended complaint. ECF Doc 97.  On December 7, 2022, plaintiff was granted an additional two weeks to file his second amended complaint. ECF Doc. 101.

On December 19, 2022 plaintiff filed his second amended complaint. ECF Doc. 102. The law firm defendants promptly moved to dismiss on January 3, 2023. ECF Doc. 103. This second motion to dismiss also raised the failure of plaintiff to properly serve Rowe and Garcia. Id. On January 19, 2023, plaintiff was granted an additional month to respond to the law firm defendants' motion to dismiss. ECF Doc. 108.

On February 9, 2023, plaintiff requested leave to file a *third* amended complaint. ECF Doc. 112.  This request was granted with a March 9, 2023 deadline. ECF Doc. 113. The third amended complaint was filed and all parties have subsequently moved to dismiss all claims against them. ECF Doc. ECF Docs 117, 119, 121 and 122.  The motions are fully brief in light of all defendants' replies submitted on June 28, 2023.  The law firm defendants' motion again challenged service of process on Rowe and Garcia.

On July 18, 2022, Plaintiff filed several items pertaining to the law firm defendants. As relevant here were affidavits alleging attempts to serve Garcia and Rowe with the summons and third amended complaint. ECF Docs. 127, 131. The clerk's notices for those ECF Document numbers both state that answers are due for Garcia and Rowe on July 19, 2023. The law firm itself was also subject to similar filings and, also per the clerk's notes, state that its answer is due the same date. As motions to dismiss are already pending, these deadlines make no sense. Plaintiff also submitted two affidavits that same day claiming an *inability* to serve Rowe on June 16, 2023 and Garcia on June 14, 2023. ECF Doc. 133, 134.

As can be seen by this unfortunately long summary, the court and defendants have been extraordinarily solicitous of Plaintiff's request for extensions, adjournments, and amendments. This is true in spite of the fact that Plaintiff has received extensive assistance from a labor relations and civil service consultant, Wayne Tatum of Expert Consulting Services LLC. *See* ECF Doc. 124 and *waynetatumandthemovement.com*. Although *pro se* plaintiffs are often granted a greater degree of leniency than those represented by counsel, in a situation such as this, such leniency is unwarranted or, at a minimum, plaintiff has exhausted his entitlement to such leniency.

As also can be seen from foregoing, it has been a year and nine months that plaintiff has failed to effectuate service on Rowe and Garcia in spite of knowing the specific objections made by the law firm defendants a year and seven months ago, objections that were repeated in three motions to dismiss filed by the law firm defendants. This reality exists also in spite of extensions granted to plaintiff so as to effectuate service. In light of this extensive delay without any proffered

justification, plaintiff should be precluded from making any further attempts at service and any further attempts should deemed a nullity. Further, the filings with respect to Rowe and Garcia from July 18th should also be nullified and rejected.

Should your honor elect to not to grant the foregoing request, the law firm defendants should either not be required to respond to the attempted service of the third amended complaint as if it was served and an answer was required. Should the attempted service be valid, then no such answer or other response should be required until, and only in the event that, the law firm defendants' pending motion to dismiss is denied. Alternatively, the law firm defendant, by virtue of their pending motion to dismiss should be deemed have already responded to the third amended complaint.

In considering these requests it is hoped that the court will keep in mind that for nearly two years, there have been outstanding allegations in this action of reprehensible conduct by the law firm defendants that go to the core of the practice of law. Specifically, the essence of plaintiff's allegations is that the law firm defendants betrayed their clients by conspiring with their clients' adversaries to deprive the clients of their civil rights. The law firm defendants deserve an adjudication of the motion to dismiss without further delay so as to clear this stain upon their reputations. As these allegations are made in privileged court filings, there is no other form of vindication other than adjudication in the law firm defendant's favor.

Your attention to these matters is appreciated.

Sincerely,

ISAACS DEVASIA CASTRO & WIEN

By: *Howard Wien*
      _____
      Howard Wien

Any response to this letter must be filed by Plaintiff no later than July 31, 2023; absent a response by that time, the Court will proceed to resolve the Law Firm Defendants' application based on the application alone. The Clerk of Court is respectfully requested to send a copy of this order to Plaintiff and note same on the record.

SO ORDERED:

7/20/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE